FILED & ENTERED

FEB 03 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gae        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>**DAVID A. WILSON**<br><br>Debtor(s). | Case No. 2:12-bk-16195-RK<br><br>Chapter 7<br><br>Adv No. 2:12-ap-01317-RK<br><br>**STATEMENT OF DECISION ON PLAINTIFFS' MOTION FOR ORDER AWARDING PRE-JUDGMENT INTEREST** |
| **THOMAS MCKNEW, IV, and LISA A. MCKNEW, INDIVIDUALLY AND AS TRUSTEES OF THE MCKNEW FAMILY TRUST DATED MAY 21, 2004,**<br><br>Plaintiff(s),<br><br>vs.<br><br>**DAVID A. WILSON,**<br><br>Defendant(s) | |

Plaintiffs' Motion for Order Awarding Pre-Judgment Interest (Docket No. 229)(the "Motion") came on for hearing before the undersigned United States

1  Bankruptcy Judge on November 19, 2013.  Having reviewed the moving and
2  opposing papers, including the supplemental papers filed after the hearing on
3  November 19, 2013, the court by prior order vacated the further hearing on
4  December 17, 2013 and took the motion under submission based on the
5  supplemental briefing filed by the parties, dispensing with further oral argument on
6  the matter.  The court now rules as follows:
7       While Plaintiffs prevailed in this adversary proceeding on their claim under
8  11 U.S.C. § 523(a)(2)(A), the underlying debt arose from Defendant's fraud from
9  his breach of his promise to perform under a cash infusion agreement, a contract
10 created under state law.  Therefore, the court concludes that the debt arose under
11 state law, and thus, the award of prejudgment interest is governed by state law.
12 *Otto v. Niles,* 106 F.3d 1456, 1463 (9th Cir. 1997); accord, *Oney v. Weinberg (In*
13 *re Weinberg)*, 410 B.R. 19, 37 (9th Cir. BAP 2009).  Applicable state law,
14 California Civil Code, § 3287, provides for prejudgment interest as of right if the
15 amount owed is ascertainable. *Otto v. Niles,* 106 F.3d at 1463.
16      The evidence before the court as submitted in the moving papers shows
17 that although a judgment was never entered in the case brought against the
18 parties by the secured lender to enforce the cash infusion agreement, Plaintiffs
19 suffered a loss of their investment as a result of Defendant's breach of his promise
20 to perform under the cash infusion agreement when pursuant to the cash infusion
21 agreement, they and other investors in the Parkway project turned over the project
22 property by executing a grant deed transferring the property to the lender,
23 resulting in the loss of their investment in the project by the investors such as
24 Plaintiffs.  Based on this evidence, the court finds that the date the grant deed was
25 executed transferring the project property to the secured lender was the date
26 Plaintiffs' loss became ascertainable and known to Defendant, which date was
27 April 30, 2009.  Therefore, the court finds that Plaintiffs are entitled to pre-
28

judgment interest on the damages from their loss in this case from April 30, 2009, when the grant deed was executed transferring the project property to the lender.

The court agrees with Defendant's contention that since the debt from fraud is based on tort, 7% simple interest per annum is the appropriate rate of interest. *Children's Hospital and Medical Center v. Bonta*, 97 Cal.App.4th 740, 775 (2002), citing California Constitution, Article XV, § 1.  However, the court does not agree with Defendant's contention that the accrual of pre-judgment interest ceases as of the date that Defendant's bankruptcy petition was filed because the debt owed by Defendant to Plaintiffs is not excepted from discharge as previously determined by the court and interest is part of the debt owed pursuant to state law.  *See* 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 22:335 at 22-67 (2013), *citing, Cohen v. de la Cruz,* 523 U.S. 213, 218, 118 S.Ct. 1212, 1216 (1998)(nondischargeability of debt based on fraud pursuant to 11 U.S.C. § 523(a)(2) extends to the loss to the creditor resulting from debtor's fraud); 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 22:1382 at 22-154, *citing, Bruning v. United States,* 376 U.S. 358, 360, 84 S.Ct. 906, 907 (1964)(generally, if a debt is not discharge, interest on the debt continues to accrue and is also nondischargeable). Accordingly, the court declines to rule that interest on the debt ceases as of the filing of the bankruptcy petition.

Based on the foregoing, the court grants in part and denies in part Plaintiffs' motion for an order awarding pre-judgment interest.  Accordingly, the court determines that Plaintiffs are entitled to pre-judgment interest on the debt from April 30, 2009 at a rate of 7% simple interest per annum.

///

///

///

///

Counsel for Plaintiffs is ordered to submit a proposed final order consistent with this statement of decision within 30 days of the date of entry of this decision.

IT IS SO ORDERED.    ###

Date: February 3, 2014

Robert Kwan
United States Bankruptcy Judge