JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
HINDS & SHANKMAN, LLP
21515 Hawthorne Blvd.
Suite 1150
Torrance, California 90503
Telephone: (310) 316-0500
Fax: (310) 792-5977

Attorneys for the Plaintiffs Thomas I. McKnew IV and Lisa A.
McKnew, individually and as Trustees of the McKnew Family
Trust Dated May 21, 2004

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAVID A. WILSON,<br><br>        Debtor.<br>_____<br><br>THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of the MCKNEW FAMILY TRUST DATED MAY 21, 2004,<br><br>        Plaintiffs,<br><br>vs.<br><br>DAVID A. WILSON,<br><br>        Defendant.<br>_____ | Case No. 2:12-bk-16195 RK<br><br>(Chapter 7)<br><br>Adversary No. 2:12-ap-01317 RK<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF DAVID A. WILSON PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JAMES ANDREW HINDS, JR. IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2004-1]<br><br>EXAM DATE: May 13, 2014<br>TIME:       2:30 p.m.<br>PLACE:     CTRM 1675<br><br>DOCUMENT PRODUCTION<br>DATE:      May 6, 2014<br>TIME:       9:00 a.m.<br>PLACE:    21515 Hawthorne Blvd., Suite 1150, Torrance, CA |

1.

**TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE, TO THE CHAPTER 7 TRUSTEE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO THE DEBTOR AND DEFENDANT AND HIS COUNSEL:**

**PLEASE TAKE NOTICE** that Judgment Holders, Thomas I. McKnew IV and Lisa A. McKnew, individually and as Trustees of the McKnew Family Trust Dated May 21, 2004 (hereinafter collectively referred to as "McKnew"), hereby file this Motion (hereinafter referred to as the "Motion") seeking entry of an Order, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, authorizing the oral examination of  David A. Wilson, the Debtor in this proceeding and the production by the Debtor of certain books and records in his possession or under his control.  The full basis of the Motion is set forth in detail in the attached Memorandum of Points and Authorities and the accompanying Declaration of James Andrew Hinds, Jr.

McKnew proceeds by way of this Motion because there is no adversary proceeding or contested matter pending that would permit discovery of the Debtor under Federal Rules of Bankruptcy Procedure 7030 or 9014. Contact with the Debtor has been through his chapter 7 counsel (Michael N. Nicastro, Esq., NICASTRO PISCOPO, A Professional Law Corporation, 575 Anton Blvd, Suite 1050, Costa Mesa, CA 92626) and counsel in the recently completed adversary proceeding (Jon-Michael Marconi, Esq., 668 North Coast Highway, Suite #309, Laguna Beach, California 92651) in which McKnew received a $2.5 million non-dischargeable Judgment against the Debtor.

The subject matter of the examination will be **(1)** the Debtor's assets, liabilities, income and expenses, **(2)** the Debtor's use as part of funding transactions with McKnew and for Parkside of financial statements for David Wilson and American General, **(3)** the formation of American General, **(4)** the adherence to corporate formalities and requirements of corporate governance by and for American General such as, but not limited to, maintenance of corporate books and records regarding minutes of meetings, issuance of stock, authorized and unauthorized transactions, **(5)** the Debtor's current

2.

1    business operations and assets, and **(6)** the Debtor's current financial affairs and condition,

2    with particular regard to any and all real and personal property the Debtor contends that he

3    owns or has owned, or has held or currently holds for himself or for any other individual or

4    entity, and the disposition of such assets.

5         Counsel for McKnew has met and conferred with counsel for the Debtor in

6    accordance with Local Bankruptcy Rule 2004-1(a).  Specifically, on March 10, 2014,

7    counsel for McKnew sent a letter outlining the requirement for the Local Bankruptcy Rule

8    2004-1(a) meeting to the Debtor's chapter 7 counsel and his counsel in the recently

9    completed adversary proceeding.  Thereafter, the parties exchanged a number of e-mails

10   regarding the desire to conduct the 2004 exam and document production.  These

11   communications then continued through March 24 with McKnew proposing to the Debtor's

12   counsel a number of open dates for the 2004 exam and counsel for the Debtor rejecting

13   McKnew's right to conduct a 2004 exam.  (See Declaration of James Andrew Hinds, Jr. at

14   ¶ 8.)

