# EXHIBIT "1"

# EXHIBIT "1"

12.

NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF DAVID A. WILSON
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

# I.

# DEFINITIONS

Except as set forth below, all words used in this document request have their ordinary meaning.

"DEBTOR" shall mean and refer to David A. Wilson.

"CORPORATION" shall mean and refer to American General Corporation.

"DOCUMENT" and "DOCUMENTS" are used in their broadest sense and mean (1) the originals and any nonidentical copies (whether different from the originals because of notations made on such copies or otherwise) of all "writings," "recordings," and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and (2) physical documents, electronic documents and documents created or stored by any means. This includes, but is not limited to, any written, graphic or otherwise recorded matter however created whether inscribed or stored by hand or by mechanical, electronic, microfilm, photogenic or phonic means or by any other means including abstracts, address books, agreements, analyses of any kind, appointment books, architectural blueprints and drawings, bids, billings, blueprints, books of account, brochures, calendars, audio and video cassettes, charts, circulars, compilations, computer runs and printouts, computer files and programs, consultant's reports and studies, contracts, correspondence, desk calendars, diagrams, diaries, dictionaries, disks, diskettes, drawings, e-mail, estimates, electronic mail, electronic data of any kind, electronic records of any kind, expense account records, expert's reports or studies, financial statements or calculations, floppy disks, flyers, graphs, house publications, inspection records, sheets and reports, inter-office or intra-office communications, invoices, job descriptions or assignments, layouts, leaflets, ledgers, letters, licenses, lists, mailings, manuals, maps, memoranda of any kind, microfilm, minutes or records of any kind, movies, notes, notebooks, opinions, organizational charts, tables and lists, pamphlets, permits, photographs, pictures, plans, projections, promotional materials, press releases or clippings, publications, procedures,

13.

quotations, records and recordings of any kind, renderings, reports of any kind, rework instructions, orders and procedures, schedules, scripts, sketches, slide programs, specifications, statistical analyses, stenographers notebooks, studies of any kind, subcontracts, summaries, tabulations, tallies, tapes, telegrams, teletype messages, telephone logs, timesheets, undertakings, videotapes, vouchers, working drawings, papers and files.

"FINANCIAL RECORDS" shall mean and refer to financial statements, profit and loss statements, balance sheets, general ledger, check register, bank statements and cancelled checks.

"IDENTITY" and "IDENTIFY" shall mean and refer to **(i)** when referring to a PERSON (as defined below), the name and last known address and telephone number of the PERSON **(ii)** when referring to a DOCUMENT, the name of the author, the name of the recipient, the title of the DOCUMENT, and any other description of the DOCUMENT that could reasonably be made and would be sufficient to describe the DOCUMENT in a document production request **(iii)** when referring to real property, the address if available, and the city, county and state in which such real property is located **(iv)** when referring to an item of personal property, the title if any, the nature, kind, type or other description reasonably calculated to describe the item.

"PERSON" means an individual, corporation, partnership, joint venture or any other form of entity that is not an individual.

"REFER OR RELATE TO" means describing, identifying, discussing, memorializing, summarizing or evidencing the subject matter of the Request.

"YOU" and "YOUR" means the DEBTOR, and all of his insiders, affiliates, employees, accountants, attorneys and all other PERSONS acting through, on behalf of or for the benefit of the DEBTOR.

II.

14.

## INSTRUCTIONS

1. In producing these DOCUMENTS, YOU are required to furnish all DOCUMENTS in YOUR possession, ownership, custody or control, actual or constructive.

2. The DOCUMENTS produced in response to this request must not be redacted or altered in any manner.

3. The DOCUMENTS produced in response to this request shall be segregated and clearly marked or labeled as to the specific request to which such DOCUMENTS are responsive and are being produced. Otherwise, such DOCUMENTS shall be produced as they are kept in the usual course of business, including the production of the files from which such DOCUMENTS are taken.

4. If any of these DOCUMENTS cannot be produced in full, YOU are requested to produced them to the fullest extent possible, specifying clearly the reasons for YOUR inability to produce the remainder and stating whatever information, knowledge, or belief YOU have concerning the unproduced DOCUMENTS.

