JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
BAROUIR BRIAN YERETZIAN (SBN 278519)
byeretzian@jhindslaw.com
HINDS & SHANKMAN, LLP
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorney for Plaintiffs and Judgment Creditors

**FILED & ENTERED**

**SEP 29 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

**CHANGES MADE BY COURT**

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>DAVID A. WILSON,<br><br>                                    Debtor.<br>_____<br>THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of the MCKNEW FAMILY TRUST DATED MAY 21, 2004,<br><br>                        Plaintiffs,<br><br>v.<br><br>DAVID A. WILSON,<br><br>                        Defendant. | Case No. 2:12-bk-16195 RK<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-01317-RK<br><br>**ORDER REJECTING PLAINTIFF'S PROPOSED ORDER HOLDING JUDGMENT DEBTOR IN CIVIL CONTEMPT OF COURT OF ORDER GRANTING JUDGMENT CREDITORS' MOTION TO COMPEL ANSWERS OF JUDGMENT DEBTOR**<br><br>[Hearing Required on Contempt Motion] |

ORDER REJECTING PLAINTIFFS' PROPOSED ORDER HOLDING JUDGMENT DEBTOR IN CIVIL CONTEMPT OF ORDER GRANTING JUDGMENT CREDITORS' MOTION TO COMPEL ANSWERS OF JUDGMENT DEBTOR

1

Pending before the court is a proposed order submitted without motion by Plaintiffs Thomas I. McKnew, et al., entitled "Order Holding Judgment Debtor in Civil Contempt of Court of Order Granting Judgment Creditors' Motion to Compel Answers of Judgment Debtor," which was lodged on September 25, 2015. The proposed order seeks to hold that "David Alan Wilson, the Judgment Debtor herein, is determined in civil contempt of court for his failure to appear and answer questions put to him by the Judgment Creditors at his Judgment Debtor Examination as Ordered by this Court in its Order Granting Judgment Creditors' Motion to Compel Answers of Judgment Debtor."

However, a contempt proceeding for violation of an order of this court, including a discharge injunction, may proceed as a contested matter by *motion*. *Barrientos v. Wells Fargo Bank, N.A.,* 633 F.3d 1186, 1191 (9th Cir. 2011), *cited in,* 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 22:110.1 at 22-14 – 22-15 (2014)(emphasis in original); *see also,* Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure. Moreover, it is axiomatic that under the Federal Rules of Bankruptcy Procedure, a request for relief should be by written motion. Rule 9013 of the Federal Rules of Bankruptcy Procedure provides in pertinent part: "A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing." Plaintiffs merely lodged their proposed order granting them relief to hold the judgment debtor in contempt without a written motion as required by Rule 9013.

As set forth in the following recitals in the proposed order, Plaintiffs are apparently laboring under a misunderstanding based on an unsupported assumption that they are automatically entitled to an order holding the judgment debtor in contempt based on the Stipulation regarding the order granting their motion to compel answers of the judgment debtor: "The Stipulation Regarding Order Granting Judgment Creditors' Motion to Compel Answers of Judgment Debtor (hereinafter referred to as the "Stipulation") submitted by the Judgment Creditors, Thomas I. McKnew, IV, and Lisa A. McKnew, Individually and as Trustees of The McKnew Family Trust Dated May 21, 2004 (hereinafter collectively referred

ORDER REJECTING PLAINTIFFS' PROPOSED ORDER HOLDING JUDGMENT DEBTOR IN CIVIL CONTEMPT OF ORDER GRANTING JUDGMENT CREDITORS' MOTION TO COMPEL ANSWERS OF JUDGMENT DEBTOR

2

to as the "Judgment Creditors"), and the Judgment Debtor, David Alan Wilson (hereinafter referred to as to "Wilson") (see Docket Item No. 497), was presented to this Court on September 24, 2015. Based upon the recitals contained in the Stipulation, including, but not limited to the admission that (1) "[t]he Judgment Debtor will not appear for a judgment debtor examination pursuant to the Order" and (2) "[i]f the Judgment Debtor were to appear at a judgment debtor examination pursuant to the Order, the Judgment Debtor would continue to assert his Fifth Amendment privilege against self-incrimination in response to the all of the questions asked of him by the Judgment Creditors." However, the judgment debtor in this Stipulation did not stipulate to the relief that Plaintiffs seek in their proposed order, that is, namely, that he is to be held in civil contempt of the court's order which compelled his responses to the questions that Plaintiffs posed to him. That the judgment debtor's continued refusal to answer the compelled questions may serve as a basis for a contempt motion does not relieve Plaintiffs of their obligation to properly seek contempt relief by motion under Rules 9013 and 9014 in order to accord procedural due process to the responding party, the judgment debtor, unless he has stipulated to such relief, which he has not. Accordingly, the court must reject Plaintiffs' proposed order since they have not followed the rules and brought the appropriate motion for contempt.

**IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' proposed order submitted without motion by Plaintiffs Thomas I. McKnew, et al., entitled "Order Holding Judgment Debtor in Civil Contempt of Court of Order Granting Judgment Creditors' Motion to Compel Answers of Judgment Debtor," lodged on September 25, 2015, is hereby REJECTED.

2. The rejection is without prejudice to Plaintiffs' bringing a proper motion for contempt under Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, *see also, Barrientos v. Wells Fargo Bank, N.A., supra,* or obtaining

///

///

ORDER REJECTING PLAINTIFFS' PROPOSED ORDER HOLDING JUDGMENT DEBTOR IN CIVIL CONTEMPT OF ORDER GRANTING JUDGMENT CREDITORS' MOTION TO COMPEL ANSWERS OF JUDGMENT DEBTOR

3

the assent of the opposing party, the judgment debtor, to a stipulation that he be held in civil contempt to be submitted for approval of the court with a proposed order for approval of such a stipulation.

###

Date: September 29, 2015

Robert Kwan
United States Bankruptcy Judge

ORDER REJECTING PLAINTIFFS' PROPOSED ORDER HOLDING JUDGMENT DEBTOR IN CIVIL CONTEMPT OF ORDER GRANTING JUDGMENT CREDITORS' MOTION TO COMPEL ANSWERS OF JUDGMENT DEBTOR