FILED & ENTERED

OCT 05 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DAVID A. WILSON,<br><br>    Debtor.<br><br><br><br>THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of the MCKNEW FAMILY TRUST DATED MAY 21, 2004,<br><br>    Plaintiffs.<br><br>vs.<br><br>DAVID A. WILSON,<br><br>    Defendant. | Case No. 2:12-bk-16195-RK<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-01317-RK<br><br>**ORDER ON SEPARATE REQUESTS OF THE PARTIES FOR DISCOVERY SANCTIONS RE: JUDGMENT CREDITORS' MOTION TO COMPEL ANSWERS OF JUDGMENT DEBTOR**<br><br>DATE: September 15, 2015<br>TIME: 3:00 p.m.<br>PLACE: Courtroom 1675<br>    255 East Temple Street<br>    Los Angeles, CA  90012 |

   Pending before the court are the separate requests of the parties, Plaintiffs Thomas I. McKnew, IV, and Lisa A. McKnew, individually and as Trustees of the McKnew Family Trust dated May 21, 2004, and Defendant David A. Wilson, the debtor in the underlying Chapter 7 bankruptcy case, for discovery sanctions.  ECF 412.  The McKnews are judgment creditors of Mr. Wilson, and they are referred to herein as "Judgment Creditors," while Mr. Wilson is referred to herein as "Judgment Debtor."  The parties'

separate requests for sanctions relate to the motion of Judgment Creditors to compel the answers of Judgment Debtor to questions asked during a judgment debtor examination to which Judgment Debtor had interposed objections based on his testimonial privilege against self-incrimination under the Fifth Amendment of the United States Constitution. ECF 412 at Ex. 1.  On July 2, 2015, the court entered an order on the merits on the underlying substantive motion, which addressed the respective arguments of the parties and indicated that the court is granting the motion to compel.  ECF 463.  After affording a further opportunity to Judgment Debtor to submit further information *in camera* to support his assertion of the Fifth Amendment privilege, which he declined, on August 17, 2015, the court entered a final order granting the motion of the Judgment Creditors to compel the answers of Judgment Debtor to their questions during the judgment debtor examination.   ECF 471 and 472.

The parties reminded the court that in its orders on the merits of the motion to compel, it had not ruled upon their separate requests for discovery sanctions.  The court conducted further hearings on requests for discovery sanctions on August 25, 2015 and September 15, 2015.  At the court's invitation and request, the parties filed supplemental briefing on the requests for discovery sanctions.   ECF478 and 484.  Having considered the moving and opposing papers, including the supplemental briefing, and the arguments of the parties, the court now rules on the separate requests of the parties for discovery sanctions.

Neither party disputes that Federal Rule of Civil Procedure ("Civil Rule") 37, applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7037, applies here to the the motion of Judgment Creditors to compel the answers of Judgment Debtor to their questions during the judgment debtor examination.  Indeed, both sides made separate requests against each other for discovery sanctions under Civil Rule 37.  ECF 412.  Civil Rule 69(a)(2), applicable here under Bankruptcy Rule 7069,  provides that in aid of a judgment or execution, the

Case 2:12-ap-01317-RK    Doc 503    Filed 10/05/15    Entered 10/05/15 15:27:59    Desc
Main Document    Page 3 of 6

judgment creditor may obtain discovery from any person, including the judgment debtor, as provided in the Civil Rules or by the procedure of the state where the court is located. *1st Technology, LLC v. Rational Enterprises, LTDA,* 2008 WL 4571057, slip op. at 3 (D. Nev. 2008)(unpublished opinion); *see also,* Fed. R. Civ. P. 69(a)(2); Fed. R. Bankr. P. 7069.  Here, the Judgment Creditors have pursued discovery in aid of their judgment or execution and have obtained an order compelling Judgment Debtor to respond to their discovery requests, and Judgment Debtor has failed and apparently refuses to comply with the court's discovery order. *Id.*  Civil Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, including an order under Rule 37(a), the court where the action is pending may issue further just orders, which may include treating the failure to obey an order as a contempt of court except an order to submit to a physical or mental examination. *Id.*  Civil Rule 37(b)(2)(C) further provides that instead of or in addition to the foregoing orders, the court must order the disobedient party, the attorney advising that party, or both, to pay the reasonable attorneys' fees caused by the failure to comply with the court's order, unless the failure was substantially justified or other circumstances make an award of fees unjust. *Id.*  Civil Rule 37(a)(5)(A) also provides that if a motion to compel discovery is granted, the court must order the party whose conduct necessitated the motion, the attorney advising that party, or both, to pay the reasonable expenses in making the motion, including attorneys' fees, unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's failure was substantially justified, or other circumstances make an award of fees unjust.   Fed. R. Civ. P. 37(a)(5)(A), applicable to this adversary proceeding under Fed. R. Bankr. P. 7037.

