UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 15-8731-DMG<br>2:12-bk-16295-RK<br>2:12-ap-1317-RK | Date | August 9, 2016 |
|---|---|---|---|

| Title | *In Re: David A. Wilson* | Page | 1 of 9 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER AFFIRMING BANKRUPTCY COURT'S RULING TO COMPEL ANSWERS OF JUDGMENT DEBTOR [12]**

**I.
PROCEDURAL BACKGROUND**

On November 9, 2015, David A. Wilson filed a Notice of Appeal to the United States District Court appealing the Bankruptcy Court's ruling in favor of Thomas I. McKnew and Lisa A. McKnew ("the McKnews"). (Notice Regarding Appeal From Bankruptcy Court [Doc. #1].) On December 9, 2015, the Court received notice that the bankruptcy record was complete. [Doc. # 9.]

On January 22, 2016, Wilson filed his opening brief. (Appellant's Opening Brief ("AOB") [Doc. # 12].) On February 12, 2016, the McKnews filed their reply brief. (Appellees' Reply Brief ("ARB") [Doc. # 20].) On February 26, 2016, Wilson filed his reply brief. (Appellant's Reply Brief ("Wilson Reply") [Doc. # 21].)

The Court has considered the papers filed in support of and in opposition to the appeal and deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's ruling.

**II.
FACTUAL BACKGROUND**

On October 10, 2013, the Honorable Robert Kwan, United States Bankruptcy Judge, awarded the McKnews a $2.5 million judgment against Wilson, which was later increased to

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |
|---|---|

| Case No. | CV 15-8731-DMG<br>2:12-bk-16295-RK<br>2:12-ap-1317-RK | Date | August 9, 2016 |
|---|---|---|---|

| Title | *In Re: David A. Wilson* | Page | 2 of 9 |
|---|---|---|---|

$3.3 million. (AOB at 5-6, n. 1; Appellant's Excerpts of Record ("ER") at 160-162 ("Judgment") [Doc. # 12-1].)

On March 26, 2014, the McKnews filed a motion pursuant to Federal Rule of Bankruptcy Procedure 2004 seeking an oral examination of Wilson to gain documents and information to aid in collecting their judgment. (ER 2.) The McKnews' attorney filed a declaration with the motion and attached an email exchange with Wilson's counsel, both of which contained language that purportedly led Wilson to infer that he might be subjected to future criminal prosecution. (*Id.* at 10, 23-29.) For example, the declaration contained this language: "Debtor . . . employed false financial statements in [his] dealings[.]" (*Id.* at 10 ¶ 5.) Similarly, the emails stated: "we have recently discovered that Mr. Wilson and his partners engaged in a fraud against a federally insured bank and various bonding companies . . . . The chapter 7 case of Mr. Wilson and the testimony given at trial has now taken on a new and different tone." (*Id.* at 24.) Additionally, Wilson's then attorney, Michael Nicastro, stated in his declaration that, just prior to the Rule 2004 hearing, the McKnews' counsel informed Wilson that the McKnews had been contacted by an FBI agent seeking information about financials the McKnews supplied to third parties. (*Id.* at 335 ¶ 3.) Neither Nicastro nor the McKnews ever confirmed the identity or existence of this FBI agent. (*Id.*)

The parties stipulated to remove the Rule 2004 hearing from the calendar in exchange for Wilson voluntarily appearing at a Judgment Discovery Examination ("JDE") on August 20, 2014. (*Id.* at 98 ¶ 2.) During the JDE, Wilson invoked his Fifth Amendment privilege against self-incrimination, refusing to answer the majority of questions posed to him. *See id.* at 285-320 (list of disputed questions and answers.) The McKnews sought to compel Wilson to answer the questions, and the parties filed a joint submission explaining their positions regarding Wilson's invocation of the privilege. (*Id.* at 183.)

