JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@hindslawgroup.com
THE HINDS LAW GROUP, APC
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Judgment Creditor Thomas I. McKnew, IV individually
and as Trustee of the McKnew Family Trust Dated May 21, 2004

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:12-bk-16195-RK |
| | (Chapter 7) |
| DAVID A. WILSON, | |
| | Adv. No. 2:12-ap-01317-RK |
| Debtor. | |
| | **MOTION FOR TEMPORARY RESTRAINING ORDER IN SUPPORT OF ENFORCEMENT OF GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 701.202, 706.154, 708.180, AND 3439.07 MADE APPLICABLE BY FED. R. BANKR. P. RULE 7069 AND FED. R. CIV. P. RULE 69(a)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of the MCKNEW FAMILY TRUST DATED MAY 21, 2004, | |
| Plaintiffs, | |
| vs. | |
| DAVID A. WILSON, | |
| Defendant. | |
| | [Filed concurrently with Declarations and Ex Parte Application] |
| | DATE: [To Be Assigned] |

THE HINDS LAW GROUP, APC
21257 Hawthorne Blvd., Second Floor
Torrance, CA. 90503

**TO THE HONORBALE ROBERT KWAN, BANKRPUTCY JUDGE, AMERICAN GENERAL CORPORATION, THE JUDGMENT DEBTOR, DAVID A. WILSON, MICHELLE WILSON, AND THE CLERK OF THE COURT:**

Judgment Creditor, Thomas I. McKnew, IV individually and as Trustee of the McKnew Family Trust Dated May 21, 2004 (hereafter referred to as the "Plaintiff" or the "Judgment Creditor"), respectfully moves this Court for Orders restraining the Judgment debtor, David A. Wilson, third-party American General Corporation (hereafter referred to as "AGC") and all persons, entities, agents and third parties acting in concert with David Wilson and AGC, and requesting the following relief:

A.    an Order freezing all bank accounts of AGC until a thorough accounting and reconciliation can take place of all payments from the Bridge Capital Agreement to AGC;

B.    the issuance of an Order to Show Cause why AGC and its officers and agents should not be held in contempt for failing to honor the garnishment Order and withholding sums for the benefit of the Judgment Creditor;

C.    an Order entering a permanent injunction stopping AGC from making any further payments to or for the benefit of David Wilson until the Judgment Creditor's non-dischargeable Judgment is paid in full;

D.    enter a finding that AGC and its officers and agents violated the garnishment Orders issued by the Court by failing to truthfully report payments made to or for the benefit of David Wilson, failing to withhold these payments, and failing to file a report of garnishee about these payments;

E.    for attorneys' fees and costs incurred by the Judgment Creditor to enforce the Writ and garnishment Orders; and



MOTION FOR ORDER AUTHORIZING THE DEBTOR TO CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM INCLUDING PRE-PETITION CHINESE BANK ACCOUNTS *NUNC PRO TUNC*

F.    for such other and further relief as the Court deems just under the circumstances

**PLEASE TAKE NOTICE** that the Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Thomas I. McKnew, IV, the files of this Court in regard to the final Judgment entered on October 10, 2013, in favor of the Judgment Creditor and against David Wilson, and such other and further evidence as may be presented to the Court at or prior to the hearings on this Motion.  This Motion is further made and based on California Code of Civil Procedures §§ 701.020, 706.154, 708.180, and 3439.07.

ACG was served with a Garnishment Order on March 7, 2014, and a Judgment Debtor examination notice on or about September 30, 2020.  The Judgment Creditor conducted Judgment Debtor Exams of the officer of AGC and of David Wilson and specially requested information and an explanation of the relationship between AGC and David Wilson.  Under oath the respondents expressly denied that David Wilson had any meaningful relationship with AGC and that David Wilson was not due any money from ACG. The Judgment Creditor has now ascertained that the respondents lied about David Wilson's role in AGC, lied about how AGC operates, lied about how David Wilson's credit cards, travel, and phone bills were in fact being paid by ACG, lied about advances from Bridge Capital, LLC and its affiliates (hereinafter referred to as "Bridge") made to AGC, which advances where then funneled back to David Wilson, and lied that the money being paid to David Wilson from AGC was NOT subject to the Writ and garnishment Orders issued by this Court and properly served on AGC.

As set forth hereinbelow, the acts and conduct of AGC, David Wilson, and the officers, agents, and employees of AGC resulted in tens of thousands of dollars passing through AGC from Bridge to David Wilson without accounting for same to pay the Judgment Creditor Judgment in this case.  The acts and conduct of AGC, David Wilson, and the officers, agents, and employees of AGC was willful and malicious and intended to deceive the Judgment Creditor and this Court.



**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h) the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Date: November 24, 2021

Respectfully submitted,
James Andrew hinds, Jr.
THE HINDS LAW GROUP, APC

By:

James Andrew Hinds, Jr.
Attorneys for Judgment Creditor Thomas I.
McKnew, IV individually and as Trustee of the
McKnew Family Trust Dated May 21, 2004

**-4-**

# TABLE OF CONTENTS

Page No.

**MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF ENFORCEMENT OF WRIT AND THE GRANISHMENT ORDERS SERVED ON AMERICAN GENERAL CORPORATION**..........................................................................................…........ 5

I.      SUMMARY OF THE ARGUMENT  ............................................... 5

II.     SUMMARY OF THE FACTS.............................................…......... 8

**III.**    ARGUMENT IN SUPPORT OF ENFORCEMENT OF THE WRIT AND
        GARNISHMENT ORDERS AND IN SUPPORT OF AN INJUNCTIONTO
        ENFORCE SAME............................................................…....... 12

A.  The Judgement Creditor Properly Employed the Judgment Enforcement
    Mechanisms in the Code of Civil Procedure ......................…...…..    12

B.      This Court has the Power Under California Code of Civil Procedure §§
        701.020, 708.180(c) and (d), and 3439.07, made Applicable  by Federal Rule of
        Bankruptcy Procedure 7069 and Federal Rule of Civil Procedure Rule 69(a)(2), to
        Enforce the Writ and Garnishment Order and to Enjoin the Wrongful Conduct of
        David and Michelle Wilson and AGC   ................................................... 13

C.  David and Michelle Wilson and AGC have Engaged in Actual Fraudulent
    Transfers .............................................................................. 18

D.      Temporary Restraining Order and Order to Show Cause Re Entry of a
    Preliminary Injunction are Merited Under the Circumstances of this Case ........ 20

IV.         CONCLUSION ...................................................................... 22

1

# TABLE OF AUTHORITIES

2                                                                                          Page No.

3

4                                                **Cases**

5

6    *Alliance for the Wild Rockies v. Cottrell,*
     622 F.3d 1045, 1052 (9th Cir. 2010) ................................................... 18

7

8    *Annod Corp. v. Hamilton & Samuels*
     (2002) 100 Cal. App. 4th 1286 ........................................................... 17

9

10   *Bernhardt v. L.A. Cnty.,*
     339 F.3d 920, 931 (9th Cir. 2003) ..................................................... 20

11

12   *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,*
     321 F.3d 878, 881 (9th Cir. 2003) ..................................................... 19

13

14   *Evans v. Paye* (1995)
15   32 Cal.App.4th 265, 280 ................................................................. 13

16   *Filip v. Bucrencia*
17   (2005) 129 CA4th 825, 827-30 ......................................................... 16

18   *Ilshin Investment Co., Ltd. v. Buena Vista Home Entertainment, Inc.*
19   (2011) 195 Cal.App.4th 612, 626 .......................................................13

20

21   *Imperial Bank v. Pim Elec., Inc.*
     (1995) 33 Cal. App. 4th 540, 546-47 ............................................ 12, 13

22

23   *In re Bateman,*
24   646 F.2d 1220, 1223 n. 4 (8th Cir. 1981) ............................................. 17

25   *In re Estate of Ferdinand Marco, Human Rights Litig.,*
26   25 F.3d 1467, 1480 (9th Cir. 1994) ..................................................... 19

27

28   *Johnson v. Couturier,*
     572 F.3d 1067, 1085 (9th Cir. 2009) ....................................................19

*National Financial Lending, LLC v. Superior Court*
(2013) 222 Cal.App.4th 262 ............................................................... 13

*Stormans, Inc. v. Selecky,*
586 F.3d 1109, 1139 (9th Cir. 2009) ................................................ 16, 20

*Troy v. Superior Court*
(1986) 186 Cal.App.3d 1006, 1014 ..................................................... 12

*Vinyard v. Sisson*
(1990) 223 Cal.App.3d 931, 939 ........................................................12

*Young v. Keele*
(1987) 188 Cal.App.3d 1090, 1093 ..................................................... 12

## TABLE OF AUTHORITIES

Page No.

### Statutes

Code of Civil Procedure

§ 697.710............................................................... 16
§ 699.510(a) ............................................................ 13
§ 700.040(a) ............................................................ 13
§ 701.010 ................................................................ 13
§ 701.020 ......................................................2, 12, 13, 14, 15, 16
§ 701.020(a) ......................................................13, 14, 15
§ 708.110 ........................................................ 13, 14, 15
§ 708.110(a) ..........................................................13
§ 708.120 ..............................................................14
§ 708.180(c) ........................................................12, 15
§ 708.205 ........................................................ 13, 14
§ 3439.07 ..........................................................  2, 12, 16

11 U.S.C.

§ 548(a)(1) ................................................................................................ 18

Fed. R. Civ. P. 65(c) ................................................................................. 18

**Other Authorities**

16 Cal. Law Revision Com. Rep. (1982) p. 1124.................................... 4

## MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF ENFORCEMENT OF WRIT AND THE GRANISHMENT ORDERS SERVED ON AMERICAN GENERAL CORPORATION

### I.

### SUMMARY OF THE ARGUMENT

1.      The Judgment Creditor and David Wilson engaged in a business venture where in David Wilson and others misrepresented the risks associated with the venture to the Judgment Creditor resulting in a loss to the Judgment Creditor of $2.2 million.  [Adv. Docket Item #1.]

2.      David Wilson commenced his bankruptcy case by filing a Voluntary Petition under Chapter 7 of Title 11 of the United States Code on or about August 13, 2008.  [Docket Item #1.]  One of the primary purposes of the Wilson chapter 7 was to avoid the liability owed to, among others, the Judgment Creditor from pre-petition fraudulent acts and conduct.

