JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@hindslawgroup.com
THE HINDS LAW GROUP, APC
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Judgment Creditor Thomas I. McKnew, IV individually
and as Trustee of the McKnew Family Trust Dated May 21, 2004

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAVID A. WILSON,<br><br>    Debtor.<br>_____<br>THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of the MCKNEW FAMILY TRUST DATED MAY 21, 2004,<br><br>    Plaintiffs,<br><br>vs.<br><br>DAVID A. WILSON,<br><br>    Defendant. | Case No. 2:12-bk-16195-RK<br><br>(Chapter 7)<br><br>Adv. No. 2:12-ap-01317-RK<br><br>**DECLARATION OF THOMAS I. MCKNEW, IV IN SUPPORT OF MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION PURSUANT TO CALIFORNIA CIVIL PROCEDURE §§ 701.202, 706.154, 708.180, AND 3439.07 MADE APPLICABLE BY FED. R. BANKR. P. RULE 7069 AND FED. R. CIV. P. RULE 69(a)(2)**<br><br>[Filed concurrently with Motion to Enforce Writ Garnishment Orders]<br><br>DATE:   February 9, 2022<br>TIME:   11:00 a.m.<br>PLACE:   CTRM: 1675, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012 |

I, Thomas I. McKnew, IV, hereby declare and state as follows:

1.  I am over the age of 18 and make this declaration in support of the Motion for To Enforce Writ and Garnishment Orders Directed to American General Corporation. I am one of the Plaintiffs and the Judgment Creditor in this matter. I have personal knowledge of the facts set forth herein unless stated on information and belief, and as to such matters I believe them to be true. If called upon I could competently testify from personal knowledge as to the following facts.

2.  David Wilson commenced his bankruptcy case by filing a Voluntary Petition under Chapter 7 of Title 11 of the United States Code on or about August 13, 2008.

3.  The Plaintiffs herein, through their counsel of record, filed their adversary proceeding under 11 U.S.C. § 523(a). The adversary was entitled, *McKnew et al. v. Wilson*, Adv. No. 2:12-ap-01317-RK. The adversary proceeding came on for trial before this Court on February 2, 2012, February 3, 2012, February 6, 2012, August 30, 2012, August 31, 2012, and September 6, 2012.

4.  An Amended Judgment in Favor of Plaintiffs and Against Defendant Based on Memorandum Decision on Adversary Complaint for Nondischargeability of Debts (hereinafter referred to as the "Amended Judgment") was entered in favor of Plaintiffs, THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of THE MCKNEW FAMILY TRUST DATED MAY 21, 2004, against the judgment debtor, DAVID A. WILSON in the United States Bankruptcy Court for the Central District of California in Adversary Proceeding No.: 2:12-ap-01317-RK. A true and accurate copy of the Amened Judgment is Exhibit A to the Request to Take Judicial Notice and by this reference incorporated herein as if set forth in full.

DECLARATION OF THOMAS I MCKNEW, IV IN SUPPORT OF MOTION TO ENFORCE WRIT AND GARISHMENT ORDER AGAINST AMERICAN GENERAL CORPORATION

2

5. On or about December 15, 2014, the Amended Judgment was domesticated in the State of Hawaii where David Wilson owned and operated a business by the name of Hawaiian Islands Regional Center.

6. On or about March 24, 2014, the U.S. Marshal's Office served Garnishment Order on American General Corporation, Inc. (hereinafter referred to as "AGC"). A true and accurate copy of the Proof of Service is reflected in Exhibit C to the Request to Take Judicial Notice and by this reference incorporated herein as if set forth in full. Service of the Garnishment Order was effected on Andre Hurst, CFO of AGC.

7. During the course of post-judgment discovery in this matter I was provided with a document entitled American General Corporation, Contract's Statement of Qualifications. The Contract's Statement of Qualifications lists Andrew Hurst as the Vice President, CFO of AGC. Andre's status was confirmed to me personally in a number of meetings with David Wilson and Andre prior to the filing of the Adversary Proceeding in this case and during judgment collection activities post-judgment. Andre's status was further confirmed to me personally in a number of meetings in Hawaii after my Judgment was domesticated in Hawaii and as part of my efforts to seize assets.

8. For all times relevant hereto Andre Hurst was associated with David Wilson in, among other projects, the fraud perpetrated against me which resulted in the non-dischargeable Judgement against David Wilson, as well as in projects and business of David Wilson. Andre Hurst was also involved with David Wilson and a number of suspect construction projects in Hawaii where I caused my lawyers in Hawaii to take the deposition of Andre Hurst.

