JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@hindslawgroup.com
THE HINDS LAW GROUP, APC
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Judgment Creditor Thomas I. McKnew, IV individually
and as Trustee of the McKnew Family Trust Dated May 21, 2004

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAVID A. WILSON,<br><br>               Debtor.<br>_____<br><br>THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of the MCKNEW FAMILY TRUST DATED MAY 21, 2004,<br><br>               Plaintiffs,<br><br>vs.<br><br>DAVID A. WILSON,<br><br>               Defendant.<br>_____ | Case No. 2:12-bk-16195-RK<br><br>(Chapter 7)<br><br>Adv. No. 2:12-ap-01317-RK<br><br>**MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 701.202, 706.154, 708.180, AND 3439.07 MADE APPLICABLE BY FED. R. BANKR. P. RULE 7069 AND FED. R. CIV. P. RULE 69(a)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed concurrently with Declaration]<br><br>DATE:   February 9, 2022<br>TIME:    11:00 a.m.<br>PLACE:   CTRM: 1675, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012 |

**TO THE HONORBALE ROBERT KWAN, BANKRPUTCY JUDGE, AMERICAN GENERAL CORPORATION, THE JUDGMENT DEBTOR, DAVID A. WILSON, MICHELLE WILSON, AND THE CLERK OF THE COURT:**

1.      Judgment Creditor, Thomas I. McKnew, IV individually and as Trustee of the McKnew Family Trust Dated May 21, 2004 (hereafter referred to as the "Plaintiff" or the "Judgment Creditor"), respectfully moves this Court for Orders restraining the Judgment debtor, David A. Wilson, third-party American General Corporation (hereafter referred to as "AGC") and all persons, entities, agents and third parties acting in concert with David Wilson and AGC, and requesting the following relief:

A. an Order that AGC, David Wilson, and Michelle Wilson have failed to abide by the terms of the Writ and Garnishment Orders serve on them by diverting money paid to AGC for the work done by David Wilson without reporting same to the Plaintiff under the pending Judgment liens and Garnishment Order;

B. an Order freezing all bank accounts of AGC until a thorough accounting and reconning can take place of all payments from the Bridge Capital Agreement to AGC;

C. an Order to Show Cause Why AGC and its officers and agents should not be held in contempt for failing to honor the Judgment liens and Garnishment Order and withholding sums for the benefit of the Judgment Creditor;

D. a finding that AGC and its officers and agents violated the Writ ant Garnishment Orders issued by the Court by failing to truthfully report payments made to or for the benefit of David Wilson, failing to withhold these payments, and failing to file a report of garnishee about these payments;

E. granting the moving party it's attorneys' fees and costs, subject to proof, in obtaining further Orders from this Court; and

F.  providing what other relief as the Court deems just and proper under the

circumstances of this case.

**PLEASE TAKE NOTICE** that the Motion is based on the attached Memorandum of

Points and Authorities, the Request to Take Judicial Notice, the Declaration of Thomas I.

McKnew, IV, the files of this Court in regard to the final Judgment entered on October 10,

2013, in favor of the Judgment Creditor and against David Wilson, and such other and

further evidence as may be presented to the Court at or prior to the hearings on this Motion.

This Motion is further made and based on California Code of Civil Procedures §§ 701.020,

706.154, 708.180, and 3439.07.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-

1(h) the failure to timely file and serve written opposition may be deemed by the Court to be

consent to the granting of the relief requested in the Motion.


Date: January 13, 2022                          Respectfully submitted,
                                                JAMES ANDREW HINDS, JR.
                                                THE HINDS LAW GROUP, APC


                                                By:  /s/  James Andrew Hinds, Jr.
                                                    James Andrew Hinds, Jr.
                                                Attorneys for Judgment Creditor Thomas I.
                                                McKnew, IV individually and as Trustee of the
                                                McKnew Family Trust Dated May 21, 2004

1

**TABLE OF CONTENTS**

2

Page No.

