CHRISTOPHER A. DIAS [SBN (Hawaii) 6265]
chris@chrisdiaslaw.com
810 Richards Street, Suite 839
Honolulu, Hawaii 96813
Telephone: (808) 524-4600
Facsimile: (808) 521-2870

Pro Hac Vice Attorney for
Defendant-Debtor
DAVID A. WILSON

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAVID A. WILSON,<br><br>                  Debtor.<br><br>THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of the MCKNEW FAMILY FAMILY TRUST DATED MAY 21, 2004,<br><br>                  Plaintiffs,<br><br>vs.<br><br>DAVID A. WILSON,<br><br>                  Defendant. | Case No.    2:12-bk-16195<br><br>(Chapter 7)<br><br>Adv. No.    2:12-ap-01317-RK<br><br>**DEFENDANT-DEBTOR DAVID A. WILSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO "MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 701.202, 706.154, 708.180, AND 3439.07 MADE APPLICABLE BY FED. R. BANKR. P. RULE 7069 AND FED R. CIV. P. RULE 69(a)(2)," FILED JANUARY 13, 2022**<br><br>DATE:    February 15, 2022<br>TIME:    2:30 p.m.<br>PLACE:  CTRM 1675, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012 |

1    Comes now Defendant-Debtor David A. Wilson ("Wilson"), by and through his undersigned
2    attorney, and hereby submits the following Memorandum of Points and Authorities in Opposition to
3    Plaintiffs-Judgment Creditors Thomas I. McKnew, IV and Lisa A. McKnew, individually and as
4    Trustees of the McKnew Family Trust Dated May 21, 2004's ( the "McKnews") "Motion to Enforce
5    Writ and Garnishment Orders Directed to American General Corporation Pursuant to California
6    Code of Civil Procedure §§ 701.202, 706.154, 708.180, and 3439.07 Made Applicable by Fed. R.
7    Bankr. P. Rule 7069 and Fed. R. Civ. P. Rule 69(a)(2)," filed herein on January 13, 2022 (the
8    "Motion").

9    In this Motion the McKnews seek drastic remedies against Wilson, American General
10    Corporation ("AGC") and others for their supposed disobedience of a garnishment order
11    ("Garnishment") and writ of execution ("Writ") seeking collection of monies paid by AGC to
12    Wilson.  However, the entire premise of the Motion assumes, incorrectly, that AGC, as the party in
13    possession of the assets the McKnews seek to seize, was properly served with the Garnishment and
14    Writ.

15    It was not.

16    Service of the Garnishment and Writ is governed by § 684.110(a)(1) of the California Code
17    of Civil Procedure ("CCCR"), which provides that the Garnishment and Writ are to be served in the
18    same manner as the service of a summons under CCCR Chapter 4.  CCCR § 416.10(a) and (b)
19    allows for service upon a corporation, such as AGC, by personally delivering a copy of the document
20    to be served to the corporation's designated registered agent or an officer of the corporation.  Neither
21    was done in this case.

22    The McKnews claim that they affected service by delivering a copy of (only) the
23    Garnishment upon Andre Hurst ("Hurst") on March 7, 2014.[1]  However, Hurst was never the
24    registered agent or an officer of AGC.  In 2013, the year before the Hurst service, the company's

---

[1] In his declaration (at ¶ 6) submitted in support of the Motion Thomas I. McKnew, IV identifies the date of Hurst's service as March **24**, 2014.

2

registered agent for service of process had been Benjamin Meeker ("Meeker"), but Meeker resigned from this role on February 11, 2013. See Exhibit "A." Also in 2013, on June 1, 2013 Hurst was dissociated from the company completely. See Exhibit "B." The McKnews' purported service of AGC via service upon Hurst was therefore ineffectual. Since AGC was never properly served, its and Wilson's obligations under the Garnishment and Writ never arose, so the Motion is premature and without a valid factual or legal basis.

According to the Marshal's return (Exhibit "B" to Request to Take Judicial Notice, Dkt. No. 636), Hurst was served at 22342 Avenida Empresa, Suite 200, Rancho Santa Margarita, CA 92688. The owner of this commercial property confirms that AGC was never a tenant of this property. See Exhibit "C."

The Motion (at p. 5) states that AGC was served with the Writ, but does not state a date of service or provide any proof of service. In his declaration (at ¶ 9) in support of the Motion, McKnew states incorrectly that the Writ (and other documents) were served upon Wilson, Bank of China, Jon-Michael Marconi and Beata E. Wilson (but **not** AGC–the party allegedly in possession of assets payable to Wilson), and cites to Exhibit "B" of the Request to Take Judicial Notice as proof of this service. However, said exhibit is not a proof of service of the Writ upon these persons, but rather the return and acknowledgment of the ineffectual service of the Garnishment upon Hurst. The following exhibit, Exhibit "C" to the Request to Take Judicial Notice, is a proof of service, but again only as to the Garnishment and not the Writ.

As such, neither the Garnishment nor the Writ have ever validly been served, so neither AGC nor Wilson can be said to have engaged in any disobedience of the mandates of either document. The Motion should therefore be denied.

Wilson will comply with any obligations imposed upon him by this Court with respect to the McKnews' collection efforts, but simply and reasonably requires that the McKnews follow the requisite procedures in their employment of collection remedies. If and when AGC is properly served with an order to withhold property belonging to Wilson and to pay said property over to the McKnews, Wilson will comply with all duties required of him and, while he does not represent

AGC, would expect AGC to do so as well.

Pursuant to L.R. 9013-1(f)(2), the McKnews are hereby notified that any reply memoranda they wish to file in response to this memorandum in opposition must be filed and served no later than seven (7) days prior to the hearing on the Motion.

Dated this 1st day of February 2022 at Honolulu, Hawaii.

Respectfully submitted,
Christopher A. Dias

/s/ Christopher A. Dias
CHRISTOPHER A. DIAS
Attorney for Defendant-Debtor
DAVID A. WILSON

4