JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@hindslawgroup.com
THE HINDS LAW GROUP, APC
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Judgment Creditor Thomas I. McKnew, IV individually
and as Trustee of the McKnew Family Trust Dated May 21, 2004

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAVID A. WILSON,<br><br>                      Debtor.<br><br>THOMAS I. MCKNEW, IV and LISA A. MCKNEW, individually and as Trustees of the MCKNEW FAMILY TRUST DATED MAY 21, 2004,<br><br>                      Plaintiffs,<br><br>vs.<br><br>DAVID A. WILSON,<br><br>                      Defendant. | Case No. 2:12-bk-16195-RK<br><br>(Chapter 7)<br><br>Adv. No. 2:12-ap-01317-RK<br><br>**REPLY ON MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 701.202, 706.154, 708.180, AND 3439.07 MADE APPLICABLE BY FED. R. BANKR. P. RULE 7069 AND FED. R. CIV. P. RULE 69(a)(2)**<br><br>DATE: February 15, 2022<br>TIME: 2:30 p.m.<br>PLACE: CTRM: 1675, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012 |

Judgment Creditor, Thomas I. McKnew, IV individually and as Trustee of the McKnew Family Trust Dated May 21, 2004 (hereafter referred to as the "Plaintiff" or the

---

1
REPLY ON MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION

"Judgment Creditor"), has reviewed the opposing papers filed by Michelle Wilson, American General Corporation (hereafter referred to as "AGC"), and the judgment Debtor, David Wilson (hereinafter collectively referred to as the "Opponents"). [Docket Items ## 648, 649, 650, 651, and 652.] What is clear from a reading of the Oppositions is that none of the opposing parties wants to address the core issues raised by the Plaintiff as part of the pending Motion, *viz.*, that David Wilson has been using AGC for a number of years under the aegis of his daughter, Michelle Wilson, to pay for a lavish lifestyle of worldwide travel and construction-related advising around the world without reporting the under-the-table payments to the Plaintiff as the holder of a non-dischargeable judgment against David Wilson. Rather, the essence of the Oppositions is on form over substance, process over the merits attack, and even with this the Motion deserves a hearing to determine who is ultimately telling the truth and who is hiding behind the Big Lie.

The Judgment Creditor notes that with all the paper filed by the Opponents no one took issue with the true told by Mr. McKnew in his Declaration. There is no direct attack on the allegations made as part of the McKnew Declaration and thus as part of this Reply the Judgment Creditor will again rely on his prior sworn statements which are unchallenged.

**A.    DAVID WILSON, AMERICAN GENERAL, AND MICHELLE WILSON HAVE BEEN PROPERLY SERVED WITH THE WRIT AND THE GARISHMENT PAPERS**

In this matter, post-judgment, the Plaintiff properly obtained a Writ and served the Writ on David Wilson, Beata Wilson, and AGC and other entities known to be associated with David Wilson. (See McKnew De. ¶¶ 6, 9, and 10.)

In this matter, post-judgment, the Plaintiff properly serve judgment debtor exam orders on Michelle Wilson, the President of AGC, Beata Wilson, the wife of David Wilson,

and David Wilson the founder of AGC. All three finally appeared and have been examined in conjunction with the collection of the judgment in this matter.

The Opposing Parties take issue with two points for service on AGC. First, they contend that service on Andre Hurst was improper because they contend Andre Hurst was not the registered officer for service for AGC. Second, they contend that service on Andre Hurst at his office address at 22342 Avenida Empressa, Suite 200, Santa Margarita, CA 92680 was never an address of AGC. [See Docket Item # 291.] The arguments of the Opponents fail on both points.

The Opponents cannot contest that at the time of service of the registered process server Andre Hurst worked at the Santa Margarita, CA-address. The process server's declaration is not questioned by the Opponents and there is no evidence to properly contest the process server's declaration. California law does not require that the address for the personal served with process need not be the address of the corporate entity being served. The Opponents have not directly challenged the registered process server Proof of Service. Thus, the Opponents' first argument is little more than a Red Herring.

The record before this Court shows that Andre Hurst held himself out to be an officer of AGC in this very proceeding as late as <u>February 3, 2014</u>. Evidence of this is the chapter 7 Trustee sought and took a Rule 2004 exam of Andre Hurst as the duly authorized officer of ACG to appear and produce records for the Trustee[1]. (See Main Docket Item # 156, attached hereto as Request to Take Judicial Notice Exhibit "F.") The Proof of Service on the Trustee's Motion the AGC Rule 2004 exam shows that AGC was served both through Andre Hurst, at 91 Avenida Del Mar, 3rd Floor, San Clemente, CA 92672, and via its counsel,

1  Benjamin L. Meeker, at 91 Avenida Del Mar, 3rd Floor, San Clemente, CA 92672.  Andre

2  Hurst not only showed up for his examination for the chapter 7 Trustee but produced

3  records for the Trustee as mandated by this Court's Order.

