FILED & ENTERED

FEB 16 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY vandenst DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

DAVID ALAN WILSON,

                            Debtor.

THOMAS I. MCKNEW, IV, et al.,

                            Plaintiffs,

vs.

DAVID A. WILSON,

                            Defendant.

Case No. 2:12-bk-16195-RK

Chapter 7

Adv. No. 2:12-ap-01317-RK

**TENTATIVE RULING ON PLAINTIFFS' MOTION TO ENFORCE WRIT AND GARNISHMENT ORDERS DIRECTED TO AMERICAN GENERAL CORPORATION**

Hearing
Date:    February 15, 2022
Time:    2:30 p.m.
Courtroom:   1675

Hearing conducted via Zoom for Government

      The court hereby orders that its tentative ruling on Plaintiffs' Motion to Enforce Writ and Garnishment Orders Directed to American General Corporation Pursuant to California Code of Civil Procedure §§ 701.202, 706.154. 708.180, and 3439.07 Made Applicable by Fed. R . Bankr. P. Rule 7069 and Fed. R. Civ. P. Rule 69(a) (Docket No.

-1-

639), which was posted on the court's website before the hearing on February 15, 2022, is adopted. The text of the tentative ruling is as follows:

> Updated tentative ruling as of 2/15/22. Plaintiffs Thomas I. McKnew, IV, and Lisa A. McKnew, Trustees of the McKnew Family Trust Dated May 21, 2004, who are the judgment creditors in this adversary proceeding, filed a motion to enforce writ and garnishment orders directed to American General Corporation (AGC) based on a judgment they obtained against Defendant David A. Wilson, Debtor. By their motion, Plaintiffs seek injunctive, declaratory and monetary relief against "AGC and its officers and agents" in enforcement of their writ of execution and garnishment orders. AGC, Defendant David Wilson and Michelle Wilson, Debtor's daughter and admitted CEO of AGC have filed written oppositions to the motion and essentially argue that Plaintiffs did not properly serve AGC's correct agent for service of process or officer with the writ and garnishment orders. AGC and Michelle Wilson argue they were neither served with the garnishment order nor the writ of execution.
>
> In the motion, Plaintiffs seek an order:
>
>     1. Determining that AGC, David Wilson and Michelle Wilson failed to abide the terms of the writ and garnishment order by diverting funds paid to AGC for work performed by David Wilson and not reporting the work to Plaintiffs under their judgment lien(s) and garnishment order;
>
>     2. Freezing all bank accounts of AGC until there is a thorough accounting of payments from Bridge Capital Agreement to AGC;
>
>     3. Issuing an order to show cause re: contempt against AGC and its officers and agents for failing to honor their judgment lien(s) and the garnishment order;
>
>     4. Finding that AGC and its officers and agents violated the writ and garnishment orders by failing to report payments made to David Wilson, failing to withhold these payments and failing to file report of garnishment re payments;
>
>     5. Awarding them their attorney's fees and costs; and
>
>     6. Providing other relief as the court deems just and proper.
>
> Federal Rule of Bankruptcy Procedure 7069 makes Federal Rule of Civil Procedure 69 applicable to this adversary proceeding. Federal Rule of Civil Procedure 69(a)(1) provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located, but a

federal statute governs to the extent it applies."  Under applicable California law, writs and orders must be personally served in the same manner as the service of a summons under California Code of Civ Procedure, Chapter 4.  California Code of Civil Procedure § 684.110(a).  Pursuant to California Code of Civil Procedure § 416.10(a) and (b), a corporation may be served through an agent for service of process or an officer.  The instructions to the levying officer serving the writ must list the correct name and address of the judgment debtor.  California Code of Civil Procedure § 684.130(a).  Creditor must use reasonable diligence to ascertain the person's correct name and address.  California Code of Civil Procedure § 684.130(a).

Plaintiffs seek enforcement of their judgment against Defendant David Wilson through garnishment of his wages and salary from his employer, AGC, pursuant to California Code of Civil Procedure § 706.154(a) which states, "If an employer fails to withhold or to pay over the amount the employer is required to withhold and pay over pursuant to this chapter, the judgment creditor may bring a civil action against the employer to recover such amount."

