FILED & ENTERED

SEP 13 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DAVID A. WILSON,<br><br>Debtor. | Case No. 2:12-bk-16195-RK<br><br>Chapter 7<br><br>Adv. No. 2:12-ap-01317-RK<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF RECEIVER AND TEMPORARY RESTRAINING ORDER REGARDING REAL PROPERTY LOCATED AT 24352 SANTA CLARA AVENUE, DANA POINT, CA 92629** |
| THOMAS I. MCKNEW, IV, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID A. WILSON,<br><br>Defendant. | Hearing<br>Date:  September 13, 2022<br>Time:  2:30 p.m.<br>Place:  Courtroom 1675<br>(and via ZoomGov)<br>    Roybal Federal Building<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

    This adversary proceeding came on for hearing on September 13, 2022 before the undersigned United States Bankruptcy Judge on Judgment Creditor Thomas I. McKnew, IV's Motion for Appointment of Receiver and Temporary Restraining Order

-1-

Regarding Real Property Located at 24352 Santa Clara Avenue, Dana Point, CA 92629 (Docket No. 699).  Michael Wallin, of the law firm of Wallin & Russell, LLP, appeared for Movant Thomas I. McKnew, IV.  Roger B. Frederickson, of the law firm of Frederickson Hamilton, LLP, appeared for Respondent and Interested Party Beata Wilson.  Christopher A. Dias, Attorney at Law, appeared for Respondent David A. Wilson, Debtor.

Having considered the moving and opposing papers and the oral arguments of the parties, the court denies the motion without prejudice for the reasons stated in the court's tentative ruling posted on the court's website before the hearing (copy of text of the tentative ruling is attached hereto) and for the reasons stated on the record at the hearing.

IT IS SO ORDERED.

###

Date: September 13, 2022

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT – TENTATIVE RULING

Updated tentative ruling as of 9/9/22.

Regarding judgment creditors' motion for appointment of a receiver and temporary restraining order, the court must first address whether it has jurisdiction to appoint a receiver as 11 U.S.C. § 105(b) states: "Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title."  No party raised this jurisdictional question, but the court must examine its jurisdiction on its own.  This court has recently held by Judge Wallace that based on the plain language of 11 U.S.C. § 105(b), it does not have jurisdiction to appoint a receiver not just for the entire bankruptcy case, but any portion of the bankruptcy case, including adversary proceedings.  In re Halvorsen, 607 B.R. 680 (Bankr. C.D. Cal. 2019) (Wallace, J.).  However, the weight of authority construes 11 U.S.C. § 105(b) differently and holds that its language "a case under this title" applies to the entire bankruptcy case only as opposed to adversary proceedings.  In re Memorial Estates, Inc., 797 F.2d 516 (7th Cir. 1986); Craig v. McCarty Ranch Trust (In Cassidy Land & Cattle Co.), 836 F.2d 1130 (8th Cir. 1988); In re Kellogg-Taxe, No. 2:12-bk-51208-RN, 2014 WL 1329822 (Bankr. C.D. Cal. Mar. 28, 2014) (Neiter, J.); 2 Levin and Sommer, Collier on Bankruptcy, ¶ 105.06 (online edition 2022) (observing the legislative history of the 1978 Bankruptcy Code for Section 105(b) was not to allow circumvention of established procedures for administering a bankruptcy estate through appointment of trustees by appointing receivers).  Although the court is inclined to follow the weight of authority on this issue, the court felt it necessary to raise the issue since it is jurisdictional, and the parties should have the opportunity to address this jurisdictional issue.

The court is tentatively inclined to hold that it has jurisdiction under applicable state law to entertain a claim for relief to appoint a receiver to enforce the judgment under California Code of Civil Procedure §§ 564(b)(4) and 708.620 and Federal Rule of Civil Procedure 69(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7069.

However, the recent opinion of the California Court of Appeal in Medipro Medical Staffing LLC v. Certified Nursing Registry, Inc., 60 Cal.App.5th 622, 628 (2021) regarding appointment of receiver to enforce a money judgment is instructive: "Because the appointment of a receiver transfers property—or, in this case, a business—'out of the hands of its owners' and into the hands of a receiver, the appointment of a receiver is a very 'drastic,' 'harsh,' and costly remedy that is to be 'exercised sparingly and with caution.'" Id., citing inter alia, Golden State Glass Corp. v. Superior Court, 13 Cal.2d 384, 393 (1939).

The court in Medipro Staffing also stated: "Due to the 'extraordinary' nature of this remedy and the special costs it imposes, courts are strongly discouraged—although not strictly prohibited—from appointing a receiver unless the more intrusive oversight of a receiver is a 'necessity' because other, less intrusive remedies are either 'inadequate or

unavailable.'" *Id*. (citation omitted). The court further stated: "In light of the sheer number of enforcement mechanisms for collecting money judgments under the Enforcement of Judgments Law (which range from levies to liens to wage garnishment (§§ 695.010 et seq., 697.010 et seq., 699.010 et seq., 699.510 et seq., 706.020 et seq.); . . . appointment of a receiver is rarely a 'necessity' and, as a consequence, 'may not ordinarily be used for the enforcement of a simple money judgment.'" *Id*., citing inter alia, White v. White, 130 Cal. 597, 599, 62 P. 1062 (1900). Moreover, the court stated: "Instead, the appointment of a receiver to enforce a money judgment is reserved for 'exceptional' circumstances where the judgment creditor's conduct makes a receiver necessary—and hence 'proper.' This occurs when the judgment debtor has frustrated the judgment creditor's collection efforts through obfuscation or through otherwise contumacious conduct that has rendered feckless the panoply of less intrusive mechanisms for enforcing a money judgment." *Id*., citing inter alia, Bruton v. Tearle, 7 Cal.2d 48, 52, 59 P.2d 953 (1936) (debtor "entered into a conspiracy" with his employer to arrange wage payments in a manner that "defeat[ed] the collection" of judgment; receiver appropriate); City and County of San Francisco v. Daley, 16 Cal.App.4th 734, 744 (1993) (debtors transferred title of property "to avoid responsibility" and "thumb[ ] their noses" at creditor's inspection efforts; receiver appropriate).