15        As of March 24, 2014, the parties communications ceased and as a result McKnew

16   has selected the date of Tuesday, May 13, 2014, at 2:30 p.m. for the 2004 exam and

17   March 6, 2014, for the related document production from the Debtor.  McKnew has

18   scheduled the proposed 2004 examination to take place at the United States Bankruptcy

19   Court, located at 255 E. Temple Street, 16th Floor, Los Angeles, CA 90012, where the

20   Debtor will be sworn in by the Clerk of the Court as part of a scheduled Judgment Debtor

21   examination to be taken as part of the recently completed Adversary Proceeding.

22        This Motion is made and is based upon Rule 2004 of the Federal Rules of

23   Bankruptcy Procedure, Local Bankruptcy Rule 2004-1, the attached Memorandum of

24   Points and Authorities and Declaration of James Andrew Hinds, Jr., the entire record in the

25   Debtors' bankruptcy case and in the McKnew Adversary Proceeding, and any other

26   evidence properly presented to the Court.

27   / / /

28                                              3.

1    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2004-

2    1, the Court may grant the Motion without a hearing.  Upon the entry of an Order granting

3    the Motion, the Debtor shall appear for an oral examination and the production of

4    documents as requested by McKnew.  Both the document production and examination

5    shall be conducted on dates not less than twenty-one (21) days after the date of service of

6    this Motion.

7    **PLEASE TAKE FURTHER NOTICE** that the Debtor may object to the document

8    production and/or oral examination by filing a motion for protective order with the Clerk of

9    the Bankruptcy Court and serving such motion on the United States Trustee, the Chapter 7

10   Trustee, as well as counsel for McKnew whose name and address appear at the top, left-

11   hand corner of the first page of this Notice.  Any motion for protective order must be filed

12   and served not less than fourteen (14) calendar days before the proposed date of the

13   document production or oral examination, and be set for hearing not less than two (2) court

14   days before the proposed date of the document production or oral examination, unless an

15   order shortening time is granted by the Court.

16   **WHEREFORE**, McKnew respectfully requests the Court to enter an order: **(1)**

17   granting the Motion in its entirety; and **(2)** authorizing McKnew to inspect and copy the

18   Requested Documents; and **(3)** compelling the Debtor to appear for an oral examination at

19   the United States Bankruptcy Court, located at 255 E. Temple Street, 16th Floor, Los

20   Angeles, CA 90012, commencing on May 13, 2014 at 2:30 p.m. (PDT) and continuing from

21   day to day thereafter (weekends and holidays excluded) until completed or adjourned; and

22   **(4)** granting such other and further relief as the Court deems just and proper.

23   Dated: March 26, 2014          JAMES ANDREW HINDS, JR.
                                     HINDS & SHANKMAN, LLP
24
                                     By: _____
25                                       JAMES ANDREW HINDS, JR.
                                         Attorneys for the Judgment Holders Thomas I.
26                                       McKnew IV and Lisa A. McKnew, individually and as
                                         Trustees of the McKnew Family Trust Dated May 21,
27                                       2004

28                                       4.

I.

## MEMORANDUM OF POINTS AND AUTHORITIES

A.      Jurisdiction and Venue

1.      On or about August 13, 2008, David A. Wilson filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  Weneta M.A. Kosmala was the duly appointed, qualified and acting Chapter 7 Trustee.

B.      Statement Of Relevant Facts

2.      At a series of § 341(a) meetings with the Debtor and his counsel, the Trustee inquired into the assets, liabilities, income and expenses of the Debtor as well as the Debtor's association with various business such as Parkside Ventures and American General.  These § 341(a) meeting took place on, among other dates, September 25, 2008 and November 7, 2008.

3.      On or about December 11, 2008, the Trustee filed a notice of asset setting the claims bar date for general creditors as March 16, 2009.

4.      On or about the McKnew filed an adversary proceeding against the Debtor seeking relief under 11 U.S.C. § 523(a)(2)(a)(4), and (a)(6).  The McKnew adversary proceeding proceeded to trial and on February 2, 3, 6 and on August 29 and 30, 2012, this Court awarded McKnew a Judgment against the Debtor for $2.5 million, plus interest.

5.      Based on information generated as part of the McKnew adversary proceeding and testimony from the Debtor and his business partner, Andre Hurst, on October 25, 2013, the Trustee withdrew her Report of No Asset.

6.      As part of the Trustee's examination of the facts related to the Debtor's ownership interest in American General, the Trustee conducted discovery of the debtor and American General seeking to verify the assets and value of American General.  In March of 2014, the Trustee conducted the 2004 exam of Andre Hurst, the Chief Financial Officer of American General.  During the course of the Hurst 2004 exam the Trustee

5.