5. If any of the DOCUMENTS requested were at one time in existence, but no longer are, so state and specify for each DOCUMENT: **(a)** the type of DOCUMENT, **(b)** the type of information once contained therein, **(c)** the date upon which it ceased to exist, **(d)** the circumstance under which it ceased to exist, **(e)** the IDENTITY of all PERSONS having knowledge of the circumstances under which it ceased to exist, and **(f)** the IDENTITY of all PERSONS having knowledge or who had knowledge of the contents thereof.

6. Unless otherwise stated, the Document Requests cover the period of January 1, 2005 through the present date.

## III.

## DOCUMENT REQUESTS

1. All DOCUMENTS that REFER OR RELATE TO the formation of the CORPORATION.

15.

2. All DOCUMENTS that REFER OR RELATE to the maintenance of corporate records of the CORPORATION. YOUR response should include but not necessarily be limited to the CORPORATION'S minute books, books in which share or stock certificates are maintained and the issuance and transfer of stock is recorded, records of meetings of the CORPORATION'S shareholders and directors (to the extent not already included in corporate minute books), transactions whereby the CORPORATION either acquired or disposed of an asset.

3. ALL DOCUMENTS that REFER OR RELATE to the preparation of financial statements for the CORPORATION.

4. ALL DOCUMENTS that REFER OR RELATE to the preparation of tax returns for the CORPORATION.

5. All DOCUMENTS that REFER OR RELATE TO the acquisition of assets by the CORPORATION. YOUR response should include but not necessarily be limited to DOCUMENTS that describe, IDENTIFY or evidence the grant, conveyance, purchase, pledge, assignment, gifting or any other form of transfer of real or personal property to or for the benefit of the CORPORATION, including a description of the real or personal property itself, the IDENTITY of the entity or PERSON from whom the real or personal property was received or acquired, the address (or if there is no address, the location by state, county, and city) of each such item of real property, and the last known location for each such item of personal property.

6. All DOCUMENTS that REFER OR RELATE TO the disposition of assets by the CORPORATION. YOUR response should include but not necessarily be limited to DOCUMENTS that describe, IDENTIFY or evidence the grant, conveyance, sale, pledge, assignment, gifting or any other form of transfer of real or personal property by YOU to another entity or PERSON, including a description of the real or personal property being disposed of and the IDENTITY of the entity or PERSON to whom the disposition of real or personal property was made.

16.

NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING EXAMINATION OF DAVID A. WILSON
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

7.    All DOCUMENTS that REFER OR RELATE TO the consideration, if any, that YOU gave for each item of real or personal property identified in YOUR response to Request No. 6 above.

8.    All DOCUMENTS that REFER OR RELATE TO the consideration, if any, YOU received for each item of real or personal property identified in YOUR response to Request No. 7 above.

9.    All of YOUR FINANCIAL RECORDS.

10.    All of YOUR tax returns.

11.    All of YOUR FINANCIAL RECORDS related to any real property owned or rented by YOU.

12.    All of YOUR FINANCIAL RECORDS related to any sources of income for YOU.

13.    All of YOUR FINANCIAL RECORDS related to any interest in any business entity owned or managed by YOU.

2004 exam App. v1.wpd

17.

# EXHIBIT "2"

# EXHIBIT "2"

JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
BRIAN YERETZIAN (SBN 278519)
byeretzian@jhindslaw.com
HINDS & SHANKMAN, LLP
21515 Hawthorne Blvd., Suite 1150
Torrance, California 90503
Telephone: (310) 316-0500
Fax: (310) 792-5977

FILED & ENTERED

FEB 26 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle      DEPUTY CLERK

Attorneys for Plaintiffs THOMAS I. MCKNEW, IV and
LISA A. MCKNEW, individually and as Trustees of
the MCKNEW FAMILY TRUST DATED MAY 21, 2004

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>DAVID A. WILSON,<br><br>Debtor. | CASE NO. 2:12-BK-16195-RK<br><br>(Chapter 7)<br><br>Adv. No. 2:12-ap-01317-RK |
| THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of the MCKNEW FAMILY TRUST DATED MAY 21, 2004,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID A. WILSON,<br><br>Defendant. | **ORDER AWARDING PLAINTIFFS PRE-JUDGMENT INTEREST** |