Judgment Creditors in their request for discovery sanctions referred to Fed. R. Bankr. 7037(a)(4), which is technically incorrect since Bankruptcy Rule 7037 has no subpart and only incorporates Civil Rule 37 by reference.  This court assumes Judgment Creditors meant to refer to Civil Rule 37(a)(5)(A) in their request for discovery sanctions,

1  not Civil Rule 37(a)(4), which does not refer to payment of expenses or sanctions.

2  Judgment Creditors could also have possibly relied upon Civil Rule 37(b)(2)(C) to seek

3  sanctions for enforcement of the court's order authorizing the judgment debtor

4  examination of Mr. Wilson, the Judgment Debtor, entered on June 5, 2014.  ECF 315.

5        Nevertheless, although the court ultimately ruled against Judgment Debtor on his

6  claims that the Fifth Amendment privilege was properly asserted due to an alleged

7  pending criminal investigation of him and based on his interpretation of 18 U.S.C. § 3057,

8  the court declines to award sanctions to Judgment Creditors at this time and denies their

9  request for sanctions under Bankruptcy Rule 7037 and Civil Rule 37 on grounds that

10 Judgment Debtor was substantially justified in having the court rule upon the propriety of

11 his objections based on the Fifth Amendment privilege against self-incrimination to the

12 questions posed to him during the judgment debtor examination.  As discussed in its

13 order of July 2, 2015, the court had to address and evaluate Judgment Debtor's claims

14 that Judgment Creditors were assisting law enforcement in a criminal investigation of

15 Judgment Debtor.  Such concerns were raised from alleged comments made on behalf of

16 counsel for Judgment Creditors regarding an alleged FBI investigation seeking records

17 relating to transactions between Judgment Creditors and Judgment Debtor to counsel for

18 Judgment Debtor as indicated in the Declaration of Michael Nicastro, ECF 413, but

19 ultimately, the court found that there was no credible evidence of any ongoing criminal

20 investigation of Judgment Debtor to pose a threat to him of self-incrimination in

21 answering the questions at the judgment debtor examination.  That the court had to

22 examine this issue and make a finding on the existence or lack thereof of an ongoing

23 criminal investigation of defendant indicates substantial justification of Judgment Debtor

24 to have had the court rule upon his Fifth Amendment claims.  Furthermore, Judgment

25 Debtor was substantially justified in raising the issue of the scope of 18 U.S.C. § 3057

26 regarding the duty of the courts to assist in criminal investigations of bankruptcy-related

27 crimes, which is apparently an issue of first impression in the Ninth Circuit, as there is no

28

case law in the circuit on the issue and very little elsewhere. While the court ultimately rejected Judgment Debtor's interpretation of 18 U.S.C. § 3057, the court finds that he was substantially justified in having the issue litigated and decided by the court before having to answer the questions of Judgment Creditors at the judgment debtor examination.

The request of Judgment Creditors for discovery sanctions against Judgment Debtor is denied without prejudice as to the right of Judgment Creditors to request sanctions against Judgment Debtor for conduct in refusing to respond to the questions posed to him after the court's final order compelling his responses entered on August 17, 2015. The court finds that Judgment Debtor was substantially justified in litigating his Fifth Amendment claims to have the benefit of the court's review and ruling on such claims, but once the court has finally ruled on the motion to compel, the court would not consider his further refusal to answer the questions once compelled to be substantially justified.

The court also denies the separate request of Judgment Debtor for sanctions under Civil Rule 37 since the court overruled his objections to the questions posed to him at the judgment debtor examination and granted the motion of Judgment Creditors to compel.

Based on the foregoing, the court hereby orders as follows:

1. The separate request of Judgment Creditors for discovery sanctions against Judgment Debtor is denied, but without prejudice to bringing a new motion based on conduct after the court's final order on the underlying substantive motion entered on August 17, 2015.

///

///

2. The separate request of Judgment Debtor for discovery sanctions against Judgment Creditors is denied.

IT IS SO ORDERED.

###

Date: October 5, 2015

Robert Kwan
United States Bankruptcy Judge

6