The bankruptcy judge ordered Wilson to submit *in camera* supplemental briefing detailing why answering each question would expose him to criminal liability. (*Id.* at 367.) Wilson responded that providing this information would trigger the *judge's* criminal reporting requirements under 18 U.S.C. § 3057. (*Id.* at 889.) On March 10, 2015, the Bankruptcy Court issued an order dividing up the questions Wilson refused to answer into four categories, stating that section 3057 only applied to one of the four categories, and that Wilson must answer the others or submit an explanation of why he had reasonable cause to apprehend danger in answering them. (*Id.* at 388-389.)

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 15-8731-DMG<br>2:12-bk-16295-RK<br>2:12-ap-1317-RK | Date | August 9, 2016 |
|---|---|---|---|

| Title | *In Re: David A. Wilson* | Page | 3 of 9 |
|---|---|---|---|

After further briefing, the Bankruptcy Court issued an order on July 2, 2015 which stated that Wilson had no valid basis for asserting the Fifth Amendment privilege, and that the section 3057 reporting requirement did not apply to any of the questions because the five-year statute of limitations on concealment of assets had run since Wilson's bankruptcy discharge in 2009, and the reporting requirement is narrow in scope and not applicable to those proceedings. (*Id.* at 609-619.) Wilson filed a statement disagreeing with the Bankruptcy Court's July 2 Order, and on October 23, 2015, the parties stipulated to hold Wilson in civil contempt in order to perfect the instant appeal. (*Id.* at 633-38.)

## III.
## JURISDICTION

Appellate jurisdiction is proper here pursuant to Federal Rules of Bankruptcy Procedure Rule 8005 and 28 U.S.C. section 158(c)(1). Under Rule 8005, parties may elect to have an appeal heard by the District Court instead of the Bankruptcy Appellate Panel. Fed. R. Bankr. P. 8005. Similarly, pursuant to 28 U.S.C. § 158(c)(1), an appellant may elect to have an appeal from a Bankruptcy Court order heard by the District Court. 28 U.S.C. § 158(c)(1).

## IV.
## STANDARD OF REVIEW

A Bankruptcy Court's rulings concerning discovery are reviewed for an abuse of discretion. *In re Marciano*, 459 B.R. 27, 35 (B.A.P. 9th Cir. 2011), *aff'd*, 708 F.3d 1123 (9th Cir. 2013). A Bankruptcy Court's refusal to apply equitable or judicial estoppel is also reviewed for an abuse of discretion. *Atalanta Corp. v. Allen (In re Allen)*, 300 F.3d 1055, 1060 (9th Cir. 2002). A Bankruptcy Court's interpretation and construction of a federal statute are questions of law reviewed *de novo*. *San Luis & Delta-Mendota Water Auth. v. United States*, 672 F.3d 676, 699 (9th Cir. 2012) (citing *Levine v. Vilsack*, 587 F.3d 986, 991 (9th Cir. 2009)).

"An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, [or] a judgment that is clearly against the logic and effect of the facts as are found." *Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003).

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-8731-DMG<br>2:12-bk-16295-RK<br>2:12-ap-1317-RK | Date | August 9, 2016 |
|---|---|---|---|
| Title | *In Re: David A. Wilson* | Page | 4 of 9 |

V.
DISCUSSION

The Federal Rules of Civil Procedure provide that enforcement of a judgment is conducted according to the rules of the state in which the district court is located. Fed. R. Civ. P. 69(a)(1). Further, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

**A.   Wilson's Assertion of the Fifth Amendment Privilege**

The first question raised on appeal is whether the Bankruptcy Court erred in overruling Wilson's assertion of the Fifth Amendment privilege during the judgment debtor examination. (AOB at 3.) The Fifth Amendment states in pertinent part that "No person shall be held . . . to be a witness against himself." U.S. Const. amend. V. The Fifth Amendment's protection "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486, 71 (1951). Reasonable cause to avoid incrimination must be evident "from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 486-87. In other words, "the privilege protects against real dangers, not remote and speculative possibilities." *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 478 (1972). The privilege against self-incrimination applies in judgment debtor proceedings. *Troy v. Superior Court*, 186 Cal. App. 3d 1006, 1010, 231 Cal. Rptr. 108 (Ct. App. 1986).