3.      The Judgment Creditor filed an adversary proceeding under 11 U.S.C. § 523(a).  The adversary was entitled, *McKnew et al. v. Wilson*, Adv. No. 2:12-ap-01317-RK. The adversary proceeding came on for trial before this Court on February 2, 2012, February 3, 2012, February 6, 2012, August 30, 2012, August 31, 2012, and September 6, 2012.

4.      On or about April 3, 2014, an Amended Judgment in Favor of the Judgment Creditor and against David Wilson (hereinafter referred to as the "Amended Judgment") in Adversary Proceeding No.: 2:12-ap-01317-RK.  [Docket Item # 297.]

5.      On or about December 15, 2014, the Amended Judgment was domesticated in the State of Hawaii where David Wilson owned and operated a business by the name of Hawaiian Islands Regional Center.  (McKnew Dec. at ¶ 5.)

MOTION FOR TEMPORARY RESTRAINING ORDER IN SUPPORT OF ENFORCEMENT OF WRIT AND
GARNISHMENT ORDER DIRECTED TO AMERICAN GENERAL CORPORATION

5

6.      In order to collect on the Amended Judgment, the Judgment Creditor obtained a Writ and served the Writ on AC G and other entities known to be associated with David Wilson.  The Judgment Creditor also requested and conducted Judgment Debtor Exams of David Wilson, the President of AGC, Beata Wilson David Wilson's wife, and various third parties.  As part of his judgment collection efforts, the Judgment Creditor domesticated the Judgment in Hawaii and then conducted extensive post-judgment discovery in both California and Hawaii.

7.      On or about  March 7, 2014.  The Judgment Creditor served AGC with a Judgment Debtor Examination Order in 2020.  The garnishment Order directed that any wages due to David Wilson be held and paid over to the Judgment Creditor in partial satisfaction of the Judgment.

8.      In response to the Judgment Debtor Exams David Wilson and Michelle Wilson, the president of AGC and David Wilson's daughter lied under oath about the relationship between AGC and Bridge Capital, LLC (hereinafter referred to as "Bridge"), how David Wilson's credit card and phone bills were paid through AGC, how money from a Construction Project Management Agreement (hereinafter referred to as the "Agreement") between AGC and Bridge were regularly transferred to or for the benefit of David Wilson. (See Declaration of Thomas I. McKnew, IV at ¶ 15-20.)

9.      However, through collection efforts conducted in Hawaii and elsewhere the Judgment Creditor has now determined the truth and discovered that David Wilson, Michelle Wilson, AGC, and other acting through and for AGC have failed to honor Writ and the garnishment Order served on AGC and thus cheated the Judgment Creditor from income going to David Wilson through AGC.

10.      By this Motion as the Judgment Creditor requests that this Court:

A. Find that as part of the current contracts with Bridge David and Michelle Wilson have diverted money paid to AGC for the work of David Wilson without reporting same to the Plaintiff under the pending Judgment liens and garnishment Orders;

B. Enter a Temporary Restraining Order freezing all bank accounts of AGC until a thorough accounting and reconning can take place of all payments from the Bridge Capital Agreement to AGC;

C. Issuing an Order to Show Cause Why AGC and its officers and agents should not be held in contempt for failing to honor the garnishment Order and withholding sums for the benefit of the Judgment Creditor;

D. Enter a permanent injunction stopping AGC from making any further payments to or for the benefit of David Wilson until the Judgment is paid in full;

E. Enter a finding that AGC and its officers and agents violated the garnishment Orders issued by the Court by failing to truthfully report payments made to or for the benefit of David Wilson, failing to withhold these payments, and failing to file a report of garnishee about these payments; and

F. An award of attorneys' fees and costs incurred by the Judgment Creditor to enforce the Writ and garnishment Orders.

## II.

## SUMMARY OF THE FACTS

11.    Through judgment collection efforts in California and in Hawaii the Judgment Creditor discovered that David Wilson has been at all times relevant hereto connected to ACG, a family-owned general contracting company with operating in Southern California, Hawaii, the far East, and Europe.  (McKnew Dec. at ¶¶ 7-9.)

12.     Through judgment collection efforts in California and in Hawaii, the Judgment Creditor discovered that AGC's website listed David Wilson as the Founder and Chairman of AGC.  A copy of AGC's Leadership page from its website is attached hereto as Exhibit "1," and is incorporated herein as if set forth in full.  (McKnew Dec. at ¶ 8.)

13.     Through judgment collection efforts here in California and in Hawaii, the Judgment Creditor discovered that a search of David Wilson's contractor license with the Contractor's State License Board of California shows that David Wilson's contractor's license is associated with AGC.  A copy of David Wilson's contractor license information from the California Department of Consumer Affairs – Contractors State License Board is attached hereto as Exhibit "2," and is incorporated herein as if set forth in full.  (McKnew Dec. at ¶ 9.)

14.     Through judgment collection efforts in California and in Hawaii, the Judgment Creditor discovered that Michelle Wilson has been at various times listed as the Chief Executive Offer, Chief Financial Officer, and Secretary of AGC.  A copy of the Statement of Intention of AGC filed with the California Secretary of State is attached hereto as Exhibit "3," and incorporated in full as if set forth herein.  Michelle Wilson is David Wilson's daughter and Michelle Wilson has no contracting experience and no license to act as a contractor. (McKnew Dec. at ¶ 10.)