9. Between May 14 and June 5, 2014, the U.S. Marshal served a Writ of Execution (hereinafter referred to as the "Writ"), Notice of Levy and Memorandum of

DECLARATION OF THOMAS I MCKNEW, IV IN SUPPORT OF MOTION TO ENFORCE WRIT AND GARISHMENT ORDER AGAINST AMERICAN GENERAL CORPORATION

3

Garnishment were served on: **(1)** the Bank of China; **(2)** David Wilson; **(3)** Jon-Michael Marconi; and **(4)** Beata E. Wilson. A true and accurate copy of the Proof of Service is reflected in Exhibit B to the Request to Take Judicial Notice and by this reference incorporated herein as if set forth in full.

10. On September 11, 2020, a Writ of Execution (hereinafter referred to as the "Writ") was issued by the Clerk of the Court and duly served on David Wilson. A true and accurate copy of the Writ is Exhibit D to the Request to Take Judicial Notice and by this reference incorporated herein as if set forth in full.

11. Through judgment collection efforts in California and in Hawaii, I am informed and believe, and based on such information and belief, state that at all times relevant hereto David Wilson has been connected to AGC. AGC is a family-owned general contracting company with operating in Southern California and Hawaii.

12. I am informed and believe, and based on such information and belief, based on continued judgment collection efforts, state that AGC's website lists David Wilson as the Founder and Chairman of American General Corporation. A copy of AGC's Leadership page from its website is attached hereto as Exhibit "1," and is incorporated herein as if set forth in full.

13. I am informed and believe, and based on such information and belief, based on continued judgment collection efforts, state that a search of David Wilson's contractor license with the Contractor's State License Board of California shows that David Wilson's contractor's license is associated with AGC. A copy of David Wilson's contractor license information from the California Department of Consumer Affairs – Contractors State License Board is Exhibit E to the Request to Take Judicial Notice and by this reference incorporated herein as if set forth in full. and is incorporated herein as if set forth in full.

14. I am informed and believe, and based on such information and belief, based on continued judgment collection efforts, state that Michelle Wilson, David Wilson's daughter, has been at various times listed as the Chief Executive Offer, Chief Financial Officer, and/or Secretary of AGC. A copy of the Statement of Intention of AGC filed with the California Secretary of State is Exhibit F to the Request to Take Judicial Notice and by this reference incorporated herein as if set forth in full.

15. I am informed and believe, and based on such information and belief, based on continued judgment collection efforts, state that Michelle Wilson is David Wilson's daughter and Michelle Wilson has no contracting experience and no license to act as a contractor in any state.

16. Based on my review of the docket and my continued judgment collection efforts, I am informed and believe, and based on such information and belief assert that third-party AGC is an entity used by Judgment Debtor David Wilson, to conduct business, pay his personal bills, and shelter his income and assets.

17. In conjunction with my efforts to collect on the Judgment entered by this Court I caused my lawyers to conduct post-judgment discovery on Bridge Capital LLC located in Saipan (hereinafter referred to as "Bridge"). Counsel for Bridge, Daniel T. Guidotti, responded to post-judgment discovery served on Bridge and produced 126-pages of Bridge/AGC documents. Attached hereto as Exhibit "2," and by this reference incorporated herein as if set forth in full is a true and accurate copy of the October 8, 2021-Objection to Subpoena Received September 24, 2021, from Mr. Guidotti.

18. The key document produced by Bridge is a contract between Bridge and AGC whereby Bridge contracted with AGC to manage a casino and resort project in Bulgaria. In addition, the Bridge files reflect that there are numerous billings sent by AGC to Bridge and

evidence of payment by wire transfer from Bridge to AGC. These payments are around $20,000 per month. Attached hereto as Exhibit "3," and by this reference incorporated herein as if set forth in full is a true and accurate copy of the September 30, 2019-Construction Project Management Agreement by and between Bridge and AGC. Attached hereto collectively as Exhibit "4," and by this reference incorporated herein as if set forth in full is a true and accurate copies of payment and invoices documents produced by Bridge.

19. On September 9, 2020, the Clerk entered an Order allowing the examination of Michelle Wilson on behalf AGC. [See Docket Item # 571.] The examination of Michelle Wilson was conducted on December 2, 2020. Attached hereto collectively as Exhibit "5," and by this reference incorporated herein as if set forth in full is a true and accurate copies of pages from the December 2-examination of Ms. Wilson. Ms. Wilson denied that there was an ongoing business and management relationship between AGC and David Wilson. Ms. Wilson further denied that money was due to David Wilson from AGC.