3   **MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF ENFORCEMENT**

4   **OF WRIT AND THE GRANISHMENT ORDERS SERVED ON AMERICAN GENERAL**

5   **CORPORATION**………………………………………………………………....…….. **5**

6

7   I.      SUMMARY OF THE ARGUMENT  …………………………………… 5

8   II.     SUMMARY OF THE FACTS………………………………………..……… 7

9   **III.**    ARGUMENT IN SUPPORT OF ENFORCEMENT OF THE WRIT AND

10          GARNISHMENT ORDERS AND IN SUPPORT OF SAME ……………...…. 11

11

12   A.  The Judgement Creditor Properly Employed the Judgment Enforcement

13          Mechanisms in the Code of Civil Procedure ……………………………..  …    11

14   B.      This Court has the Power Under California Code of Civil Procedure §§

15          701.020, 708.180(c) and (d), and 3439.07, made Applicable  by Federal Rule of

16          Bankruptcy Procedure 7069 and Federal Rule of Civil Procedure Rule 69(a)(2), to

17          Enforce the Writ and Garnishment Order …………………………………… 12

18

19   C.  David and Michelle Wilson and AGC have Engaged in Actual Fraudulent

20          Transfers …………………………………………………………………….. 17

21

22   IV.     CONCLUSION ……………………………………………………….….... 19

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page No.

## Cases

*Annod Corp. v. Hamilton & Samuels*
(2002) 100 Cal. App. 4th 1286 ………………………………………………… 18

*Evans v. Paye* (1995)
32 Cal.App.4th 265, 280 ………………………………………………….. 14

*Filip v. Bucrencia*
(2005) 129 CA4th 825, 827-30 ……………………………………………   17, 18

*Ilshin Investment Co., Ltd. v. Buena Vista Home Entertainment, Inc.*
(2011) 195 Cal.App.4th 612, 626 ………………………………………………..14

*Imperial Bank v. Pim Elec., Inc.*
(1995) 33 Cal. App. 4th 540, 546-47 ……………………………………… 13, 14

*National Financial Lending, LLC v. Superior Court*
(2013) 222 Cal.App.4th 262 …………………………………………………… 14

*Troy v. Superior Court*
(1986) 186 Cal.App.3d 1006, 1014 …………………………………………… 13

*Vinyard v. Sisson*
(1990) 223 Cal.App.3d 931, 939 ……………………………………………...13

*Young v. Keele*
(1987) 188 Cal.App.3d 1090, 1093 …………………………………………… 13

MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL
CORPORATION

# TABLE OF AUTHORITIES

Page No.

## Statutes

Code of Civil Procedure

§ 697.710 ................................................................................... 16

§ 699.510(a) ................................................................................ 13

§ 700.040(a) ................................................................................ 14

§ 701.010 .................................................................................... 16

§ 701.020 ........................................................................12, 14, 15, 15, 16

§ 708.110 ................................................................... 12, 13, 14, 15

§ 708.110(a) ...............................................................................13

§ 708.120 ....................................................................................14

§ 708.180(a) ...............................................................................15

§ 708.180(c) ...............................................................................15

§ 708.180(d) ...............................................................................15

§ 708.205 ................................................................. 13, 14, 15, 16

§ 3439.07 ................................................................. 12, 17, 28, 19

## Other Authorities

16 Cal. Law Revision Com. Rep. (1982) p. 1124 ............................................... 13

MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL
CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF ENFORCEMENT**

**OF WRIT AND THE GRANISHMENT ORDERS SERVED ON AMERICAN GENERAL**

**CORPORATION**

**I.**

**SUMMARY OF THE ARGUMENT**

The Judgment Creditor and David Wilson engaged in a business venture where in David Wilson and others misrepresented the risks associated with the venture to the Judgment Creditor resulting in a loss to the Judgment Creditor of $2.2 million.  [Adv. Docket Item #1.]

David Wilson commenced his bankruptcy case by filing a Voluntary Petition under Chapter 7 of Title 11 of the United States Code on or about August 13, 2008.  [Docket Item #1.]  One of the primary purposes of the Wilson chapter 7 was to avoid the liability owed to, among others, the Judgment Creditor from pre-petition fraudulent acts and conduct.

The Judgment Creditor filed an adversary proceeding under 11 U.S.C. § 523(a).  The adversary was entitled, *McKnew et al. v. Wilson*, Adv. No. 2:12-ap-01317-RK.  The adversary proceeding came on for trial before this Court on February 2, 2012, February 3, 2012, February 6, 2012, August 30, 2012, August 31, 2012, and September 6, 2012.