4      The Declaration of Thomas Casey, Esq., counsel for the chapter 7 Trustee, provides

5  insights into the meet and confer process with counsel for AGC which resulted in Andre

6  Hurst begin designed twice by ACG to be it designee for the Trustee's examination into

7  AGC.  (A true and accurate copy of Mr. Casey's Declaration in support of the 2004—Exam

8  Motion is attached to the Request to Take Judicial Notice Exhibit "F.")

9      For example, at ¶ 16 of the Casey Declaration Mr. Casey discloses that he reached

10  out to AGC's general counsel and requested that Andre Hurst, Chief Financial Officer of

11  AGC, appear for 2004 exam for AGC.  The same is true in ¶ 18 of the Casey Declaration.

12  Mr. Hurst appeared for examination as the PMQ for AGC and testified before Mr. Casey.

13  See ¶¶ 20 and 21 of the Casey Declaration.  What is clear is that when it has been

14  convenient for Michelle and David Wilson to hold Andre Hurst out as a representative of

15  AGC they do so.  Apparently today it is deemed an inconvenience to have Andre Hurst

16  associated with AGC.

17      So, while the Opponents boldly state that when the Plaintiff served Andre Hurst with

18  the Garnishment Order "Andre Hurst left his position with AGC in 2013 and was a not at all

19  affiliated with AGC at the time his was supposedly served on behalf of ACG on March 10,

20  2014. . . ." this is at odds with the true facts and positions taken by AGC with the chapter

21  7Trustee in this very case.  (See Michelle Wilson's Opposition to Motion to Enforce and

---

[Footnote continued from previous page]

1   See *Chapter 7 Trustee's Motion for an Order Authorizing a Bankruptcy Rule 2004 Examination of Andre Hurst of American General Corporation and for Production of Documents Pursuant to Bankruptcy Rule 9016.* (See Main Docket Item # 153.)

---

4
REPLY ON MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION

Garnishment Order at p. 6:21-26.) The record before this Court shows that at no time did AGC, nor David nor Michelle Wilson oppose designating Andre Hurst to appear before the chapter 7 Trustee and providing documents in the name of ACG. Thus, the Opponents' second argument is little more than a Red Herring.

**B.   THE RECORD SHOWS THAT THE PLAINTIFF ENGAGED IN COMPREHENSIVE DISCOVERY ON THE BUSINESS ACITIVITES OF AGC THROUGH HIS DOMESTICATED JUDGMENT IN HAWAII AND JUST DISCOVERED THE FRAUD PRACTICED BY DAVID WILSON, AMERICAN GENERAL, AND MICHELLE WILSON**

As part of his judgment collection efforts, the Judgment Creditor domesticated the Judgment in Hawaii and then conducted extensive post-judgment discovery in both California and Hawaii. This included examinations of Andre Hurst and David Wilson. (McKnew Dec. at ¶ 5 and 11, 13, 17-20.)

On or about March 7, 2014, the Judgment Creditor served AGC with a Judgment Debtor Examination Order in 2020. On or about March 7, 2014, the Judgment Creditor served AGC, through its officers and agents, with a Garnishment Order. [Docket Item # 316.] The Garnishment Order directed that any wages due to David Wilson be held and paid over to the Judgment Creditor in partial satisfaction of the Judgment. Nothing has been paid over to Judgment Creditor under the Garnishment Order.

These activities took the Plaintiff to follow David Wilson and ACG to Saipan where it was discovered that David Wilson was employing ACG and using his contractor's license to contract with Bridge on several lucrative building and management projects. (McKnew Dec. at ¶¶ 17, 18, 20, and 21-24.) At the same time, Plaintiff recently learned that AGC was

being used by Michelle and David Wilson to pay for David Wilson, phone, travel, and personal expenses and thus diverting tens of thousands of dollars from the judgment claim held by the Plaintiff. The Opponents simply fail to address this part of the Motion and this omission must be viewed as a consent to the claims established in the McKnew Declaration. (McKnew Dec. at ¶¶ 17, 18, 20, and 21-26.)

### C. THE OPPONENTS FAIL TO ADDRESS THE LEGAL ARGUMENTS IN SUPPORT OF ENFORCEMENT OF THE WRIT AND GARNISHMENT ORDERS TO ENFORCE SAME

The Plaintiff's Motion spells out how the Code of Civil Procedure (hereinafter referred to as the "CCP") can be used to collect on his Judgment against David Wilson. The Motion detailed the statutory provisions governing the manner and extent to which civil judgments may be enforced. Plaintiff has played by the rules which the Opponents have played fast and loose.