Plaintiffs contend that they are entitled to enforcement of a wage garnishment order served on AGC.  Plaintiffs contend that they served AGC by service on Andre Hurst as the agent for AGC at the address of 22342 Avenida Empresa, Suite. 200, Rancho Santa Margarita, CA.  In opposition, AGC, David Wilson and Michelle Wilson contend that AGC was not properly served in this manner because AGC has never been located at this address and that Hurst was not an agent for service of process and did not work with the company in 2014 when the wage garnishment order and writ of execution were allegedly served.  Plaintiffs in reply contend that Hurst was AGC's agent in March 2014 when the garnishment order was served because he appeared for AGC as its person most knowledgeable for a Federal Rule of Bankruptcy Procedure 2004 taken by the Chapter 7 trustee in this case in February 2014.

The evidence of whether AGC was served with a wage garnishment order by service on Hurst is insufficient.  First, the moving papers do not contain copies of a wage garnishment order and related papers allegedly served on Hurst, thus, the court cannot tell what was served on Hurst to be enforced.  In this regard, the court is uncertain about enforcement of any wage garnishment order as the case docket does not reflect that the court issued such an order.  Second, the evidence of alleged service on Hurst is not conclusive that he was served.  Plaintiffs contend that in March 2014, the U.S. Marshal's Service (USMS) served the wage garnishment order on AGC, through its agent Andre Hurst, CFO of AGC.  See Motion, 8:6-12.  The evidence they cite to in the motion is Request for Judicial Notice (RJN), Docket No. 636, Exhibit C at page 12.  RJN Exhibit C shows Janney & Janney, a private, registered process service as the process server.  Assuming Janney & Janney properly served AGC through Hurst, RJN Exhibit C indicates that an "earnings withholding order" was served, but not a writ of execution as the "earnings withholding order" box was checked off, but not the

writ of execution box, on the proof of service.  RJN, Docket No. 636 at page 12. There is no copy of the "earnings withholding order" allegedly served attached to the proof of service, and there is no copy of such order in the moving papers, and there is no reference to such an earnings withholding order issued by the court. Plaintiffs also refer to a letter from their counsel to the Orange County Sheriff dated December 16, 2013, enclosing an application for an earnings withholding order based on a copy of a writ of execution issued by the court.  Declaration of James Andrew Hinds, Jr., Docket No. 635, Exhibit 8 and Opposition, Docket No. 648, Exhibit E.  There is no evidence that the Orange County Sheriff ever issued an earnings withholding order based on this application.  The court notes that the application for earnings withholding order is defective on its face referring to David Alan Wilson as the employer and American General Corporation as the employee.  (Even if the Orange County Sheriff had issued an earnings withholding order, the court is uncertain that it could enforce such an order as civil contempt as it would not have been an order of this court.)

As to RJN Exhibit B, which Plaintiffs apparently contend shows service on Hurst by the USMS, the court believes that Plaintiffs misinterpret Exhibit B.  Exhibit B is a one-page document from the USMS which shows a "wage garnishment package" was received by the USMS for service on Hurst, but there is no indication on the document that the USMS actually served it on Hurst.  RJN Exhibit B was filed as Docket No. 291 on March 24, 2014.  Apparently, Janney & Janney was to actually serve the papers while the USMS remained as the levying officer.   Nevertheless, while the proof of service indicates that Janney & Janney served papers on Hurst on March 7, 2014 at the address indicated, there are no copies of the served papers to show what may be enforced.  (In the motion, Plaintiffs also refer to the proof of service Docket No. 316, filed on June 5, 2014, as proof that they served AGC through its agent, Hurst, with the Wage Garnishment Order.  Motion, 5:10-14.  However, Docket No. 316 refers to the writ of execution rather than the wage garnishment order and does not indicate that Janney and Janney, the process server, served any documents on AGC.)