"[S]ince a receivership is an equitable remedy, the equitable considerations in an injunction proceeding apply—i.e., there must be a showing of irreparable injury and inadequacy of other remedies." Edmon and Karnow, Rutter Group California Practice Guide: Civil Procedure Before Trial, ¶ 9:759 (online edition, June 2022 update), citing Alhambra-Shumway Mines, Inc. v. Alhambra Gold Mine Corp., 116 Cal.App.2d 869, 872, 254 P2d 599, 602 (1953).

As to the merits of the motion, the motion implicates the ownership rights of a nondebtor third party, debtor's spouse, Beata Wilson, who is now the sole title owner of the property and previously was a co-owner with the judgment debtor as joint tenants according to the real property profile submitted by the judgment creditors (Exhibit E). Maybe this is the exceptional situation where the judgment debtor has frustrated the judgment creditors' collection efforts by an alleged post-judgment voidable transfer, but the judgment debtor and the spouse assert that there was a benign reason for the transfer as part of their negotiations with the senior lender. Since the property was previously titled as joint tenancy, there is a factual issue as to the characterization of the property as community or noncommunity property that is not necessarily resolved by the judgment creditors' showing in their motion.

The court is inclined to deny the motion without prejudice because the relief sought to appoint a receiver is a drastic remedy, and in the court's view, there are unresolved issues regarding property characterization and the spouse's rights in the property. The spouse in her opposing papers asserts that much of the evidence in the motion was "stale and/or provided piecemeal and without context" (though the court notes that neither opposing party offered any evidence of their own).

The court believes that the judgment creditors' showing is inadequate at this time because: (1) proper title documents are lacking, i.e., there are no authenticated title documents showing title in the judgment debtor and the spouse, such as the deed showing how they acquired title, and title documents reflecting any change in their title until the quitclaim deed from the judgment debtor to the spouse, and the real property profile is unauthenticated evidence of title that is hearsay; (2) the evidence is inconclusive, if not, generally inadmissible, as to the danger of imminent foreclosure and sale by the senior lender based on the judgment debtor's statements in the excerpt from his judgment debtor examination to show irreparable injury; (3) the evidence is inconclusive as to whether there was a fraudulent transfer of the judgment debtor's interest in the property based on the judgment debtor's statements excerpted from his judgment debtor examination asserting benign reasons for the transfer; (4) the property characterization issues are unresolved, that is, the debtor's spouse might have had at least a 50% separate property joint tenancy interest not addressed in the motion (the moving papers assume that the property is community property); (5) the evidence is incomplete, and if not, inadmissible, regarding the valuation of the property and the liens and encumbrances on the property to show how much would be realized if a forced sale to enforce the judgment is conducted (a Redfin estimate of value is not competent evidence of value since the identity and qualifications of the Redfin appraiser are unknown, and a valuation opinion of a competent real property professional or appraiser is preferred, Federal Rule of Evidence 702), and there is no evidence of valuation of the liens and encumbrances on the property, i.e., account statements or payoff amounts from lenders); and (6) the showing of necessity to sell the property without compliance with statutory provisions otherwise applicable to execution sales under California Code of Civil Procedure § 699.070(c) is not met here as the evidence that a foreclosure and sale by the senior lender is inadequate.  See Local Bankruptcy Rule 9013-1(i)(factual contentions in motions must be supported by admissible evidence).  The judgment creditors will need to address these issues in an amended motion before the court would consider granting relief to appoint a receiver.

The court is inclined to sustain the objections of Beata Wilson to the declaration of Thomas McKnew for on the grounds of lack of personal knowledge or foundation and hearsay, but deny the motion to strike portions of the motion for lack of legal authority.

The court is also inclined to deny the motion for temporary restraining order prohibiting the debtor and his agents from engaging in or assisting further transfers as the judgment creditors are protected by their previously recorded judgment lien pursuant to California Code of Civil Procedure § 697.310(a) and a restraining order against the debtor and his agents would be ineffective since he already transferred his interest in the property.

However, the court agrees with the judgment creditors that they are not required to bring an independent action to avoid the transfer to the spouse as they may rely upon California Civil Code § 3439.07 to levy execution on the property.

Moreover, the court also agrees with the judgment creditors that property subject to their real property judgment lien that is transferred or encumbered without satisfaction of the lien remains subject to the lien. California Code of Civil Procedure § 697.390(a); see also, Longview International, Inc. v. Stirling, 35 Cal.App.5th 991 (2019); Dieden v. Schmitt, 104 Cal.App.4th 645, 651 (2002).

Appearances are required on 9/13/22, but counsel and self-represented parties must appear in person or remotely through Zoom for Government in accordance with the court's remote appearance instructions.