1    learned for the first time at the Debtor, Hurst, and others associated with American General

2    had employed false financial statements as part of the regular business of American

3    General, which false financial statements may have been employed to obtain credit and

4    other financial consideration for the Debtor, American General, and other businesses

5    associated with the Debtor and his business partners.  (Hinds Dec. at ¶ 5.)

6         7.     Based upon all of the foregoing, McKnew believes it is imperative to examine

7    the Debtor to determine, among other things, whether he has treated American General

8    and other business entities as his alter ego, whether the Debtor has, or has had assets that

9    are or were in fact wilfully hidden from the Trustee and this Court, which assets should

10    have been available for the Debtor's creditors, and whether the Debtor and his business

11    partners have engaged business entities which should be substantively consolidated with

12    the Debtors' bankruptcy case.  (Hinds Dec. at ¶¶ 5-6.)

13

14                                   **II.**

15                        **<u>DISCUSSION</u>**

16        Rule 2004 of the Federal Rules of Bankruptcy Procedure (hereinafter referred to as

17    the "Bankruptcy Rules") provides that, "[o]n motion of any party in interest, the Court may

18    order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  The permissible scope of

19    a Rule 2004 examination is very broad and is set forth in Rule 2004(b), which provides, in

20    relevant part: "The examination . . . may relate only to the acts, conduct, or property or to

21    the liabilities and financial condition of the debtor, <u>or to any matter which may affect the</u>

22    <u>administration of the debtor's estate</u> . . .[.]"  Fed. R. Bankr. P. 2004(b) (emphasis added).

23        Since the scope of examination under Bankruptcy Rule 2004 extends to "any matter

24    which may affect administration of the debtor's estate," the inquiry permitted under

25    Bankruptcy Rule 2004 is broad.  As <u>Collier</u> states, <u>quoting</u> <u>In re Table Talk</u> (Bankr. D.

26    Mass. 1985) 51 B.R. 143, 145:

27    / / /

28                                6.

The scope of Rule 2004 examination is "unfettered and broad" and the rule itself is "peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does." [Citations omitted.]  Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to "a fishing expedition." [Citations omitted.]

9 Collier on Bankruptcy, ¶ 2004.02[1], 16th ed. rev. 2012).  Measured against this broad standard, the document production and examination of the Debtor requested herein are proper and appropriate.

Local Bankruptcy Rule 2004-1(b) requires that the movant explain why the requested examination cannot proceed under Rules 7030 or 9014, which govern discovery in the context of adversary proceedings and contested matters, respectively.  The Bankruptcy Rule 2004 document production and examination requested by McKnew herein cannot proceed under Bankruptcy Rule 7030 or 9014 because there is currently no adversary proceeding or contested matter pending between the Debtor and McKnew or any other party which implicates the Requested Documents being sought by McKnew. (Hinds Dec. at ¶ 3.)  Thus, discovery under Bankruptcy Rule 7030 or 9014 is unavailable to McKnew at this time.

Local Bankruptcy Rule 2004-1 provides that, upon not less than twenty-one (21) days' notice of a Bankruptcy Rule 2004 examination to parties in interest, the Court may approve a motion for a Bankruptcy Rule 2004 examination without a hearing.  See Local Bankr. Rule 2004-1(c) and (d).  Prior to filing this Motion McKnew sought the cooperation of the Debtor and his lawyers.  There were a series of meetings and the parties were unable to agree on dates for the Wilson 204 exam and related document production. McKnew will file this Motion and serve it on the Debtor, his lawyers, and the Chapter 7 Trustee and their respective counsel, and the United States Trustee.  Accordingly, McKnew will be in compliance with the notice provisions of Local Bankruptcy Rule 2004-1.

## III.

## CONCLUSION

**WHEREFORE**, McKnew respectfully requests that this Court enter an Order: **(1)** granting the Motion in its entirety; **(2)** authorizing McKnew to compelling the Debtor to produce and permit inspection and copying of the Requested Documents described in Exhibit "1" hereto, by no later than May 6, 2014 at 9:00 a.m. in the offices of McKnew's counsel; and **(3)** compelling the Debtor to appear for an oral examination at the United States Bankruptcy Court, located at 255 E. Temple Street, 16th Floor, Los Angeles, CA 90012 commencing on May 13, 2014 at 2:30 p.m. (PDT) and continuing from day to day thereafter (weekends and holidays excluded) until completed or adjourned; and **(4)** granting such other and further relief as the Court deems just and proper.

Dated: March 26, 2014

JAMES ANDREW HINDS, JR.
HINDS & SHANKMAN, LLP

By: _____
JAMES ANDREW HINDS, JR.
Attorneys for the Judgment Holders Thomas I.
McKnew IV and Lisa A. McKnew, individually and as
Trustees of the McKnew Family Trust Dated May 21,
2004

8.