On October 7, 2013, Plaintiffs in the above-captioned adversary proceeding filed a Motion for Order Awarding Pre-Judgment Interest (hereinafter referred to as the "Motion"). (See Court Docket Item # 229.) The Motion came up for hearing before the Honorable

1
ORDER RE: PLAINTIFF'S MOTION FOR ORDER AWARDING PRE-JUDGMENT INTEREST

Robert Kwan, U.S. Bankruptcy Judge for the Central District of California, on November 19, 2013, at which time the Court requested additional briefing of the issue by the parties. On December 10, 2013, Plaintiffs submitted their Supplemental Brief in Support of Plaintiffs' Motion for Order Awarding Pre-Judgment Interest (hereinafter referred to as the "Supplemental Brief"). (See Court Docket Item No. 257.) Having reviewed the moving and opposing papers, including the supplemental papers filed after the November 19, 2013 hearing, the Court, by prior Order, vacated the further hearing on December 17, 2013, and took the Motion under submission.

On February 3, 2014, the Court issued its Statement of Decision finding that the Plaintiffs are entitled to pre-judgment interest at a rate of 7% simple interest per annum on the $2,500,000.00 of damages from their loss commencing April 30, 2009. (See Court Docket Item No. 278 at pg. 3.) The Court also determined that the interest on the debt did not cease as of the filing of the Debtor's bankruptcy petition. (See id.)

**IT IS HEREBY ORDERED** that Plaintiffs are entitled to pre-judgment simple interest on the non-dischargeable debt of $2,500,000.00 owed to them at a rate of 7% per annum, commencing April 30, 2009; and

//
//
//

1     **IT IS FURTHER ORDRED** that the pre-judgment interest on the debt does not cease

2 as of the filing of the bankruptcy petition; and

3     **IT IS FURTHER ORDRED** that an Amended Judgment in favor of the Plaintiffs shall

4 issue consistent with this Order.

5     **IT IS SO ORDERED.**

6

7

8                                                                       ### 

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 Date: February 26, 2014

25                                                      Robert Kwan
                                                         United States Bankruptcy Judge

26

27

28

3
ORDER RE: PLAINTIFF'S MOTION FOR ORDER AWARDING PRE-JUDGMENT INTEREST

# EXHIBIT "3"

# EXHIBIT "3"

# James A. Hinds

| | |
|---|---|
| **From:** | Mike Nicastro <mnicastro@np-attorneys.com> |
| **Sent:** | Monday, March 24, 2014 11:48 AM |
| **To:** | James A. Hinds |
| **Cc:** | Thomas H. Casey (tomcasey@tomcaseylaw.com); Brian Yeretzian; Brian Yeretzian; Christina Chan; Jon-Michael Marconi |
| **Subject:** | RE: In re Wilson |

Mr. Hinds:

Thank you for letting us know the intent and purpose of a proposed 2004 examination by your client. We strongly believe that a 2004 examination under these circumstances is in appropriate and our client will strongly object to any application for such an order. This is almost a six (6) year old case, your client has had the benefit of substantial discovery and has already obtained a judgment against Mr. Wilson. The Trustee has also just recently completed their exhaustive investigation of Mr. Wilson and I understand that they may be filing a No Asset Report and closing out the case.

We appreciate the candor regarding your client's intent in pursuing a 2004 examination order. But, the not so subtle allegations of "Fraud against a federally insured bank" and the Chapter 7 case taking on a "New tone" reveal the real motivation of your client which is to merely abuse and harass Mr. Wilson by seeking discovery into matters that are not related to his discharge, the administration of the case or the collection on your client's obligation. Your client is taking the wrong approach toward "satisfaction" of their grievance with Mr. Wilson beyond their judgment and seeking to involve the Court in their improper endeavor. Unfortunately, that will result in exposure to our fees, costs and court sanctions. We ask that your client reconsider seeking a 2004 examination order so that we do not waste Court's time and then get into litigation over 9011 issues.

I can imagine how upset your client is with Mr. Wilson, however, that is not an excuse for improper legal procedure. Based upon the circumstances, we are not in the position to provide potential examination dates.