The person invoking the privilege has the burden of asserting the privilege. *Garner v. United States*, 424 U.S. 648, 655 (1976) ("Only the witness knows whether the apparently innocent disclosure sought may incriminate him, and the burden appropriately lies with him to make a timely assertion of the privilege."). In meeting this burden, "privilege normally is not asserted properly by merely declaring that an answer will incriminate." *Brunswick Corp. v. Doff*, 638 F.2d 108, 110 (9th Cir. 1981). Rather, while the "need of the claimant to remain silent" must weigh heavily in the balance of the court's duty to ascertain the sincerity of a Fifth Amendment claim, "it cannot be permitted to weigh so heavily as to relieve the court of its duty to determine the legitimacy of the claim." *Id.* Thus, the party asserting the privilege must show that he is "confronted by substantial and real, and not merely trifling or imaginary, hazards of

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 |
| Case No. | CV 15-8731-DMG<br>2:12-bk-16295-RK<br>2:12-ap-1317-RK | Date | August 9, 2016 |
| Title | In Re: David A. Wilson | Page | 5 of 9 |

incrimination." *Marchetti v. United States*, 390 U.S. 39, 53, (1968) (internal citation and quotation marks omitted.)

Because a Fifth Amendment claim is fact-specific as to each question, there is "no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings . . . [the] privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim." *Warford v. Medeiros*, 160 Cal. App. 3d 1035, 1044-45 (1984) (citation and internal quotation marks omitted.) "It is the trial court's function to determine whether such a 'real danger' exists." *Troy*, 186 Cal. App. 3d at 1011. "Some discretion must rest in the court whereby it may prevent the mantle of protection from being turned into a cloak for fraud and trickery.'" *Id.* (internal citation, quotation marks, and brackets omitted). In other words, it is the trial court's responsibility to determine if privilege applies, since "a party is not entitled to decide for him or herself whether the privilege against self-incrimination may be invoked." *Fisher v. Gibson*, 90 Cal. App. 4th 275, 285 (2001). "If the court, in the exercise of its discretion, determines that no threat of self-incrimination is evident, then the burden of showing the danger of self-incrimination shifts to the individual asserting the privilege." *Troy*, 186 Cal. App. 3d at 1011.

Wilson contends that the McKnews' statements regarding his alleged false financial statements and fraud against a federally insured bank gave him reasonable cause to invoke the Fifth Amendment and avoid answering questions at the judgement debtor hearing. While these statements may suggest some possibility of potential criminal liability, Wilson used them in an over-broad and blanket fashion so as to avoid answering more than 230 questions, including such innocuous questions as "Are you currently employed?" and "Where do you receive your mail?" (ER at 285-320.)

An individual need not object to all questions in order to make an improper "blanket assertion" of the Fifth Amendment. *Warford*, 160 Cal. App. 3d at 1038 (deponents improperly made a blanket assertion when they objected to the majority of questions and answered only basic identifying questions). "The trial court must be given the opportunity to determine whether particular questions posed in the depositions would elicit answers that support a conviction or that furnish a link in the chain of evidence needed to prosecute the witness." *Fisher*, 90 Cal. App. 4th at 286 (citation and internal quotation marks omitted.) In accordance with the rule, Judge Kwan requested that Wilson submit *in camera* briefing explaining why each objected question would expose him to criminal liability. In failing to provide an explanation for each question,

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |

| | | | |
|---|---|---|---|
| Case No. | CV 15-8731-DMG<br>2:12-bk-16295-RK<br>2:12-ap-1317-RK | Date | August 9, 2016 |

| | | | |
|---|---|---|---|
| Title | *In Re: David A. Wilson* | Page | 6 of 9 |

Wilson failed to meet the burden required of him to show that answering the questions would result in "real dangers."