15.     Through judgment collection efforts here in California and in Hawaii, the Judgment Creditor discovered that third-party AGC is an entity used by Judgment Debtor David Wilson to conduct business, pay his personal bills, and shelter his income and assets. Michelle Wilson acted as the sometimes-Chief Executive Officer and Chief Financial Officer of AGC, and assisted David Wilson is employing AGC to assist David Wilson in hiding his income and assets from the Judgment Creditor.  (McKnew Dec. at ¶¶ 15-18.)

16.    In March of 2014, the Judgment Creditor lawyers serve AGC with a Wage Garnishment Order directed to David Wilson.  A true and accurate copy of the US Marshals Service is attached hereto as Exhibit "4" and by this reference incorporated herein as if set forth in full.  At the time that Exhibit "4" was served on AGC Andre Hurst was listed as the agent for service of process.  (McKnew Dec. at ¶ 13.)

17.    For all times relevant hereto Andre Hurst was associated with David Wilson in, among other projects, the fraud perpetrated against the Judgment Creditor which resulted in the non-dischargeable Judgement against David Wilson, as well as other projects and business of ACG.  Andre Hurst was also involved with David Wilson and a number of suspect construction projects in Hawaii where Andre Hurst's deposition was taken. (McKnew Dec. at ¶ 14.)

18.    Through judgment collection efforts in California and in Hawaii, the Judgment Creditor conducted a Judgment Debtor Exam of Michelle Wilson pursuant to Orders issues by this Court.  [See Docket Items 579, 585, 592.]

19.    In response to the post-judgment subpoenas issued to Chase Bank, Chase Bank produced bank records related to a Chase Bank account in an account ending in 8776.  A true and accurate copy of the is attached hereto as Exhibit "10" and by this reference incorporated herein as if set forth in full is a copy of Chase Bank account in an account ending in 8776.  (McKnew Dec. at ¶ 18.)

20.    Through judgment collection efforts here in California and in Hawaii, the Judgment Creditor subpoenaed records from Bridge related to its business dealings with David Wilson and AGC.  Bridge produced 126 pages of documents in response to the subpoena served on it.  (McKnew Dec. at ¶¶ 15-16.)

21.     As part of the Chase Bank and Bridge documents recently produced to the Judgment Creditor it has been ascertained that AGC has been collecting money under the Bridge Agreement for services provided to Bridge and AGC by David Wilson.  These same documents show that AGC has been using the money from the Bridge Agreement payments to pay David Wilson's credit cards, phone bills, travel and personals expenses, and to make regular payments to David Wilson.  (McKnew Dec. at ¶¶ 15-18.)

22.     Through judgment collection efforts in California and in Hawaii, in 2021 the Judgment Creditor took the deposition of David Wilson regarding, in part, the relationship between AGC and David Wilson and Bridge Capital LLC located in Saipan.  (McKnew Dec. at ¶ 21.)

23.     Through judgment collection efforts in California and in Hawaii, in 2021 the Judgment Creditor took the deposition Michelle Wilson as the PMK of AGC regarding, in part, the relationship between AGC and David Wilson and Bridge Capital LLC located in Saipan.  (McKnew Dec. at ¶ 17.)

24.     Based upon a review of the depositions of David and Michelle Wilson and the documents produced by Chase Bank and Bridge it is now clear that:

A.  David Wilson is and has been actively involved in AGC;

B.  David and Michelle Wilson today, and since 2014, have jointly operate AGC;

C.  David Wilson employs AGC to operate the current contracts with, among other entities, Bridge Capital LLC located in Saipan;

D.  Bridge Capital has been paying AGC both for the current Agreement for David Wilson's time and expertise and David Wilson's costs incurred as employees of AGC; and

E.  David and Michelle Wilson along with others associated with ACG lied to the

Judgment Creditor about the diversion of money from the Bridge Agreement

which have been over time funneled to David Wilson through payment of his

credit cards, phone bills, travel expenses and regular period payments made is

supposed loans.

(McKnew Dec. at ¶¶ 15-18.)


## III.

## ARGUMENT IN SUPPORT OF ENFORCEMENT OF THE WRIT AND GARNISHMENT

## ORDERS AND IN SUPPORT OF AN INJUNCTION TO ENFORCE SAME

A.  The Judgement Creditor Properly Employed the Judgment Enforcement

Mechanisms in the Code of Civil Procedure.

As outline above, the Judgement Creditor employed the panoply of devises in the

Code of Civil Procedure (hereinafter referred to as the "CCP") to collect on his Judgment

against David Wilson.  Abstracts have been issued and recorded.  Writs have been issues

and served.  Judgment Debtor exams have been ordered and taken.  Third parties have

been examined to gain a clear picture of how David Wilson continues to operate his

contractor's business without accounting to the Judgement Creditor for his sources of

income.

The Judgement Creditor has diligently traced money generated from the Bridge

Agreement to AGC and determined that at the core of the work done by AGC for Bridge are

services performed by David Wilson.  The Judgement Creditor has determined that David

Wilson's credit card and phone bills are regularly paid by or through AGC as are his travel

expenses for service performed under the Bridge Agreement.  The thorough investigation of

the Judgement Creditor has uncovered a secret system whereby David Wilson has access

to tens of thousands of dollars monthly by simply making requests of AGC and having this

daughter Michelle Wilson, approve the payments.  (McKnew Dec. at ¶¶ 15-18 and 21-22.)