20. In response to the post-judgment Subpoena, Chase Bank produced documents to my counsel for an AGC account ending in 8776. A true and accurate copies of a portion of the Chase document production is attached hereto as Exhibit "6" and by this reference incorporated herein as if set forth in full is a copy of Chase Bank account in an account ending in 8776.

21. As part of Exhibits "4" and "6" reflect regular payments made by AGC on credit cards held and used by David Wilson.

22. As part of Exhibits "4" and "6" reflect payments made by check for the benefit of David and Beata Wilson.

23. On January 8, 2021, my counsel in Hawaii conducted a post-judgment deposition of David Wilson. Attached hereto collectively as Exhibit "7," and by this reference

incorporated herein as if set forth in full is a true and accurate copies of pages from the January 8-examination of David Wilson.  David Wilson denied that there was an ongoing business and management relationship between AGC and himself.  David Wilson further denied that money due to David Wilson from AGC.

24. Based upon my review of the depositions of David and Michelle Wilson it is clear that David Wilson, acting for AGC, entered into a contract with Bridge Capital to function as project manager to develop the Svelingrad Resort and Casino project located in Svilengrad, Bulgaria.  It is further clear that Bridge has been paying AGC for services provided by David Wilson under his contractor's license. Lastly, it is clear that David Wilson have been receiving regular payments from AGC for services rendered.  It is also clear that only David Wilson has any construction experience, David Wilson signed the Bridge Agreement, David Wilson appears to provide all services to Bridge Capital under the Agreement, and income from the Agreement has been diverted to AGC to avoid payment of my Judgment under the garnishment Orders issued by this Court.

25. Based upon my review of the depositions of David and Michelle Wilson it is clear to me that David and Michelle both lied under penalty of perjury when describing how David Wilson used alleged "loans" from AGC to fund his lifestyle.  More importantly, David and Michelle both lied under penalty of perjury when describing the relationship between David Wilson and AGC and its contracts with Bridge Capital.

26. Based upon the documents recently discovered by my counsel: **(a)** from time-to-time David Wilson as President of AGC made requests for payment and advances against the future Project Management Fees under the Bridge Agreement; **(b)** pursuant to paragraph 13 of the Bridge Agreement all payments were to be made to AGC, Attention:

DECLARATION OF THOMAS I MCKNEW, IV IN SUPPORT OF MOTION TO ENFORCE WRIT AND GARISHMENT ORDER AGAINST AMERICAN GENERAL CORPORATION

7

Michelle Wilson; and **(c)** from time-to-time AGC paid David Wilson's credit card, phone bills, and other charges.

27. Based upon my review of the depositions of David and Michelle Wilson and the documents produced in conjunction with these depositions and the documents produced by Chase Bank and Bridge I have determined that:

A. David Wilson is still actively involved in AGC;

B. David and Michelle Wilson today, and since 2014, have jointly operate AGC;

C. David Wilson employs AGC to operate the current contracts with Bridge Capital LLC located in Saipan; and

D. Bridge Capital has been paying AGC both for the current contract and costs incurred by David and Michelle Wilson as employees of AGC.

28. By this Motion as the Judgment Creditor, I request that this Court:

A. Enter an Order that AGC, David Wilson and Michelle Wilson have failed to abide by the terms of the Writ and Garnishment Orders serve on them by diverting money paid to AGC for the work of David Wilson without reporting same to the Plaintiff under the pending Judgment liens and garnishment Order;

B. Enter an Order freezing all bank accounts of AGC until a thorough accounting and reconning can take place of all payments from the Bridge Capital Agreement to AGC;

C. Issuing an Order to Show Cause Why AGC and its officers and agents should not be held in contempt for failing to honor the Judgment liens and garnishment Order and withholding sums for the benefit of the Judgment Creditor;

D. Enter a finding that AGC and its officers and agents violated the garnishment Orders issued by the Court by failing to truthfully report payments made to or for

DECLARATION OF THOMAS I MCKNEW, IV IN SUPPORT OF MOTION TO ENFORCE WRIT AND GARISHMENT ORDER AGAINST AMERICAN GENERAL CORPORATION

8

the benefit of David Wilson, failing to withhold these payments, and failing to file a report of garnishee about these payments;

E. Granting me my attorneys' fees and costs, subject to proof, in obtaining further Orders from this Court; and

F. Provide what other relief as the Court deems just and proper under the circumstances of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of January 2022 at Tiburon, California

*[signature]*

Thomas I. McKnew, IV