On or about April 3, 2014, an Amended Judgment in Favor of the Judgment Creditor and against David Wilson (hereinafter referred to as the "Amended Judgment") in Adversary Proceeding No.: 2:12-ap-01317-RK.  [Docket Item # 297.]

On or about December 15, 2014, the Amended Judgment was domesticated in the State of Hawaii where David Wilson owned and operated a business by the name of Hawaiian Islands Regional Center.  (McKnew Dec. at ¶ 5.)

In order to collect on the Amended Judgment, the Judgment Creditor obtained a Writ and served the Writ on David Wilson, Beata Wilson, and AGC and other entities known to be associated with David Wilson.  The Judgment Creditor also requested and conducted Judgment Debtor Exams of David Wilson, the President of AGC, Beata Wilson David Wilson's wife, and various third-parties.  As part of his judgment collection efforts, the Judgment Creditor domesticated the Judgment in Hawaii and then conducted extensive post-judgment discovery in both California and Hawaii.  (McKnew Dec. at ¶ 5 and 11, 13, 17-20.)

On or about  March 7, 2014, the Judgment Creditor served AGC with a Judgment Debtor Examination Order in 2020.  On or about March 7, 2014, the Judgment Creditor served AGC, through its officers and agents, with a Garnishment Order.  [Docket Item # 316.]  The Garnishment Order directed that any wages due to David Wilson be held and paid over to the Judgment Creditor in partial satisfaction of the Judgment.  Nothing has been paid over to Judgment Creditor under the Garnishment Order.

In response to the Judgment Debtor Exams David Wilson and Michelle Wilson, the president of AGC and David Wilson's daughter, lied under oath about the relationship between AGC and Bridge Capital, LLC (hereinafter referred to as "Bridge"), how David Wilson's travel, credit card, and phone bills were paid through AGC, how money from a Construction Project Management Agreement (hereinafter referred to as the "Agreement") between AGC and Bridge were regularly transferred to or for the benefit of David Wilson. (See Declaration of Thomas I. McKnew, IV at ¶¶ 11-25 )

However, through collection efforts conducted in Hawaii and elsewhere the Judgment Creditor has now determined the truth and discovered that David Wilson, Michelle Wilson, AGC, and others acting through and for AGC have failed to honor Writ and the Garnishment

MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION

Order served on AGC and thus cheated the Judgment Creditor from income going to David

Wilson through AGC.

　　　　As set forth hereinbelow, the acts and conduct of AGC, David Wilson, and the

officers, agents, and employees of AGC resulted in tens of thousands of dollars passing

through AGC from Bridge to David Wilson without accounting for same to pay the Judgment

Creditor Judgment in this case.  The acts and conduct of AGC, David Wilson, and the

officers, agents, and employees of AGC was willful and malicious and intended to deceive

the Judgment Creditor and this Court.

　　　　By this Motion as the Judgment Creditor requests that this Court:

A.  Find that as part of the current contracts with Bridge David and Michelle Wilson
　　 have diverted money paid to AGC for the work of David Wilson without reporting
　　 same to the Plaintiff under the pending Judgment liens and Garnishment Orders;

B.  Issue an Order to Show Cause Why AGC and its officers and agents should not
　　 be held in contempt for failing to honor the Writ and Garnishment Orders and
　　 withholding sums for the benefit of the Judgment Creditor;

C.  Enter a finding that AGC and its officers and agents violated the Writ and
　　 Garnishment Orders issued by the Court by failing to truthfully report payments
　　 made to or for the benefit of David Wilson, failing to withhold these payments, and
　　 failing to file a report of garnishee about these payments; and

D.  An award of attorneys' fees and costs incurred by the Judgment Creditor to
　　 enforce the Writ and Garnishment Orders.


**II.**

**SUMMARY OF THE FACTS**

MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL
CORPORATION

Through judgment collection efforts in California and in Hawaii the Judgment Creditor discovered that David Wilson has been at all times relevant hereto connected to ACG, a family-owned general contracting company with operating in Southern California, Hawaii, the far East, and Europe.  (McKnew Dec. at ¶¶  11-251)

Through judgment collection efforts in California and in Hawaii, the Judgment Creditor discovered that AGC's website listed David Wilson as the Founder and Chairman of AGC.  A copy of AGC's Leadership page from its website is attached hereto as Exhibit "1," and is incorporated herein as if set forth in full.  (McKnew Dec. at ¶ 12.)