As set forth in the Motion, Plaintiff obtained a writ of execution requiring the levying officer to enforce the judgment. See CCP § 699.510(a); *Vinyard v. Sisson* (1990) 223 Cal.App.3d 931, 939.) The writ of execution was served David Wilson, Michelle, Wilson, and AGC. Under controlling California law when David Wilson, Michelle, Wilson, and AGC are served with the Writ and the Garnishment Order they may not refuse to comply absent a showing of good cause. See CCP §§ 700.040(a); 701.010. <u>A third party's failure to deliver property without good cause renders it directly liable to the judgment creditor for the lesser of the judgment debtor's interest in the property or debt, and the amount required to satisfy the money judgment.</u> CCP § 701.020(a). "[A] judgment creditor may enforce the liability imposed by section 701.020 either pursuant to examination proceedings . . . or by way of a

separate creditor's suit . . . ." *National Financial Lending, LLC v. Superior Court* (2013) 222 Cal.App.4th 262, 271.

CCP 701.020 provides as follows:

(a) If a third person is required by this article to deliver property to the levying officer or to make payments to the levying officer and the third person fails or refuses without good cause to do so, the third person is liable to the judgment creditor for whichever of the following is the lesser amount:

    (1) The value of the judgment debtor's interest in the property or the amount of the payments required to be made.

    (2) The amount required to satisfy the judgment pursuant to which the levy is made.

(b) The third person's liability continues until the earliest of the following times:

    (1) The time when the property levied upon is delivered to the levying officer or the payments are made to the levying officer.

    (2) The time when the property levied upon is released pursuant to Section 699.060 .

    (3) The time when the judgment is satisfied or discharged.

(c) If the third person's liability is established, the court that determines the liability may, in its discretion, require the third person to pay the costs and reasonable attorney's fees incurred by the judgment creditor in establishing the liability.

California Code of Civil Procedure § 708.110 provides in relevant part:

(a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.

California Code, Code of Civil Procedure - CCP § 708.180(c) and (d) provide as follows:

(c) Upon application of the judgment creditor made ex parte, the court may make an order forbidding transfer of the property to the judgment debtor or payment of the debt to the judgment debtor until the interests in the property or the existence of the debt is determined pursuant to subdivision (a) or until a creditor's suit may be commenced and an order obtained pursuant to Section 708.240. An undertaking may be required in the discretion of the court. The court may modify or vacate the order at any time with or without a hearing on such terms as are just.

(d) Upon application of the judgment creditor upon noticed motion, the court may, if it determines that the judgment debtor probably owns an interest in the property or that the debt probably is owed to the judgment debtor, make an order forbidding the transfer or other disposition of the property to any person or forbidding payment of the debt until the interests in the property or the existence of the debt is determined pursuant to subdivision (a) or until a creditor's suit may be commenced and an order obtained pursuant to Section 708.240. The court shall require the judgment creditor to furnish an undertaking as provided in Section 529. The court may modify or vacate the order at any time after notice and hearing on such terms as are just.

The record before this Court shows that David Wilson, Michelle, Wilson, and AGC have violated the dictates of CCP §§ 701.020 and 708.180(c) and (d) and their conduct cannot go unpunished.

**D.    CONCLUSION**

It is simply hard to swallow the argument made by AGC in its Opposition that AGC did not know of the Garnishment Order until recently some eight years after Andre Hurst was properly served with the Garnishment Order. (See AGC Opposition at p. 8:12-18.) Mr. McKnew has followed David Wilson around the world examining over time David Wilson (at least two times in two different time zones), examining Beata Wilson, Michelle Wilson, and several third parties. The Opponents cannot, in good faith, deny that these are the facts.

Given the strident positions taken by the Opponents, at a minimum this Court aught to determine that this is a contested matter and set the matter for further proceedings, including discovery directed to Michelle and David Wilson to determine if they are in fact in violation of the Writ and Garnishment Orders served on them and AGC. A trial where Michelle and David Wilson come and sit before this Court would be the best avenue to justice.

/ / /

/ / /

/ / /

1  Date: February 7, 2022　　　　　　　　Respectfully submitted,
2　　　　　　　　　　　　　　　　　　　　　JAMES ANDREW HINDS, JR/
　　　　　　　　　　　　　　　　　　　　　THE HINDS LAW GROUP, APC
3

4　　　　　　　　　　　　　　　　　　　By:  /s/  James Andrew Hinds, Jr.
　　　　　　　　　　　　　　　　　　　　　　James Andrew Hinds, Jr.
5　　　　　　　　　　　　　　　　　　　Attorneys for Judgment Creditor Thomas I.
　　　　　　　　　　　　　　　　　　　　McKnew, IV individually and as Trustee of the
6　　　　　　　　　　　　　　　　　　　McKnew Family Trust Dated May 21, 2004

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28