Third, the evidence is insufficient to show that Hurst was an officer of AGC at the time he was allegedly served.  AGC's filings with the California Secretary of State were deficient and did not show who were officers and agents for service of process in 2014.  The only filing by AGC on the record with the California Secretary of State as to the status of agents for service of process was that Attorney Benjamin Meeker had resigned as the agent in 2013.  There are no filings with the California Secretary of State showing that Hurst was an officer or agent for service of process as of 2014.  There is some circumstantial evidence that Hurst may have been involved in AGC, such as being the  designated to appear for it as the "person most knowledgeable" at the Chapter 7 trustee's Rule 2004 examination of AGC in February 2014, which examination was ordered upon motion of the trustee, but this evidence is insufficient to show that he was acting as an officer or agent of AGC for service of process purposes in March 2014.  First, there is no evidence that the Rule 2004 examination of Hurst

actually occurred, and second, if he was so examined, there is no evidence as to what capacity was he appearing for AGC.  Plaintiff Thomas McKnew asserts in his declaration that Hurst held himself out to be an officer in this adversary proceeding as late as February 3, 2014, but there is no evidence to support this assertion, such as a written admission by Hurst of such alleged fact, just assertions made on behalf of the trustee by her counsel in her motion to authorize the Rule 2004 examination that when trustee's counsel informally spoke with Hurst in January 2013 that he was speaking on behalf of AGC.  See Declaration of Thomas Casey, ¶¶ 20-21 in Plaintiffs' Supplemental Request for Judicial Notice, Docket No. 654.  Plaintiffs have not shown that Hurst was a registered agent for AGC or its officer in 2014 to be considered as a proper recipient of service of process.

Regarding service of Plaintiffs' 2014 writ of execution, Plaintiffs assert that between May 14 and June 5, 2014, the USMS served the Writ of Execution, Notice of Levy and Memorandum of Garnishment on (1) the Bank of China, (2) David Wilson, (3) Jon-Michael Marconi and (4) Beata E. Wilson.  Declaration of Thomas McKnew, Docket No. 637, ¶ 9.  In referring to service of the writ of execution in his declaration, Mr. McKnew cites to the Request for Judicial Notice, Exhibit B, but Exhibit B was a single-page document from the USMS regarding receipt of the March 2014 wage garnishment package, not the 2014 writ of execution issued by the court on April 22, 2014.  Docket No. 305, filed and entered on April 22, 2014.  Apparently, Mr. McKnew was referring to the proofs of service of the writ of execution on Bank of China and Wells Fargo Bank as the garnishee parties.  Docket Nos. 306 and 307, filed on May 19, 2014; Docket No. 316, filed on June 5, 2014. These documents show that the parties subject to the writ of execution as the garnishees were Bank of China and Wells Fargo Bank, also with service on David Allen Wilson as the judgment debtor, Attorney Jon-Michael Marconi as debtor's counsel and Beata E. Wilson as debtor's spouse.  These proofs of service do not indicate any service on AGC as garnishee or in any other capacity.  Thus, it appears that there was no service of the 2014 writ of execution on AGC.

Regarding Plaintiffs' 2020 writ of execution, Plaintiffs submitted as RJN Exhibit D a copy of the writ of execution issued by the court on September 11, 2020, which is Docket No. 570.  However, the moving papers do not contain any proof of service of the 2020 writ of execution showing service on AGC or any other party.

Since the evidence does not show that Plaintiffs served a wage garnishment order or a writ of execution on AGC through service on an officer or authorized agent for service of process at a correct address, the motion to enforce such orders against AGC should be denied for insufficient service of process.  Because the court will deny the motion to enforce orders based on insufficient service of process, Plaintiffs are not now entitled to relief they request, and the court determines that it is not necessary to address the claims for relief they have

made at this time.  The court will deny the motion without prejudice to Plaintiffs making a sufficient showing of service of process.

Appearances are required on 2/15/22, but counsel and self-represented parties must appear through Zoom for Government in accordance with the court's remote appearance instructions.

###

Date: February 16, 2022

Robert Kwan
United States Bankruptcy Judge