## DECLARATION OF JAMES ANDREW HINDS, JR. IN SUPPORT OF 2004 EXAM MOTION

I, James Andrew Hinds, Jr., declare and state as follows:

1.      I am an attorney duly licenced to practice law before all of the courts of the State of California and this United States Bankruptcy Court.  I am counsel for the Judgment Holders, Thomas I. McKnew IV and Lisa A. McKnew, individually and as Trustees of the McKnew Family Trust Dated May 21, 2004 (hereinafter collectively referred to as "McKnew").  The matters set forth herein are made of my own knowledge based upon my review of the files related to Adversary Proceeding No. 2:12-01317, McKnew v. Wilson.  I have personal knowledge in the matters set forth herein and if called and sworn as a witness I could and would testify competently thereto.

2.      I make this declaration in support of the Motion for entry of an Order authorizing McKnew to obtain documents from the Debtor and directing the oral examination of the Debtor regarding the Debtor's assets, liabilities, income and expenses, the Debtor's use as part of funding transactions with McKnew and for Parkside of financial statements for David Wilson and American General, the formation of American General, the adherence to corporate formalities and requirements of corporate governance by and for American General such as, but not limited to, maintenance of corporate books and records regarding minutes of meetings, issuance of stock, authorized and unauthorized transactions; the Debtor's current business operations and assets; the Debtor's current financial affairs and condition, with particular regard to any and all real and personal property the Debtor contends that he owns or has owned, or has held or currently holds for himself or for any other individual or entity, and the disposition of such assets.

3.      Based on my review of the docket for the Debtor's bankruptcy case, I do not believe there is currently an adversary proceeding or contested matter pending against the Debtor that implicates the information and documentation sought by McKnew pursuant to this Motion.  Since there is no such pending adversary proceeding or contested matter

9.

1  currently pending, discovery under Federal Rules of Bankruptcy Procedure 7030 or 9014 is

2  unavailable to the Trustee at this time.

3      4.     McKnew is the holder of a Judgment issued by this Court under 11 U.S.C. §

4  523 (a) for more than $2.8 million.  Attached hereto as Exhibit "2," and by this reference

5  incorporated herein as if set forth in full is a true and correct copy of the Amended

6  Judgment entered by this Court.

7      5.     I am informed and believe and upon said information and belief assert that

8  pursuant to an Order entered by this Court the Chapter 7 Trustee in this matter conducted

9  a 2004 exam of Andre Hurst, the Chief Financial Officer of American General Corporation

10  on March 7, 2014.  I am further informed and believe and upon said information and belief

11  assert that at the 2004 exam Andre Hurst admitted that the Debtor and American General

12  had employed false financial statements in their dealings with the bonding companies for

13  American General and in regard to the work performed by Mr. McKnew in refinancing the

14  Parkside Project.  These same false financial statements were apparently employed in

15  obtaining a loan from United Commercial Bank.

16      6.     Based upon all of the foregoing, I believe it is imperative to examine the

17  Debtor to determine, among other things, whether the Debtor has treated American

18  General and other business entities as his alter ego, whether the Debtor has, or has had

19  assets that are or were in fact wilfully hidden from the Trustee and this Court, which assets

20  should have been available for the Debtor's creditors, and whether the Debtor and his

21  business partners have engaged business entities which should be substantively

22  consolidated with the Debtors' bankruptcy case.

23      7.     Attached hereto as Exhibit "1" is a list of the documents which McKnew

24  requires that the Debtor produce in conjunction with the proposed 2004 exam in this case.

25      8.     I have conferred via e-mail with counsel for the Debtor, Michael N. Nicastro,

26  Esq., of NICASTRO PISCOPO, A Professional Law Corporation, and counsel in the

27  recently completed adversary proceeding, Jon-Michael Marconi, Esq.  As part of these

28

10.

communications I requested open dates for the 2004 exam of the Debtor.  Attached hereto

as Exhibit "3" are true and correct copies of the e-mails exchanged with counsel for the

Debtor.  These discussions have reached an impasse and the parties were not able to

agree on dates for the 2004 exam and document production.    As of the date of this

Declaration communications have ceased and we have not been able to reach agreement

on the date of the proposed 2004 exam for the Debtor.


   I declare under penalty of perjury and the laws of the State of California and the

United States of American that the foregoing is true and correct.

   Executed this 26th day of March 2014 at Torrance, California.

JAMES ANDREW HINDS, JR.

11.