Mike Nicastro




Michael N. Nicastro, Esq.
NICASTRO PISCOPO, A Professional Law Corporation
575 Anton Blvd, Suite 1050
Costa Mesa, CA 92626
Telephone (714) 479-1000
Facsimile (714) 479-0909
Email: mnicastro@np-attorneys.com


======================

IMPORTANT NOTICE TO E-MAIL RECIPIENTS:

1

1. DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this e-mail by error should treat it as confidential and is asked to call Nicastro Piscopo, APLC at (714) 479-1000 or reply by e-mail: mnicastro@np-attorneys.com; or by fax: (714) 479-0909.

2. This e-mail transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this e-mail to any third party. Unauthorized interception of this e-mail is a violation of federal law.

3. Any reliance on the information contained in this correspondence by someone who has not entered into a retainer agreement with Nicastro Piscopo, APLC is taken at the reader's own risk.

4. The attorneys of Nicastro Piscopo, APLC are licensed to practice law ONLY in California and do not intend to give advice to anyone regarding any legal matter not involving California or Federal Bankruptcy law.

5. We are not tax attorneys and do not provide tax advice.  Any U.S. tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

THIS ELECTRONIC COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL

**From:** James A. Hinds [mailto:JHinds@jhindslaw.com]
**Sent:** Thursday, March 20, 2014 9:31 AM
**To:** Mike Nicastro; Brian Yeretzian; Christina Chan; Jon-Michael Marconi
**Cc:** Thomas H. Casey (tomcasey@tomcaseylaw.com); Brian Yeretzian
**Subject:** RE: In re Wilson


Yes, Mr. McKnew has a Judgment but we have recently discovered that Mr. Wilson and his partners engaged in a fraud against a federally insured bank and various bonding companies by sharing with these third-parties the same bogus financials on Mr. Wilson and American General which Messrs. Wilson and Hurst used with Mr. McKnew and which Messrs. Wilson and Hurst testified about during our trial.  The chapter 7 case of Mr. Wilson and the testimony given at trial has now taken on a new and different tone.


Understanding that Mr. Wilson travels maybe the best thing to do is to combine both the Judgment Debtor exam and the 2004-exam for the same date and time.  At this time we have the following open dates: May 5, 6, 7, 8, 9, 12, 13, 15, 20, 21, 22, 23, 27, 28, 29, and 30.  The examination would take place at the United States Courthouse in Los Angeles and Mr. Wilson would be sworn in by the Judge's Clerk.


Please share these dates with Mr. Wilson and get back to us as quickly as you can.

James A. Hinds
Hinds & Shankman, LLP
21515 Hawthorne Boulevard
Suite 1150
Torrance, CA 90503

2

Tel: (310) 316-0500
Fax: (310) 792-5977

E-mail: jhinds@jhindslaw.com

Web: www.jhindslaw.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (310) 316-0500, and destroy the original e-mail transmission and its attachments without reading it or saving it in any manner. Thank you.

**From:** Mike Nicastro [mailto:mnicastro@np-attorneys.com]
**Sent:** Wednesday, March 19, 2014 6:20 PM
**To:** Brian Yeretzian; Christina Chan; Jon-Michael Marconi
**Cc:** James A. Hinds
**Subject:** RE: In re Wilson

Mr. Yeretzian:

Thank you for the follow up. I just got back from a long day in Los Angeles and wanted to circle back with you earlier today. Our client lives overseas and I have not connected with him on availability yet. I understand that his finances are limited, so, can you give me proposed dates to check? Having suggested dates may be more productive.

Also, I understand that your clients have a judgment against the debtor as a result of the adversary proceeding. A judgment debtor examination may be the proper procedure, no? Are you around for a call tomorrow?

Mike Nicastro



3

Michael N. Nicastro, Esq.

NICASTRO PISCOPO, A Professional Law Corporation

575 Anton Blvd, Suite 1050

Costa Mesa, CA 92626

Telephone (714) 479-1000

Facsimile (714) 479-0909

Email: mnicastro@np-attorneys.com

========================

IMPORTANT NOTICE TO E-MAIL RECIPIENTS:

1. DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this e-mail by error should treat it as confidential and is asked to call Nicastro Piscopo, APLC at (714) 479-1000 or reply by e-mail: mnicastro@np-attorneys.com; or by fax: (714) 479-0909.

2. This e-mail transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this e-mail to any third party. Unauthorized interception of this e-mail is a violation of federal law.