In addition to the above communications, Wilson relied on the McKnews' vague reference to an FBI investigation as grounds for asserting the Fifth Amendment. (ER 335.) First, the statements made to Wilson's then attorney indicated that the McKnews, not Wilson, were the ones being investigated for "financials that the McKnews supplied to a lender and/or third parties." *Id.* Second, Wilson, being the claimant of the privilege, had the burden of supplying information on "the nature and verifiability of any investigation or proceeding claimed to justify the fear of incrimination or the possibility that any such investigation or proceeding may be commenced." *Warford*, 160 Cal. App. 3d at 1038. As of the JDE date, no criminal charges had been filed against Wilson and he provided no verification of a criminal investigation. Thus, Judge Kwan was not provided with any evidence that Wilson's objections were based on "real dangers, and not remote and speculative possibilities." *Troy*, 186 Cal. App. 3d at 1011.

Further, Judge Kwan ruled in the July 2, 2015 Order that the only reasonable cause of incrimination he could see was the possibility "that the responses may indicate a criminal act from the lack of disclosure of assets on a debtor's bankruptcy petition and schedules." (ER 612.) He dismissed this as a source of incrimination because "the statute of limitations from any concealment of assets in a debtor's bankruptcy case would have run from the date of his discharge in 2009, which would have been the general five year statute of limitations for federal crimes, which would have expired by now, six years later." (*Id.*)

The bankruptcy court's finding that Wilson did not meet his burden in showing "reasonable cause" to avoid "real dangers" of incrimination was supported by the record and as not "clearly against the logic and effect of the facts as are found." Thus, the bankruptcy court did not abuse its discretion in ruling that Wilson's blanket assertion of the Fifth Amendment privilege was not based upon reasonable cause.

B.    **Application of Estoppel Principles**

The second issue raised on appeal is whether the bankruptcy court erred in failing to apply estoppel principles to preclude the McKnews from compelling Wilson's testimony. (AOB at 3.) Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by taking clearly inconsistent positions in court proceedings. *U.S. v. Lence*, 466 F.3d 721, 726

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 15-8731-DMG<br>2:12-bk-16295-RK<br>2:12-ap-1317-RK | Date | August 9, 2016 |
|---|---|---|---|

| Title | *In Re: David A. Wilson* | Page | 7 of 9 |
|---|---|---|---|

(9th Cir. 2006) (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)). The doctrine is most commonly applied when a party makes an assertion in a "legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one." *Id.* (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). Judicial estoppel may also be invoked due to "general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts." *Milton H. Greene Archives, Inc. v. Marilyn Monroe* LLC, 692 F.3d 983, 993 (9th Cir. 2012) (quoting *Russell*, 893 F.2d at 1037). Judicial estoppel can be invoked whether a party takes inconsistent positions in the same action or in two different actions. *See Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 605 (9th Cir. 1996).

Here, Wilson asserts that the Order compelling him to answer the questions is an unfair advantage the McKnews obtained through inconsistent positions. (AOB at 24.) Specifically, Wilson maintains that the McKnews represented that there was a pending FBI investigation, yet, months later, Mr. McKnew also filed a declaration claiming that there never was an FBI investigation. (ER 335, 543-544.) The first statement, however, was made by McKnew's attorney to Wilson's attorney, in the hallway outside the courtroom, and entered through Wilson's attorney's declaration, not the McKnews. (*Id.* at 335.) Thus, the statement was not made by the McKnews during "legal proceedings," and was not a position the court adopted or the McKnews relied upon. Further, because the bankruptcy court never adopted or recognized the notion that there may have been an FBI investigation, the McKnews never "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S. Ct. 1808, 1815, 149 L. Ed. 2d 968, 978 (2001) (internal citation and quotation marks omitted0).

In addition to the fact that the Bankruptcy Court did not accept two inconsistent positions, the McKnews also did not obtain an "unfair advantage." The McKnews had a statutory right to examine Wilson in order to "furnish information to aid in enforcement of the money judgment." Cal. Civ. Proc. Code § 708.110. Ordering Wilson to answer questions the McKnews had a lawful right to ask is not an "unfair advantage" in the sense that the McKnews were not obtaining any benefit they ordinarily would not be entitled to receive. Thus, the Bankruptcy Court did not abuse its discretion in failing to apply estoppel principles to preclude the McKnews from compelling Wilson's testimony.