The Judgement Creditor has throughout played by the rules while David and Michelle

Wilson and AGC have not.  David and Michelle Wilson and AGC have lied and manipulated

the system to deny the Judgement Creditor access to the income paid to David Wilson to

satisfy the Judgment in this case.  By this Motion the Judge Creditor requests the

intervention of this Court to freeze the Bridge payments under the Agreement to AGC, to

hold David and Michelle Wilson and all others why worked with AGC and the Wilson

accountable for concealing of payments to or for the benefit of David Wilson by AGC, and

for all of the Judgment Creditor's attorneys' fees and costs incurred in this effort.

B.  <u>This Court has the Power Under California Code of Civil Procedure §§ 701.020,
708.180(c) and (d), and 3439.07, made Applicable  by Federal Rule of Bankruptcy
Procedure 7069 and Federal Rule of Civil Procedure Rule 69(a)(2), to Enforce the
Writ and Garnishment Order and to Enjoin the Wrongful Conduct of David and
Michelle Wilson and AGC.</u>

Here, the record is clear that the Judgement Creditor employed the panoply of

devises in the Code of Civil Procedure to collect on his Judgment against David Wilson and

David and Michelle Wilson, and by them AGC ignored and avoided turn over of funds due to

David Wilson from AGC from the Bridge Agreement.  Thus, under the authorities discussed

herein the Judgement Creditor is entitled to have this Court impose third party liability on

Michelle Wilson and ADC and its officers, employees and owners based on their

noncompliance with a Writ, the notice of levy, and the garnishment Orders and post-

judgment enforcement method from an earnings withholding order.

Detailed statutory provisions govern the manner and extent to which civil judgments may be enforced.   *Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 546.   One statutory procedure designed to aid a judgment creditor in his enforcement efforts is a judgment debtor examination.   CCP §§ 708.110-708.205.   Pursuant to the statutory procedure, the judgment creditor may obtain an order requiring the judgment debtor to appear before the court, or a court-appointed referee, to furnish information that will aid in the enforcement of the money judgment.   CCP § 708.110(a).   At the examination, the judgment creditor has the opportunity to inquire of the judgment debtor regarding property the debtor has, or may acquire in the future, that may be available to satisfy the judgment.   *Ibid.*; 16 Cal. Law Revision Com. Rep. (1982) p. 1124.   A judgment debtor examination is intended to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor.   *Young v. Keele* (1987) 188 Cal.App.3d 1090, 1093; *see also Troy v. Superior Court* (1986) 186 Cal.App.3d 1006, 1014 (the purpose of the examination is "to leave no stone unturned in the search for assets which might be used to satisfy the judgment.").

After entry of a money judgment, the judgment creditor may obtain a writ of execution requiring the levying officer to enforce the judgment.   See CCP § 699.510(a); *Vinyard v. Sisson* (1990) 223 Cal.App.3d 931, 939.)   If property subject to levy is in a third party's possession, the levying officer serves a copy of the writ of execution and notice of levy on that person, who may not refuse to comply absent a showing of good cause.   See CCP §§ 700.040(a); 701.010.   <u>A third party's failure to deliver property without good cause renders it directly liable to the judgment creditor for the lesser of the judgment debtor's interest in the property or debt, and the amount required to satisfy the money judgment.</u>   CCP § 701.020(a).   "[A] judgment creditor may enforce the liability imposed by section 701.020

1    either pursuant to examination proceedings . . . or by way of a separate creditor's suit . . . ."

2    *National Financial Lending, LLC v. Superior Court* (2013) 222 Cal.App.4th 262, 271.

3    Examination proceedings under CCP §§ 708.110–708.205 "permit the judgment

4    creditor to examine the judgment debtor, or third persons who have property of or are

5    indebted to the judgment debtor, in order to discover property and apply it toward the

6    satisfaction of the money judgment." *Imperial Bank v. Pim Electric, Inc.* (1995) 33

7    Cal.App.4th 540, 546-547; see *Evans v. Paye* (1995) 32 Cal.App.4th 265, 280.  Pursuant to

8    § 708.120, a judgment creditor may "discover and specify property of the judgment debtor in

9    the third person's possession, and [] obtain an order, on motion, determining any claim of

10   exemption asserted by the judgment debtor." *Ilshin Investment Co., Ltd. v. Buena Vista*

11   *Home Entertainment, Inc.* (2011) 195 Cal.App.4th 612, 626.  "When the third person claims

12   no interest in the property or debt, such a motion procedure may be all that is required in

13   order for the judgment creditor to obtain satisfaction of its judgment in whole or in part." *Ibid.*

14

15   Section 708.510(a), authorizes a court on a noticed motion by the judgment creditor to order

16   the judgment debtor to assign to it "all or part of a right to payment due or to become due."

17   An ORAP is a means by which a judgment creditor can examine the judgment debtor

18   to discover property and apply it toward the satisfaction of the original money judgment.

19   *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App. 4th 540, 546-47 (1995).  A judgment debtor's

20   examination is a "supplemental proceeding attendant to the [original] case." *United States*

21   *v. Feldman*, 324 F. Supp.2d 1112, 1117 (C.D. Cal. 2004).  Even though the initial civil action

22   may be complete, an application for an ORAP is generally filed in the same court where the

23   original money judgment was entered.  CCP § 708.160(a).