Through judgment collection efforts here in California and in Hawaii, the Judgment Creditor discovered that a search of David Wilson's contractor license with the Contractor's State License Board of California shows that David Wilson's contractor's license is associated with AGC.  A copy of David Wilson's contractor license information from the California Department of Consumer Affairs – Contractors State License Board is attached hereto as Exhibit "E," to the Request to Take Judicial Notice and is incorporated herein as if set forth in full.  (McKnew Dec. at ¶ 13.)

Through judgment collection efforts in California and in Hawaii, the Judgment Creditor discovered that Michelle Wilson has been at various times listed as the Chief Executive Offer, Chief Financial Officer, and Secretary of AGC.  A copy of the Statement of Intention of AGC filed with the California Secretary of State is attached hereto as Exhibit "F," to the Request to Take Judicial Notice and incorporated in full as if set forth herein.  Michelle Wilson is David Wilson's daughter and Michelle Wilson has no contracting experience and no license to act as a contractor.  (McKnew Dec. at ¶¶ 14-15.)

Through judgment collection efforts here in California and in Hawaii, the Judgment Creditor discovered that third-party AGC is an entity used by Judgment Debtor David Wilson

MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION

to conduct business, pay his personal bills, and shelter his income and assets.  Michelle

Wilson acted as the sometimes-Chief Executive Officer and Chief Financial Officer of AGC,

and assisted David Wilson is employing AGC to assist David Wilson in hiding his income

and assets from the Judgment Creditor.  (McKnew Dec. at ¶¶ 14-26.)

In March of 2014, the Judgment Creditor lawyers serve AGC with a Wage

Garnishment Order directed to David Wilson.  A true and accurate copy of the US Marshals

Service is attached hereto as Exhibit "C" to the rRequest to Take Judicial Notice and by this

reference incorporated herein as if set forth in full.  At the time that Exhibit "C" was served

on AGC Andre Hurst was listed as the agent for service of process.  (McKnew Dec. at ¶  6-

8.)

For all times relevant hereto Andre Hurst was associated with David Wilson in,

among other projects, the fraud perpetrated against the Judgment Creditor which resulted in

the non-dischargeable Judgement against David Wilson, as well as other projects and

business of ACG.  Andre Hurst was also involved with David Wilson and a number of

suspect construction projects in Hawaii where Andre Hurst's deposition was taken.

(McKnew Dec. at ¶  6-8.)

Through judgment collection efforts in California and in Hawaii, the Judgment

Creditor conducted a Judgment Debtor Exam of Michelle Wilson as PMK of ACG pursuant

to Orders issues by this Court.  [See Docket Items 579, 585, 592 and McKnew Dec. at ¶

19.]  Michelle Wilson failed to disclose the existence of the Bridge Agreement and that

income from Bridge to AGC was for work performed by David Wilson under his Contractor's

license, through AGC.  (McKnew Dec. at ¶¶ 13, 15, and 24.)

In response to the post-judgment subpoenas issued to Chase Bank, Chase Bank

produced bank records related to a Chase Bank account in an account ending in 8776.

True and accurate copies of the Chase Bank produced bank records are attached hereto as Exhibit "6" to the McKnew Declaration.  (McKnew Dec. at ¶ 20.)

Through judgment collection efforts here in California and in Hawaii, the Judgment Creditor subpoenaed records from Bridge related to its business dealings with David Wilson and AGC.  Bridge produced 126 pages of documents in response to the subpoena served on it.  (McKnew Dec. at ¶¶  17-18 245-26.)

As part of the Chase Bank and Bridge documents recently produced to the Judgment Creditor it has been ascertained that AGC has been collecting money under the Bridge Agreement for services provided to Bridge and AGC by David Wilson.  These same documents show that AGC has been using the money from the Bridge Agreement payments to pay David Wilson's credit cards, phone bills, travel and personals expenses, and to make regular payments to David Wilson.  (McKnew Dec. at ¶ 26.)

Through judgment collection efforts in California and in Hawaii, in 2021 the Judgment Creditor took the deposition of David Wilson regarding, in part, the relationship between AGC and David Wilson and Bridge Capital LLC located in Saipan.  David Wilson failed to disclose the existence of the Bridge Agreement and that income from Bridge to AGC was for work performed by him under his Contractor's license, through AGC.  (McKnew Dec. at ¶ 23-24.)