3. Any reliance on the information contained in this correspondence by someone who has not entered into a retainer agreement with Nicastro Piscopo, APLC is taken at the reader's own risk.

4. The attorneys of Nicastro Piscopo, APLC are licensed to practice law ONLY in California and do not intend to give advice to anyone regarding any legal matter not involving California or Federal Bankruptcy law.

5. We are not tax attorneys and do not provide tax advice. Any U.S. tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

THIS ELECTRONIC COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL

**From:** Brian Yeretzian [mailto:byeretzian@jhindslaw.com]
**Sent:** Monday, March 17, 2014 11:43 AM
**To:** Mike Nicastro; Christina Chan; Jon-Michael Marconi

4

**Cc:** James A. Hinds
**Subject:** RE: In re Wilson

Good Morning Mr. Nicastro,

I hope you are having a great Monday. I want to touch base with you to see if you have discussed available dates with your client for a 2004 Exam.

Thank you,

Brian

Barouir Brian Yeretzian, Esq.

Associate Attorney

Hinds & Shankman, LLP
Attorneys and Counselors
21515 Hawthorne Boulevard, Suite 1150
Torrance, CA  90503

Office:  (310) 316-0500

Direct:  (310) 698-0104
Fax:  (310) 792-5977

E-mail:  byeretzian@jhindslaw.com

Web:   www.jhindslaw.com

CONFIDENTIALITY NOTICE:  The information contained in this e-mail transmission is intended only for use of the individual or entity named above.  This e-mail transmission , and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged.  If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, or other use of this transmission or any of the information contained in or attached to it is strictly prohibited.  If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (310) 316-0500, and destroy the original e-mail transmission and its attachments without reading it or saving it in any manner.  Thank you.

5

**From:** Mike Nicastro [mailto:mnicastro@np-attorneys.com]
**Sent:** Wednesday, March 12, 2014 4:13 PM
**To:** James A. Hinds; Christina Chan; Jon-Michael Marconi
**Cc:** Thomas H. Casey (tomcasey@tomcaseylaw.com); Tom Mcknew; Brian Yeretzian
**Subject:** RE: In re Wilson

Mr. Hinds:

We have reached out to our client re: available dates and will circle back with you regarding your letter before the end of the week.

Thank you,

Mike Nicastro



Michael N. Nicastro, Esq.

NICASTRO PISCOPO, A Professional Law Corporation

575 Anton Blvd, Suite 1050

Costa Mesa, CA 92626

Telephone (714) 479-1000

Facsimile (714) 479-0909

Email: mnicastro@np-attorneys.com

_____

IMPORTANT NOTICE TO E-MAIL RECIPIENTS:

1. DO NOT read, copy, or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this e-mail by error should treat it as confidential and is asked to call Nicastro Piscopo, APLC at (714) 479-1000 or reply by e-mail: mnicastro@np-attorneys.com; or by fax: (714) 479-0909.

2. This e-mail transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this e-mail to any third party. Unauthorized interception of this e-mail is a violation of federal law.

3. Any reliance on the information contained in this correspondence by someone who has not entered into a retainer agreement with Nicastro Piscopo, APLC is taken at the reader's own risk.

4. The attorneys of Nicastro Piscopo, APLC are licensed to practice law ONLY in California and do not intend to give advice to anyone regarding any legal matter not involving California or Federal Bankruptcy law.

5. We are not tax attorneys and do not provide tax advice. Any U.S. tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

THIS ELECTRONIC COMMUNICATION IS PRIVILEGED AND CONFIDENTIAL

**From:** James A. Hinds [mailto:JHinds@jhindslaw.com]
**Sent:** Monday, March 10, 2014 5:17 PM
**To:** Mike Nicastro; Christina Chan; Jon-Michael Marconi
**Cc:** Thomas H. Casey (tomcasey@tomcaseylaw.com); Tom Mcknew; Brian Yeretzian
**Subject:** In re Wilson

Letter dated today.

James A. Hinds
Hinds & Shankman, LLP
21515 Hawthorne Boulevard
Suite 1150
Torrance, CA 90503

Tel: (310) 316-0500
Fax: (310) 792-5977

E-mail: jhinds@jhindslaw.com

Web: www.jhindslaw.com

7