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk KT |
|---|---|---|

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 |
| Case No. | CV 15-8731-DMG<br>2:12-bk-16295-RK<br>2:12-ap-1317-RK | Date | August 9, 2016 |
| Title | *In Re: David A. Wilson* | Page | 8 of 9 |

### C. Criminal Reporting Requirement

The third issue on appeal is whether the Bankruptcy Court erred in determining that the criminal reporting requirements imposed on judges under 18 U.S.C. section 3057 did not conflict with its order seeking an *in camera* explanation from Wilson as to why answering McKnew's questions would be potentially self-incriminating. (AOB at 3.) The interpretation of federal statutes is reviewed *de novo*. *San Luis*, 672 F.3d at 699.

Section 3057 provides, in relevant part, that "[a]ny judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case[.]" 18 U.S.C. § 3057. Wilson's appeal attacks the Bankruptcy Court's finding that the statute applies only to bankruptcy-related crimes and insolvent debtors as "unduly narrow." (AOB 30.) Wilson contends that a "plain reading" of the statute should lead to a more broad interpretation that would implicate the Judge's reporting requirement in the event that Wilson provided an *in camera* explanation of his "reasonable cause" for invoking the Fifth Amendment. (*Id.* at 28-30.)

"Statutory interpretations which would produce absurd results are to be avoided." *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004). Regardless of the breadth of the applicability of the statute, it would be an "absurd result" to allow section 3057 to be used as a tool to justify a blanket assertion of the Fifth Amendment to any and every possible question with no explanation. As discussed above, Wilson may only invoke his Fifth Amendment right to refuse answering a question if he has "reasonable cause" to fear incrimination, and must submit evidence of "reasonable cause" to the trial court for consideration of whether a "real danger" of incrimination exists. *See Hoffman* 341 U.S. 479 at 486; *Troy*, 186 Cal. App. 3d at 1011. This well-established rule requiring the party to show reasonable cause implies that parties are able to explain why something might incriminate them without actually incriminating themselves. If, in making a showing of reasonable cause, the showing itself need not be inculpatory, then the showing also will not trigger the reporting requirement of section 3057, because no violation of the law will have been disclosed.

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 |
| Case No. | CV 15-8731-DMG<br>2:12-bk-16295-RK<br>2:12-ap-1317-RK | Date | August 9, 2016 |
| Title | *In Re: David A. Wilson* | Page | 9 of 9 |

    For example, an explanation of why the question "Where do you receive your mail?" is incriminatory does not require Wilson to give specific inculpatory facts that would trigger the section 3057 reporting requirement. The statute cannot be used as a technical excuse to avoid giving the legally required explanation of reasonable cause of fear of incrimination.

    Moreover, the Bankruptcy Court was correct in finding that the five-year statute of limitations on concealment of a bankrupt estate's assets had run since 2009. *See* 18 U.S.C. §§ 3282 and 3284. Concealment of debtor's assets is the only foreseeable crime for which Wilson might have been liable, based on the nature of the questions in the record. There was therefore no "real danger" that Wilson would be exposing himself to criminal liability by answering Judge Kwan's questions as legally required. If answering the questions would implicate Wilson in a non-bankruptcy related crime, then he must submit evidence of "real danger" of incrimination. Accordingly, the Bankruptcy Court did not err in ruling that section 3057 cannot be used to preclude Wilson from submitting *in camera* explanations of his grounds for asserting the Fifth Amendment privilege.

## VI.
## CONCLUSION

    In light of the foregoing, the Court **AFFIRMS** the Bankruptcy Court's ruling in favor of the McKnews and compelling Wilson to answer questions posed at the Judgment Discovery Examination.

**IT IS SO ORDERED.**

cc: Bankruptcy Court