24   CCP 701.020 provides as follows:

25   (a)  If a third person is required by this article to deliver property to the levying officer
     or to make payments to the levying officer and the third person fails or refuses

without good cause to do so, the third person is liable to the judgment creditor for whichever of the following is the lesser amount:

(1)  The value of the judgment debtor's interest in the property or the amount of the payments required to be made.

(2)  The amount required to satisfy the judgment pursuant to which the levy is made.

(b)  The third person's liability continues until the earliest of the following times:

(1)  The time when the property levied upon is delivered to the levying officer or the payments are made to the levying officer.

(2)  The time when the property levied upon is released pursuant to Section 699.060 .

(3)  The time when the judgment is satisfied or discharged.

(c)  If the third person's liability is established, the court that determines the liability may, in its discretion, require the third person to pay the costs and reasonable attorney's fees incurred by the judgment creditor in establishing the liability.

California Code of Civil Procedure § 708.110 provides in relevant part:

(a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.

California Code, Code of Civil Procedure - CCP § 708.180(c) and (d) provide as follows:

(c)  Upon application of the judgment creditor made ex parte, the court may make an order forbidding transfer of the property to the judgment debtor or payment of the debt to the judgment debtor until the interests in the property or the existence of the debt is determined pursuant to subdivision (a) or until a creditor's suit may be commenced and an order obtained pursuant to Section 708.240.   An undertaking may be required in the discretion of the court.   The court may modify or vacate the order at any time with or without a hearing on such terms as are just.

(d)  Upon application of the judgment creditor upon noticed motion, the court may, if it determines that the judgment debtor probably owns an interest in the property or that the debt probably is owed to the judgment debtor, make an order forbidding the transfer or other disposition of the property to any person or forbidding payment of the debt until the interests in the property or the existence of the debt is determined pursuant to subdivision (a) or until a creditor's suit may be commenced and an order obtained pursuant to Section 708.240.   The court shall require the judgment creditor

to furnish an undertaking as provided in Section 529 .   The court may modify or vacate the order at any time after notice and hearing on such terms as are just.

Lastly, as to the garnishment orders served Michelle Wilson and AGC, as a matter of California law, upon service of the garnishment order any obligation owed to the judgment debtor is to be paid to the levying officer including amounts currently due at the time of the levy and amounts coming due and payable thereafter while the execution lien remains in effect (two-years from issuance of the writ).  CCP § 697.710; *In re Hernandez* 468 B.R 396, 402 (S.D CA 2012).  <u>Any third party who fails to comply with the turnover and pay becomes personally liable to the Judgment Creditor.  The Judgment Creditor may then file a motion under CCP § 701.020 to enforce this liability.</u>  See *Grayson Services, Inc. v Wells Fargo Bank* (2011) 199 CA4th 563. 5765-76; *see also National Fin'l Lending, LLC v. Sup,Ct. (Brewer Corp.)* (2013) 222 CA4th 262,272.

As set forth above, David and Michelle Wilson have conspired to withhold information from the Judgement Creditor regarding money received from Bridge and paid to AGC for services performed by David Wilson under the Agreement.  This is little less than a classic fraudulent conveyance designed to hide these moneys from the Judgement Creditor.  In California the Uniform Fraudulent Transfer Act provides a remedy and protections for the Judgement Creditor to set aside transfers and to recover the property to pay the Judgment. Under California law the Uniform Fraudulent Transfer Act can be employed when the fraudulent transfers are discovered or reasonably suspected.

A quick review of Uniform Fraudulent Transfer Act notes as follows:

A fraudulent conveyance under the UFTA involves "`a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim.'" (*Kirkeby v. Superior Court* (2004) 33 Cal. 4th 642, 648, 15 Cal. Rptr. 3d 805, 93 P.3d 395.) "A transfer made ... by a *887 debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made ..., if the debtor made the transfer ... as follows: [¶] (1) With actual intent to hinder, delay, or defraud any creditor of the debtor...." (§ 3439.04, subd. (a).)

Section 3439.07, subdivision (a) sets forth creditors' remedies, which include avoidance of a transfer, attachment, and the equitable remedies of injunction and receivership as well as "[a]ny other relief the circumstances may require." (§ 3439.07, subd. (a)(3)(C).) A transfer is not voidable against a person "who took in

good faith and for a reasonably equivalent value or against any subsequent transferee...." (§ 3439.08, subd. (a).)

*Filip v. Bucrencia* (2005) 129 CA4th 825, 827-30.

C. David and Michelle Wilson and AGC have Engaged in Actual Fraudulent Transfers.

With knowledge of the Judgment Creditor's Judgment, David and Michelle Wilson acting through AGC have actively concealed the money generated by AGC from the services performed by David Wilson on the Bridge Agreement.  With knowledge of the Writ and the garnishment Orders David and Michelle Wilson acting through AGC withheld tens of thousands of dollars from the Judgment Creditor.