Based upon a review of the depositions of David and Michelle Wilson and the documents produced by Chase Bank and Bridge it is now clear that:

A.  David Wilson is and has been actively involved in AGC;

B.  David and Michelle Wilson today, and since 2014, have jointly operate AGC;

C.  David Wilson employs AGC to operate the current contracts with, among other entities, Bridge Capital LLC located in Saipan and elsewhere;

D. Bridge Capital has been paying AGC both for the current Agreement for David

Wilson's time and expertise and David Wilson's costs incurred as employees of

AGC; and

E. David and Michelle Wilson along with others associated with ACG lied to the

Judgment Creditor about the diversion of money from the Bridge Agreement

which have been over time funneled to David Wilson through payment of his

credit cards, phone bills, travel expenses and regular period payments made is

supposed loans.

(McKnew Dec. at ¶¶ 11-27.)

## III.

## ARGUMENT IN SUPPORT OF ENFORCEMENT OF THE WRIT AND GARNISHMENT

## ORDERS TO ENFORCE SAME

A. <u>The Judgement Creditor Properly Employed the Judgment Enforcement</u>

<u>Mechanisms in the California Code of Civil Procedure.</u>

As outline above, the Judgement Creditor employed the panoply of devises in the

Code of Civil Procedure (hereinafter referred to as the "CCP") to collect on his Judgment

against David Wilson.  Abstracts have been issued and recorded.  Writs have been issues

and served.  Judgment Debtor exams have been ordered and taken.  Third parties have

been examined to gain a clear picture of how David Wilson continues to operate his

contractor's business without accounting to the Judgement Creditor for his sources of

income.

The Judgement Creditor has diligently traced money generated from the Bridge

Agreement to AGC and determined that at the core of the work done by AGC for Bridge are

services performed by David Wilson under his Contractor's license.  The Judgement

Creditor has determined that David Wilson's travel, credit card, and phone bills are regularly

paid by or through AGC as are his travel expenses for service performed under the Bridge

Agreement.  The thorough investigation by the Judgement Creditor has uncovered a secret

system whereby David Wilson has access to tens of thousands of dollars monthly by simply

making requests of AGC and having this daughter Michelle Wilson, an officer of SGC,

approve the payments.  (McKnew Dec. at ¶¶  11-24.)

The Judgement Creditor has throughout played by the rules while David and Michelle

Wilson and AGC have not.  David and Michelle Wilson and AGC have lied and manipulated

the system to deny the Judgement Creditor access to the income paid to David Wilson

through AGC to satisfy the Judgment in this case.  By this Motion the Judge Creditor

requests the intervention of this Court to freeze the Bridge payments under the Bridge

Agreement with AGC, to hold David and Michelle Wilson and all others why worked with

AGC and the Wilson accountable for concealing of payments to or for the benefit of David

Wilson by AGC, to freeze the AGC bank accounts so that an accounting can be had of

money diverted to David Wilson and not paid against the Judgment in violation of the Writ

and Garnishment Orders, and for all of the Judgment Creditor's attorneys' fees and costs

incurred in this effort.

B.  <u>This Court has the Power Under California Code of Civil Procedure §§ 701.020,</u>

<u>708.180(c) and (d), and 3439.07, made Applicable by Federal Rule of Bankruptcy</u>

<u>Procedure 7069 and Federal Rule of Civil Procedure Rule 69(a)(2), to Enforce the</u>

<u>Writ and Garnishment Orders</u>.

Here, the record is clear that the Judgement Creditor employed the panoply of

devises in the Code of Civil Procedure to collect on his Judgment against David Wilson and

David and Michelle Wilson, and by them AGC ignored and avoided turn over of funds due to

David Wilson from AGC from the Bridge Agreement.  Thus, under the authorities discussed

herein the Judgement Creditor is entitled to have this Court impose third-party liability on

Michelle Wilson and AGC and its officers, employees and owners based on their

noncompliance with a Writ, the notice of levy, and the Garnishment Orders.