Under the UVTA, "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor made the transfer or incurred the obligation . . . (1) [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."  CCP § 3439.04(a)(1).  Because "direct evidence of intent to hinder, delay or defraud is uncommon, the determination typically is made inferentially from circumstances consistent with the requisite intent."  *In re Beverly*, 374 B.R. 221, 235 (B.A.P. 9th Cir. 2007).  Thus, § 3439.04(b) "lists eleven nonexclusive factors that historically . . . have been regarded as circumstantial 'badges of fraud' that are probative of intent."  *Id.*[1]   In this matter the acts and conduct of

---

[1]   In 2004, the California legislature added subsection (b) to § 3439.04 which codified the following nonexclusive list of the badges of fraud: (b) In determining actual intent under paragraph (1) of subdivision (a), consideration may be given, among other factors, to any or all of the following: (1) Whether the transfer or obligation was to an insider. (2) Whether the debtor retained possession or control of the property transferred after the transfer. (3) Whether the transfer or obligation was disclosed or concealed. (4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit. (5) Whether the transfer was of substantially all the debtor's assets. (6) Whether the debtor absconded. (7) Whether the debtor removed or concealed assets. (8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred. (9) Whether the debtor was insolvent or became insolvent shortly after
[Footnote continued on next page]

David and MIchelle Wilson and AGC meet the following "badges": (3) whether the transfer

or obligation was disclosed or concealed; (4) whether before the transfer was made or

obligation was incurred, the debtor had been sued or threatened with suit; (7) whether the

debtor removed or concealed assets; and (11) whether the debtor transferred the essential

assets of the business to a lienholder who transferred the assets to an insider of the debtor.

The UFTA list of "badges of fraud" provides neither a counting rule, nor a

mathematical formula.  No minimum number of factors tips the scales toward actual

intent.  A trier of fact is entitled to find actual intent based on the evidence in the case,

even if no "badges of fraud" are present.  Conversely, specific evidence may negate an

inference of fraud notwithstanding the presence of a number of "badges of fraud."  *Filip v.*

*Bucurenciu* (2005) 129 Cal. App. 4th 825; *Annod Corp. v. Hamilton & Samuels*

(2002) 100 Cal. App. 4th 1286.

Under § 548(a)(1), the confluence of several badges of fraud can establish

"conclusive evidence of actual intent to defraud, absent 'significantly clear' evidence of a

legitimate supervening purpose."  *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir. 1994)

(*quoting Max Sugarman Funeral Home Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1255 (1st

Cir. 1991)).  Once multiple indicia of fraud are established, the burden shifts to the

transferee to prove that there was a "legitimate supervening purpose" for the transfer at

issue. *Id.*  There is no bright line test for what constitutes a legitimate supervening purpose;

the issue is simply whether the presumption of fraud has been adequately rebutted.  See *In*

*re Bateman*, 646 F.2d 1220, 1223 n. 4 (8th Cir. 1981) ("The burden which shifts now upon a

showing of reasonable grounds is not a burden of going forward with the evidence requiring

---

[Footnote continued from previous page]
the transfer was made or the obligation was incurred. (10) Whether the transfer occurred shortly before or
shortly after a substantial debt was incurred. (11) Whether the debtor transferred the essential assets of
[Footnote continued on next page]

the bankrupt to explain away natural inferences, but a burden of proving that he has not

committed the objectionable acts with which he has been charged." (*quoting Shainman v.*

*Shear's of Affton, Inc.,* 387 F.2d 33, 37 (8th Cir. 1967)).

>    D. A Temporary Restraining Order and Order to Show Cause Re Entry of a
>
>    Preliminary Injunction are Merited Under the Circumstances of this Case.

As shown above and as supported by the McKew Declaration, a pattern has

developed under which David and Michelle Wilson and AGC have conspired to make sure

that the McKnew Judgment is not satisfied by the Writ and garnishment Orders served on

AGC.  Absent injunctive relief this pattern will continued and David and Michelle Wilson and

AGC will continue to avoid their obligations under the law.

To obtain injunctive relief, a plaintiff generally must show that **(1)** he is likely to

succeed on the merits; **(2)** he is likely to suffer irreparable harm in the absence of

preliminary relief; **(3)** the balance of equities tips in his favor; and (4) an injunction is in the

public interest.  *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 24-25 (2008); *accord*

*Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1126-27 (9th Cir. 2009).  An injunction may also

be appropriate where the plaintiff raises "serious questions going to the merits" and

demonstrates that "the balance of hardships tips sharply in the plaintiff's favor."  *Alliance for*

*the Wild Rockies v. Cottrell,* 622 F.3d 1045, 1052 (9th Cir. 2010). To succeed on its motion

for a temporary restraining order, Judgment Creditor must satisfy all four elements of

the *Winter* test.

Here, the Judgment Credit has established likelihood of success on the merits of his

claim for fraudulent transfers in violation of § 3439.04.  The Judgment Credit has held a

---

[Footnote continued from previous page]
    the business to a lienholder who transferred the assets to an insider of the debtor.

final, non-appealable Judgement against David Wilson for several years.  The record shows that David and Michelle Wilson, acting through AGC, have concealed money due to David Wilson from his work under the Bridge Agreement.

The Judgment Creditor further has established that his injury here is irreparable because, based on the past behavior of David and Michelle Wilson them have acted, and likely will continue to act in concert to transfer, conceal, or otherwise make unavailable assets subject to the issued Writ and garnishment Orders thereby foreclosing the Judgment Creditor from being able to execute on his Judgment.  Specifically, the Judgment Creditor asserts that it is likely David and Michelle Wilson acting through AGC will directly or indirectly transfer dissipate, distribute, or move the income due to David Wilson from any and all projects completed through AGC, and/or other currently unknown projects, or interfere with funds earmarked for David Wilson.  The Judgment Creditor asserts that entry of a TRO is therefore necessary to preserve his ability to execute on his Judgment.