Detailed statutory provisions govern the manner and extent to which civil judgments

may be enforced.   *Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 546.   One

statutory procedure designed to aid a judgment creditor in his enforcement efforts is a

judgment debtor examination.   CCP §§  708.110-708.205.   Pursuant to the statutory

procedure, the judgment creditor may obtain an order requiring the judgment debtor to

appear before the court, or a court-appointed referee, to furnish information that will aid in

the enforcement of the money judgment.   CCP §  708.110(a).   At the examination, the

judgment creditor has the opportunity to inquire of the judgment debtor regarding property

the debtor has, or may acquire in the future, that may be available to satisfy the judgment.

*Ibid.*; 16 Cal. Law Revision Com. Rep. (1982) p. 1124.   A judgment debtor examination is

intended to allow the judgment creditor a wide scope of inquiry concerning property and

business affairs of the judgment debtor.   *Young v. Keele* (1987) 188 Cal.App.3d 1090,

1093; *see also Troy v. Superior Court* (1986) 186 Cal.App.3d 1006, 1014 (the purpose of

the examination is "to leave no stone unturned in the search for assets which might be used

to satisfy the judgment.").

After entry of a money judgment, the judgment creditor may obtain a writ of execution

requiring the levying officer to enforce the judgment.  See CCP § 699.510(a); *Vinyard v.

Sisson* (1990) 223 Cal.App.3d 931, 939.)  If property subject to levy is in a third party's

possession, the levying officer serves a copy of the writ of execution and notice of levy on

that person, who may not refuse to comply absent a showing of good cause.  See CCP §§ 700.040(a); 701.010.  <u>A third party's failure to deliver property without good cause renders it directly liable to the judgment creditor for the lesser of the judgment debtor's interest in the property or debt, and the amount required to satisfy the money judgment</u>.  CCP § 701.020(a).  "[A] judgment creditor may enforce the liability imposed by section 701.020 either pursuant to examination proceedings . . . or by way of a separate creditor's suit . . . ." *National Financial Lending, LLC v. Superior Court* (2013) 222 Cal.App.4th 262, 271.

Examination proceedings under CCP §§ 708.110–708.205 "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment."  *Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 546-547; see *Evans v. Paye* (1995) 32 Cal.App.4th 265, 280.  Pursuant to § 708.120, a judgment creditor may "discover and specify property of the judgment debtor in the third person's possession, and [] obtain an order, on motion, determining any claim of exemption asserted by the judgment debtor."  *Ilshin Investment Co., Ltd. v. Buena Vista Home Entertainment, Inc.* (2011) 195 Cal.App.4th 612, 626.  "When the third person claims no interest in the property or debt, such a motion procedure may be all that is required in order for the judgment creditor to obtain satisfaction of its judgment in whole or in part." *Ibid.* Section 708.510(a), authorizes a court on a noticed motion by the judgment creditor to order the judgment debtor to assign to it "all or part of a right to payment due or to become due."

An ORAP is a means by which a judgment creditor can examine the judgment debtor to discover property and apply it toward the satisfaction of the original money judgment. *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App. 4th 540, 546-47 (1995).  A judgment debtor's examination is a "supplemental proceeding attendant to the [original] case." *United States*

*v. Feldman*, 324 F. Supp.2d 1112, 1117 (C.D. Cal. 2004).  Even though the initial civil action

may be complete, an application for an ORAP is generally filed in the same court where the

original money judgment was entered.  CCP § 708.160(a).

CCP 701.020 provides as follows:

(a)  If a third person is required by this article to deliver property to the levying officer
or to make payments to the levying officer and the third person fails or refuses
without good cause to do so, the third person is liable to the judgment creditor for
whichever of the following is the lesser amount:

(1)  The value of the judgment debtor's interest in the property or the amount
of the payments required to be made.

(2)  The amount required to satisfy the judgment pursuant to which the levy is
made.

(b)  The third person's liability continues until the earliest of the following times:

(1)  The time when the property levied upon is delivered to the levying officer
or the payments are made to the levying officer.

(2)  The time when the property levied upon is released pursuant to Section
699.060 .

(3)  The time when the judgment is satisfied or discharged.

(c)  If the third person's liability is established, the court that determines the liability
may, in its discretion, require the third person to pay the costs and reasonable
attorney's fees incurred by the judgment creditor in establishing the liability.

California Code of Civil Procedure § 708.110 provides in relevant part:

(a) The judgment creditor may apply to the proper court for an order requiring the
judgment debtor to appear before the court, or before a referee appointed by the
court, at a time and place specified in the order, to furnish information to aid in
enforcement of the money judgment.