The law in California is clear.  "A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted."  *Johnson v. Couturier,* 572 F.3d 1067, 1085 (9th Cir. 2009) (citing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 881 (9th Cir. 2003)).  An injunction freezing assets may also issue where plaintiff demonstrates that "defendant has engaged in pattern of secreting or dissipating assets to avoid judgment."  *In re Estate of Ferdinand Marco, Human Rights Litig.,* 25 F.3d 1467, 1480 (9th Cir. 1994).

Here, the Judgment Creditor seeks only such equitable relief as is necessary to preserve his rights to recover on his Judgment against David Wilson.  As such, the balance of hardships weighs in the Judgment Creditor's favor.  The Judgment Creditor has been

attempting to execute on his Judgment against David Wilson for over seven years and is

pursuing a chimeric Judgment Debtor.

When an injunction will impact non-parties and has the potential to impact the public,

the public interest is relevant.  *See Stormans, Inc., supra,* at 1109).  By contrast, "[w]hen the

reach of an injunction is narrow, limited only to the parties, and has no impact on non-

parties, the public interest will be at most a neutral factor in the analysis rather than one that

favors granting or denying the preliminary injunction." *Id.* at 1138-39 (quoting *Bernhardt v.*

*L.A. Cnty.,* 339 F.3d 920, 931 (9th Cir. 2003)) (internal quotations marks and brackets

omitted).  The Judgment Creditor asserts that under the circumstances presented, the reach

of the injunction is narrow and limited to the parties and the relevant non-parties, namely

David and Michelle Wilson and AGC and those working with it and therefore the public

interest is not a major factor in the TRO analysis.

The Court may issue a preliminary injunction or a temporary restraining order only if

the movant gives security in an amount that the court considers proper to pay the costs and

damages sustained by any party found to have been wrongfully enjoined or restrained.

Fed. R. Civ. P. 65(c).  Notwithstanding the seemingly mandatory language, "the district

court may dispense with the filing of a bond when it concludes there is no realistic likelihood

of harm to the defendant from enjoining his or her conduct." *Johnson,* 572 F.3d at 1086.

Here, there will be no harm to AGC and thus no bond should be required.

## IV.

## CONCLUSION

Based upon the aforesaid and the McKnew Declaration, the Judgment Creditor

respectfully requests that this Court the following relief:

A. an Order freezing all bank accounts of AGC until a thorough accounting and reconning can take place of all payments from the Bridge Capital Agreement to AGC;

B. the issuance of an Order to Show Cause Why AGC and its officers and agents should not be held in contempt for failing to honor the garnishment Order and withholding sums for the benefit of the Judgment Creditor;

C. an Order enter a permanent injunction stopping AGC from making any further payments to or for the benefit of David Wilson until the Judgment Creditor's non-dischargeable Judgment is paid in full;

D. enter a finding that AGC and its officers and agents violated the garnishment Orders issued by the Court by failing to truthfully report payments made to or for the benefit of David Wilson, failing to withhold these payments, and failing to file a report of garnishee about these payments;

E. ab Order allowing the Judgment Creditor his attorneys' fees and costs incurred to enforce the Writ and garnishment Orders; and

F. grant such other and further relief as the Court deems just and proper under the circumstances of this case.

Date: November 24, 2021

Respectfully submitted,
James Andrew hinds, jr.
THE HINDS LAW GROUP, APC

By: _____
        James Andrew Hinds, Jr.
Attorneys for Judgment Creditor Thomas I.
McKnew, IV individually and as Trustee of the
McKnew Family Trust Dated May 21, 2004

# ROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

21257 Hawthorne Blvd., Second Floor, Torrance, CA 90503

A true and correct copy of the foregoing document entitled: **MOTION FOR TEMPORARY RESTRAINING ORDER IN SUPPORT OF ENFORCEMENT OF GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 701.202, 706.154, 708.180, AND 3439.07 MADE APPLICABLE BY FED. R. BANKR. P. RULE 7069 AND FED. R. CIV. P. RULE 69(a)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **November 26, 2021**  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Christopher L Blank**    chris@chrisblanklaw.com
- **Eryk R Escobar**    eryk@kelawfirm.com, contact@kelawfirm.com
- **James Andrew Hinds**    jhinds@hindslawgroup.com, mduran@hindslawgroup.com
- **Hye Jin Jang**    hjang@jhindslaw.com
- **Weneta M Kosmala (TR)**    ecf.alert+Kosmala@titlexi.com,
  wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
- **Ali Matin**    amatin@bienertkatzman.com,
  admin@bienertkatzman.com;chowland@bienertkatzman.com;4579179420@filings.docketbird.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **David Samuel Shevitz**    david@shevitzlawfirm.com,
  shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (date) **November 26, 2021**   I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) November 26, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 26, 2021 | JAMES ANDREW HINDS, JR. | /s/ James Andrew Hinds, Jr. |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**

*Attorney for Beata Wilson and Michelle Wilson on Behalf of American General Corp.,*
Michael Jones, Esq.,
M. Jones and Associates, PC
505 N Tustin Ave
Santa Ana, CA 92705

*Attorney for David Wilson*
Christopher A. Dias, Esq.
810 Richards St., Ste. 810
Honolulu, HI 96813

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL**

Honorable Robert N. Kwan
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1682 / Courtroom 1675
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**