California Code, Code of Civil Procedure - CCP § 708.180(c) and (d) provide

as follows:

(c)  Upon application of the judgment creditor made ex parte, the court may make an
order forbidding transfer of the property to the judgment debtor or payment of the
debt to the judgment debtor until the interests in the property or the existence of the
debt is determined pursuant to subdivision (a) or until a creditor's suit may be
commenced and an order obtained pursuant to Section 708.240.   An undertaking

1

2

may be required in the discretion of the court.   The court may modify or vacate the order at any time with or without a hearing on such terms as are just.

3

4

5

6

7

(d)  Upon application of the judgment creditor upon noticed motion, the court may, if it determines that the judgment debtor probably owns an interest in the property or that the debt probably is owed to the judgment debtor, make an order forbidding the transfer or other disposition of the property to any person or forbidding payment of the debt until the interests in the property or the existence of the debt is determined pursuant to subdivision (a) or until a creditor's suit may be commenced and an order obtained pursuant to Section 708.240.   The court shall require the judgment creditor to furnish an undertaking as provided in Section 529 .   The court may modify or vacate the order at any time after notice and hearing on such terms as are just.

8

9

10

11

12

13

14

15

16

17

Lastly, as to the Garnishment orders served Michelle Wilson and AGC, as a matter of California law, upon service of the Garnishment order any obligation owed to the judgment debtor is to be paid to the levying officer including amounts currently due at the time of the levy and amounts coming due and payable thereafter while the execution lien remains in effect (two-years from issuance of the writ).  CCP § 697.710; *In re Hernandez* 468 B.R 396, 402 (S.D CA 2012).  Any third party who fails to comply with the turnover and pay becomes personally liable to the Judgment Creditor.  The Judgment Creditor may then file a motion under CCP § 701.020 to enforce this liability.  See *Grayson Services, Inc. v Wells Fargo Bank* (2011) 199 CA4th 563. 5765-76; *see also National Fin'l Lending, LLC v. Sup,Ct. (Brewer Corp.)* (2013) 222 CA4th 262,272.

18

19

20

21

22

23

24

25

26

27

28

As set forth above, David and Michelle Wilson have conspired to withhold information from the Judgement Creditor regarding money received from Bridge and paid to AGC for services performed by David Wilson under the Bridge Agreement.  This is little less than a classic fraudulent conveyance designed to hide these moneys from the Judgement Creditor. In California the Uniform Fraudulent Transfer Act provides a remedy and protections for the Judgement Creditor to set aside transfers and to recover the property to pay the Judgment. Under California law the Uniform Fraudulent Transfer Act (now known as Uniform Voidable Transactions Act "UVTA") can be employed when the fraudulent transfers are discovered or reasonably suspected.

A quick review of UVTA notes as follows:

Under the California UVTA, asset transfers by a debtor are voidable if the transfer was made "with actual intent to hinder, delay, or defraud any creditor of the debtor."  Cal. Civ. Code § 3439.04(a)(1).  Courts may consider several factors to determine intent to hinder, delay, or defraud, but no single factor is dispositive.  See *Filip v. Bucurenciu* (2005) 129 Cal. App. 4th 825.  The factors are set forth in the UVTA, Cal. Civ. Code § 3439.04(b), and include whether: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control over the property after the transfer; (3) the transfer was disclosed or concealed; (4) the transfer was made after the debtor had been sued or threatened with suit; (5) the transfer was of substantially all of the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the consideration that the debtor received was reasonably equivalent to the value of the asset; (9) the debtor was insolvent or became insolvent shortly after the transfer was made; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; (11) the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.  Cal. Civ. Code § 3439.04(b).

C.  <u>David and Michelle Wilson and AGC have Engaged in Actual Fraudulent Transfers</u>.

With knowledge of the Judgment Creditor's Judgment, David and Michelle Wilson acting through AGC have actively concealed the money generated by AGC from the services performed by David Wilson on the Bridge Agreement.  With knowledge of the Writ and the Garnishment Orders David and Michelle Wilson acting through AGC withheld tens of thousands of dollars from the Judgment Creditor.

Under the UVTA,  because "direct evidence of intent to hinder, delay or defraud is uncommon, the determination typically is made inferentially from circumstances consistent with the requisite intent."  *In re Beverly*, 374 B.R. 221, 235 (B.A.P. 9th Cir. 2007).  Thus, § 3439.04(b) "lists eleven nonexclusive factors that historically . . . have been regarded as

MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION

circumstantial 'badges of fraud' that are probative of intent." *Id.*[1]   In this matter the acts

and conduct of David and MIchelle Wilson and AGC meet the following "badges": (3)

whether the transfer or obligation was disclosed or concealed; (4) whether before the

transfer was made or obligation was incurred, the debtor had been sued or threatened with

suit; (7) whether the debtor removed or concealed assets; and (11) whether the debtor

transferred the essential assets of the business to a lienholder who transferred the assets to

an insider of the debtor.

CCP § 3439.04 contains a non-exclusive list of "badges of fraud" provides neither

a counting rule, nor a mathematical formula.  No minimum number of factors tips the

scales toward actual intent.  A trier of fact is entitled to find actual intent based on the

evidence in the case, even if no "badges of fraud" are present.  Conversely, specific

evidence may negate an inference of fraud notwithstanding the presence of a number of

"badges of fraud." *Filip v. Bucurenciu* (2005) 129 Cal. App. 4th 825; *Annod Corp. v.

Hamilton & Samuels* (2002) 100 Cal. App. 4th 1286.  The thrust of CCP § 3439.04 and the

cases is that there is no minimum number of the factors need to stablish intent.

Section 3439.07 provides the remedies available to a creditor in an action "against a

transfer or obligation."  CCP § 3439.07(a).  These remedies include: avoidance of the

---

[1]      In 2004, the California legislature added subsection (b) to § 3439.04 which codified the following nonexclusive list of the badges of fraud: (b) In determining actual intent under paragraph (1) of subdivision (a), consideration may be given, among other factors, to any or all of the following: (1) Whether the transfer or obligation was to an insider. (2) Whether the debtor retained possession or control of the property transferred after the transfer. (3) Whether the transfer or obligation was disclosed or concealed. (4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit. (5) Whether the transfer was of substantially all the debtor's assets. (6) Whether the debtor absconded. (7) Whether the debtor removed or concealed assets. (8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred. (9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred. (10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred. (11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL
CORPORATION

transfer "to the extent necessary to satisfy the creditor's claim" (§ 3439.07(a)(1));

attachment or any other provisional remedy against the asset or the property of the

transferee under applicable law (*id.*,(a)(2)); injunctive relief against the debtor or transferee,

or both, to prevent further transfer of the asset or property (*id.*,(a)(3)(A)); appointment of a

receiver over the asset or property of the transferee (*id.*,(a)(3)(B)); and "[a]ny other relief the

circumstances may require" (*id.*,(a)(1)(C)).  For now the Judgment Creditor seeks relief

under all sections other than (a)(3)(A).

## IV.

### CONCLUSION

Based upon the aforesaid and the McKnew Declaration, the Judgment Creditor

respectfully requests that this Court the following relief:

A.  an Order freezing all bank accounts of AGC until a thorough accounting and

reconning can take place of all payments from the Bridge Capital Agreement to AGC;

B.  the issuance of an Order to Show Cause Why AGC and its officers and agents

should not be held in contempt for failing to honor the Writ and Garnishment Order

and withholding sums for the benefit of the Judgment Creditor;

C.  enter a finding that AGC and its officers and agents violated the Writ and

Garnishment Orders issued by the Court by failing to truthfully report payments made

to or for the benefit of David Wilson, failing to withhold these payments, and failing to

file a report of garnishee about these payments;

D.  ab Order allowing the Judgment Creditor his attorneys' fees and costs incurred to

enforce the Writ and garnishment Orders; and

E.  grant such other and further relief as the Court deems just and proper under the circumstances of this case.

Date: January 13, 2022                    Respectfully submitted,
                                          JAMES ANDREW HINDS, JR/
                                          THE HINDS LAW GROUP, APC


                                          By: _/s/_ James Andrew Hinds, Jr.
                                              James Andrew Hinds, Jr.
                                          Attorneys for Judgment Creditor Thomas I.
                                          McKnew, IV individually and as Trustee of the
                                          McKnew Family Trust Dated May 21, 2004